**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JOHN A. GENOVESE, Individually And On Behalf of All Others Similarly Situated, | ) ) ) | C.A. No: 08-7831 |
| Plaintiff, | ) ) | |
| vs. | ) ) | CLASS ACTION |
| STEPHEN B. ASHLEY, DANIEL H. MUDD, STEPHEN M. SWAD and ROBERT J. LEVIN, | ) ) ) | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | ) ) ) | |
| ROBERT M. ROLLINS, Individually and On Behalf Of All Others Similarly Situated, | ) ) ) | C.A. No: 08-7938 |
| Plaintiff, | ) ) | |
| vs. | ) ) | CLASS ACTION |
| LEHMAN BROTHERS, INC.; J.P. MORGAN SECURITIES, INC.; and CITIGROUP GLOBAL MARKETS, INC., | ) ) ) ) | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | ) ) | |

(captions continued . . .)

**MEMORANDUM OF LAW IN SUPPORT OF FOGEL CAPITAL
MANAGEMENT, INC. AND THE SNOW FAMILY'S MOTION
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
<u>APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL</u>**

| | |
|---|---|
| NICHOLAS CRISAFI and STELLA CRISAFI, TRUSTEES FBO THE CRISAFI INTER VIVOS TRUST, Individually and On Behalf Of All Others Similarly Situated, | )<br>)<br>)<br>)<br>) C.A. No: 08-8008<br>) |
| Plaintiffs, | )<br>) CLASS ACTION<br>) |
| vs. | )<br>) JURY TRIAL DEMANDED<br>) |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, CITIGROUP GLOBAL MARKETS INC., MORGAN STANLEY & CO. INCORPORATED, UBS SECURITIES LLC, WACHOVIA CAPITAL MARKETS LLC, STEPHEN B. ASHLEY, DANIEL H. MUDD, STEPHEN M. SWAD, and ROBERT J. LEVIN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| FOGEL CAPITAL MANAGEMENT, INC., On Behalf Of Itself And All Others Similarly Situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) C.A. No: 08-8096<br>) |
| vs. | )<br>)<br>) |
| FEDERAL NATIONAL HOME MORTGAGE ASSOCIATION, STEPHEN ASHLEY, DENNIS BERESFORD, LOUIS FREEH, BRENDA GAINES, FREDERICK B. HARVEY, III, DAVID HISEY, KAREN HORN, ROBERT LEVIN, BRIDGET MACASKILL, DANIEL MUDD, PETER NICULESCU, LESLIE RAHL, JOHN SITES, JR., GREG SMITH, STEPHEN SWAD, H. PATRICK SWYGERT, and JOHN WULFF, | )<br>) CLASS ACTION<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

(captions continued . . .)

| | |
|---|---|
| DENNIS SANDMAN, Individually and On Behalf Of All Others Similarly Situated, | ) ) ) |
| | C.A. No: 08-8353 |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| | CLASS ACTION |
| J.P. MORGAN SECURITIES, INC., LEHMAN BROTHERS, INC., BANC OF AMERICA SECURITIES LLC, MERRILL LYNCH PIERCE, FENNER & SMITH, INC., GOLDMAN SACHS & CO., STEPHEN B. ASHLEY, DANIEL H. MUDD, STEPHEN M. SWAD, and ROBERT J. LEVIN, | ) ) ) ) ) ) ) ) ) |
| | JURY TRIAL DEMANDED |
| Defendants. | ) ) |
| KAREN ORKIN, individually and on Behalf of all others similarly situated, | ) ) ) |
| | C.A. No: 08-8488 |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| | CLASS ACTION |
| MERRILL LYNCH PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS, INC., MORGAN STANLEY & CO. INCORPORATED, UBS SECURITIES LLC, and WACHOVIA CAPITAL MARKETS, LLC, | ) ) ) ) ) ) ) |
| | JURY TRIAL DEMANDED |
| Defendants. | ) ) |

(captions continued . . .)

| | |
|---|---|
| BRIAN JARMAIN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) ) C.A. No: 08-8491 |
| vs. | ) ) ) CLASS ACTION |
| MERRILL LYNCH PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS, INC., MORGAN STANLEY & CO. INCORPORATED, UBS SECURITIES LLC, WACHOVIA CAPITAL MARKETS, LLC, STEPHEN B. ASHLEY, DANIEL H. MUDD, STEPHEN M. SWAD, and ROBERT J. LEVIN, | ) ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| MALKA KRAUSZ, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) C.A. No: 08-8519 |
| vs. | ) ) ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION A.K.A. FANNIE MAE, DANIEL H. MUDD, STEPHEN M. SWAD, LEHMAN BROTHERS INC., MERRILL LYNCH PIERCE, FENNER & SMITH, INCORPORATED, GOLDMAN, SACHS & CO. and J.P. MORGAN SECURITIES, INC., | ) CLASS ACTION ) ) ) ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) ) ) |

(captions continued . . .)

| | |
|---|---|
| DONALD W. MCCAULEY JR., individually and on behalf of all others similarly situated, | ) ) ) C.A. No: 08-8520 |
| Plaintiff, | ) ) |
| v. | ) CLASS ACTION ) |
| MERRILL LYNCH PIERCE, FENNER & SMITH, INC., and GOLDMAN, SACHS & CO., | ) ) JURY TRIAL DEMANDED |
| Defendants. | ) ) ) |
| DAVID L. FRANKFURT, the FRANKFURT FAMILY LTD., THE DAVID FRANKFURT 2000 FAMILY TRUST, and THE DAVID FRANKFURT 2002 FAMILY TRUST, Individually and On Behalf of All Others Similarly Situated, | ) ) ) C.A. No: 08-8547 ) ) ) ) |
| Plaintiffs, | ) CLASS ACTION ) |
| vs. | ) JURY TRIAL DEMANDED ) |
| LEHMAN BROTHERS, INC., MERRILL LYNCH PIERCE, FENNER & SMITH, INC., J.P. MORGAN SECURITIES, INC., GOLDMAN, SACHS & CO., STEPHEN B. ASHLEY, DANIEL H. MUDD, STEPHEN M. SWAD, and ROBERT J. LEVIN, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

(captions continued . . .)

| | |
|---|---|
| CHERYL STRONG and WILLIAM BERMAN, **o**n behalf of themselves and all others similarly situated, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| vs. | ) ) |
| WACHOVIA CAPITAL MARKETS, LLC, and WACHOVIA SECURITIES, LLC, | ) ) ) |
| | ) |
| Defendants. | ) ) |
| | ) |
| STEPHEN H. SCHWEITZER and LINDA P. SCHWEITZER, individually and on behalf of all others similarly situated, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| vs. | ) ) |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; GOLDMAN, SACHS & CO.; JPMORGAN SECURITIES, INC., BANC OF AMERICA SECURITIES, LLC; BEAR, STEARNS, & CO., INC.; CITIGROUP GLOBAL MARKETS, INC.; DEUTSCHE BANK SECURITIES, INC., MORGAN STANLEY & CO., INC.; UBS SECURITIES, LLC; STEPHEN B. ASHLEY; DANIEL H. MUDD; STEPHEN M. SWAD; and ROBERT J. LEVIN, | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) ) ) ) |

C.A. No: 08-8551

CLASS ACTION

JURY TRIAL DEMANDED

C.A. No: 08-8609

CLASS ACTION

JURY TRIAL DEMANDED

(captions continued . . .)

| | | |
|---|---|---|
| LYNN and STEVEANN WILLIAMS, on behalf of themselves and all others similarly situated, | ) ) ) | C.A. No: 08-8676 |
| Plaintiffs, | ) ) | |
| v. | ) ) | CLASS ACTION |
| STEPHEN B. ASHLEY, DANIEL H. MUDD, STEPHEN M. SWAD, ROBERT J. LEVIN, DENNIS R. BERESFORD, LOUIS J. FREEH, BRENDA J. GAINES, KAREN N. HORN, BRIDGET A. MACASKILL, LESLIE RAHL, JOHN C. SITES, GREG C. SMITH, PATRICK SWYGERT, and JOHN K. WULFF, | ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| HILDA GORDON, on behalf of herself and all others similarly situated, | ) ) ) | C.A. No: 08-81007 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CLASS ACTION |
| STEPHEN B. ASHLEY, DANIEL H. MUDD, DENNIS R. BERESFORD, LOUIS J. FREEH, BRENDA J. GAINES, FREDERICK B. HARVEY, III, KAREN N. HORN, BRIDGET A. MACASKILL, LESLIE RAHL, JOHN C. SITES, JR., STEPHEN SWAD, GREG C. SMITH, ROBERT J. LEVIN, THOMAS LUND, H. PATRICK SWYGERT, JOHN K. WULFF, | ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

<u>**TABLE OF CONTENTS**</u>

<u>**PAGE NO.**</u>

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ................................................................................................ 1

PROCEDURAL BACKGROUND ........................................................................ 2

STATEMENT OF FACTS ................................................................................... 3

ARGUMENT ...................................................................................................... 5

I. THE ACTIONS SHOULD BE CONSOLIDATED ........................................... 5

II. FOGEL CAPITAL MANAGEMENT, INC. AND THE SNOW FAMILY SHOULD BE APPOINTED LEAD PLAINTIFF .................................................................. 6

  A. The Procedure Required by the PSLRA .................................................. 6

  B. Movants Satisfy the "Lead Plaintiff" Requirements of the PSLRA .................................................................. 7

    1. Movants Have Complied with the PSLRA and Should Be Appointed Lead Plaintiff .................................... 7

    2. Movants Have the Largest Financial Interest in the Relief Sought by the Class .................................. 8

    3. Movants Otherwise Satisfy Rule 23 ........................................... 9

III. THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL .............................................................................. 11

CONCLUSION ................................................................................................... 12

i

# TABLE OF AUTHORITIES

## CASES

Page(s)

In re AMF Bowling Securities Litigation,
99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949
(S.D.N.Y. Mar. 25, 2002) ...................................................................................................10

Bassin v. Decode,
04 Civ. 7050, 2005 U.S. Dist. LEXIS 51
(S.D.N.Y. Jan. 3, 2005) .........................................................................................................8

Bishop v. New York City Department of Housing Preservation and Development,
141 F.R.D. 229 (S.D.N.Y. 1992) ........................................................................................10

In re Cavanaugh,
306 F.3d 726 (9th Cir. 2002) ................................................................................................7

In re Century Business Services Securities Litigation,
202 F.R.D. 532 (N.D. Ohio 2001) .......................................................................................5

Ferrari v. Impath,
03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898
(S.D.N.Y. July 15, 2004) ......................................................................................................9

Fischler v. Amsouth Bancorporation,
96 Civ. 1567, 1997 U.S. Dist. LEXIS 2875
(M.D. Fla. Feb. 6, 1997) ...................................................................................................9, 10

Greebel v. FTP Software,
939 F. Supp. 57 (D. Mass. 1996) .........................................................................................7

Johnson v. Celotex Corporation,
899 F.2d 1281 (2d Cir. 1990),
cert. denied, 498 U.S. 920 (1990) .........................................................................................6

Lax v. First Merchants Acceptance Corporation,
97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866
(N.D. Ill. Aug. 11, 1997) ...............................................................................................5, 8, 9

In re Livent, Inc. Noteholders Securities Litigation,
210 F.R.D. 512 (S.D.N.Y. 2002) ........................................................................................11

Malasky v. IAC/Interactive Corporation,
    04 Civ. 7447, 2004 U.S. Dist. LEXIS 25832 (S.D.N.Y. Dec. 21, 2004) ...............................5

Pinkowitz v. Elan Corp., PLC,
    No. 02 Civ. 865 (WK), 2002 WL 1822118, at *3-4 (S.D.N.Y. Jul. 29, 2002)........................5

Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. LaBranche & Co.,
    Inc.,
    229 F.R.D. 395 (S.D.N.Y. 2004) ............................................................................................8

Sczesny Trust v. KPMG LLP,
    223 F.R.D. 319 (S.D.N.Y. 2004) ............................................................................................9

In re Sumitomo Copper Litigation,
    194 F.R.D. 480 (S.D.N.Y. 2000) ..........................................................................................10

In re Sumitomo Copper Litigation,
    182 F.R.D. 85 (S.D.N.Y. 1998) ............................................................................................10

Takeda v. Turbodyne Technologies, Inc.,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) ....................................................................................5

Zaltzman v. Manugistics Group, Inc.,
    98 Civ. 1881, 1998 U.S. Dist. LEXIS 22867
    (D. Md. Oct. 8, 1998) ...........................................................................................................10

**STATUTES**

Private Securities Litigation Reform Act of 1995
    15 U.S.C. § 78u-4 ........................................................................................................ passim

Federal Rules of Civil Procedure
    § 23(a)......................................................................................................................... passim
    § 42(a)........................................................................................................................................6

**MEMORANDUM OF LAW IN SUPPORT OF FOGEL CAPITAL
MANAGEMENT, INC. AND THE SNOW FAMILY'S MOTION
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Fogel Capital Management, Inc. and the Snow Family, consisting of husband and wife

William J. Snow, III, and Betty Sue Snow (collectively "Movants") submit this memorandum of

law in support of their motion for: (i) consolidation of the actions referenced in the instant

captions (the "Actions"); (ii) appointment as Lead Plaintiff, pursuant to Section 21D of the

Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities

Litigation Reform Act of 1995 (the "PSLRA"); and (iii) appointment of Wolf Haldenstein Adler

Freeman & Herz LLP ("Wolf Haldenstein") and Gainey & McKenna as Lead Counsel.

## INTRODUCTION

The Actions are securities class actions brought against certain officers and directors of

the Federal National Home Mortgage Association ("Fannie Mae" or the "Company"), for

violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder,

and against certain underwriters of Fannie Mae securities for violations of Section 12(2) of the

1933 Act, on behalf of a class (the "Class") consisting of all persons, other than defendants, who

acquired Fannie Mae securities between November 9, 2007, and September 11, 2008, inclusive

(the "Class Period")[1] to recover damages caused by defendants' violations of the federal

securities laws.

During the Class Period, the defendants issued to the investing public false and

misleading financial statements and press releases concerning the Company's

undercapitalization, even as it raised billions of dollars in capital via preferred stock offerings.

---

[1] The Class Period encompasses the most expansive period set out in each of the individual actions
comprising the Actions.

These false statements caused the Company's stock to trade at artificially high levels. Federal regulators, concerned about the continued undercapitalization of Fannie Mae and worried of an imminent collapse, seized control of Fannie Mae and placed it into a conservatorship as part of the largest government bailout in history. The result of the Government's action was that the Company's already beleaguered stock price plummeted another 90% wiping out almost all shareholder value in the Company.

Fogel Capital Management, Inc. is an institutional investor. The Snow Family are individual investors. During the Class Period, Movants purchased 28,058 shares of Fannie Mae securities and sustained losses of approximately $580,000 as a result of defendants' misconduct. As a result, Movants believe that they suffered the largest financial interest in the litigation of any movant and otherwise qualify as the most qualified Lead Plaintiff.

Apart from the substantial monetary loss suffered by Movants, they exemplify the type of Lead Plaintiff Congress envisioned when crafting the PSLRA. They executed accurate and fulsome certifications detailing their transactions in Fannie Mae securities during the Class Period. They have also indicated their willingness to serve as Lead Plaintiff and to serve on behalf of the Class and work closely with their selected counsel, Wolf Haldenstein and Gainey & McKenna, during the prosecution of this litigation. Accordingly, this Court should grant Movants' application seeking an order appointing themselves Lead Plaintiff, as well as approval of their selection of Wolf Haldenstein and Gainey & McKenna as Lead Counsel for themselves and the Class as set forth herein.

## PROCEDURAL BACKGROUND

On September 8, 2008, plaintiff in the Genovese action filed a complaint against the Company and certain of its officers and directors. On September 18, 2008, plaintiff, and current

Movant, Fogel Capital Management, Inc. filed a complaint against the Company and certain of its officers and directors. The Fogel complaint alleges a class period of November 9, 2007, to September 5, 2008, inclusive. Twelve additional complaints were commenced arising out of the same facts, including one filed in the United States District Court for the Southern District of Florida and four filed in the Supreme Court of the State of New York.

Pursuant to the strictures of the PSLRA, on September 8, 2008, notice was caused to be published by plaintiff in the Genovese action over a nationally recognized newswire advising the Class that an investor initiated a lawsuit against the Company and certain of its officers and directors.

In accordance with the PSLRA, Fogel Capital Management, Inc. and the Snow Family now timely move to be appointed Lead Plaintiff in the consolidated actions and for Wolf Haldenstein and Gainey & McKenna to be appointed as Lead Counsel.

## STATEMENT OF FACTS[2]

Fannie Mae was created by the federal government in 1938, in the aftermath of the "great depression" when millions of families could not become homeowners, or risked losing their homes, for lack of a consistent supply of mortgage funds across the country.

Pursuant to the 1968 Charter Act, Fannie Mae became a privately owned company operating with private capital on a self-sustaining basis. Its role was expanded to buy mortgages beyond Federal Hosuing Administration-insured mortgages, thereby reaching out to a broader cross-section of Americans. Fannie Mae's securities are not guaranteed by the U.S. government and Fannie Mae's business is self-sustaining and funded exclusively with private capital

---

[2] All facts are from the complaint styled *Fogel Capital Management, Inc., v. Federal National Home Mortgage Association, et al.*, 08cv8098, pending in this District, which was initiated by Movant Fogel Capital Management, Inc.

In 1992, the Federal Housing Enterprises Financial Safety and Soundness Act (the "1992 Act") was enacted to modernize the regulatory framework applicable to Fannie Mae. Regulatory responsibility was given to a newly created Office of Federal Housing Enterprise Oversight (OFHEO) within the United States Department of Housing and Urban Development (HUD). The new law included modernized capital standards and new affordable housing goals for Fannie Mae. The 1992 Act capital requirements include minimum and critical capital requirements calculated as specified percentages of Fannie Mae's assets and off-balance sheet obligations, such as outstanding guaranties. The 1992 Act gives OFHEO the authority, after following prescribed procedures, to appoint a conservator if Fannie Mae does not meet its capital requirements.

The market downturn that began in 2006, causing significant disruptions in the housing, mortgage and credit markets, adversely affected Fannie Mae's regulatory capital position and led the Company to suffer in 2007 a decrease of $2.2 billion in net interest income, an increase of $2.8 billion in its provision for credit losses, and an increase of $5.1 billion in market-based valuation losses.

Throughout the Class Period, defendants filed numerous financial statements and reports with the SEC that described the Company's alleged financial performance in both a false and overly positive light. These public statements were materially false and misleading because defendants failed to disclose that the Company lacked sufficient capitalization and liquidity even as it raised billions of dollars in the equity market. As a consequence, the worsening housing and credit markets placed additional strain on the Company's ability to meet its capital requirements and directly led to the takeover of the Company by federal regulators.

As a result of the foregoing, the Company overstated financial results and concealed from the investing public, including Movants and other members of the Class, the Company's precarious financial condition and inflated the Company's reported net worth. Defendants improperly accounted for Fannie Mae's investments, deferred tax assets and guaranty obligations, thus overstating the Company's assets and understating its liabilities in order to escape having to report the Company's net worth below the minimum capital amount required by regulators. Concomitantly, the Company's stock traded at artificially inflated levels during the Class Period.

On September 7, 2008, federal regulators placed Fannie Mae in conservatorship. Stories in the press revealed the true financial condition of the Company and prompted the Company's stock to decline precipitously and caused stockholders to suffer substantial financial damage. Lawsuits ensued.

## ARGUMENT

### I.      The Actions Should Be Consolidated

The Actions involve class action claims on behalf of all purchasers of Fannie Mae securities during the Class Period that assert similar and essentially overlapping class claims. [3]

---

[3] The slight differences among class periods do not pose an obstacle to consolidation. See e.g., Malasky v. IAC/Interactive Corp, 04 Civ. 7447, 2004 U.S. Dist. LEXIS 25832, at *6 (S.D.N.Y. Dec. 21, 2004) ("Although some of the complaints identify the class period as commencing on July 19, 2001 while the others identify the commencement date as March 19, 2003, all of the complaints rest on the same fundamental allegations that defendants released fraudulent press releases . . ."); In re Century Bus. Servs. Sec. Litig., 202 F.R.D. 532, 537 (N.D. Ohio 2001) (consolidating actions alleging varying class periods); Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129 (C.D. Cal. 1999) (same); Lax v. First Merchants Acceptance Corp., 97 Civ 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) (same). Pinkowitz v. Elan Corp., PLC, No. 02 CIV. 865(WK), 2002 WL 1822118, at *3-4 (S.D.N.Y. July 29, 2002) (finding consolidation of actions alleging Exchange Act claims with an action alleging Securities Act (continued…)

Consolidation is appropriate where, as here, there are actions involving common questions of law or fact.  See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990).  The consolidation test has been met and it is highly unlikely that defendants will take a counter position.  Accordingly, consolidation is appropriate.

## II.     Fogel Capital Management, Inc. and the
Snow Family Should Be Appointed Lead Plaintiff

### A.     The Procedure Required by the PSLRA

The PSLRA established procedures that govern the appointment of a lead plaintiff in "each action arising under the [1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).[4]

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Here, notice of a related action was published via Business Wire on September 8, 2008.  See Bruckner Decl., Ex. 1

Second, within 60 days after publication of the first notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed lead plaintiff, whether or not they previously filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A) and (B).

Third, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member

_____

(…continued)

claims to be proper due to common questions of law and fact).  These, and any other differences, will be mooted by the filing of an amended complaint by the Lead Plaintiff.

[4] The same procedures are applicable to cases arising out of the 1933 Act.  See 1933 Act § 27 (a)(1), et seq.

or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa)     has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).  See also In re Cavanaugh, 306 F.3d 726, 729 n.2 (9th Cir. 2002): "The Act sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff."  Nevertheless, the Court may consider other factors in addition to the size of the loss.  These considerations include whether under Rule 23, the candidate is a typical and adequate representative.  Moreover, even if a movant does not have the largest loss *per se*, it may rebut the presumption afforded the larger stockholder by demonstrating that the larger stockholder does not satisfy Rule 23 or that the movant is otherwise more adequate.

**B.     Movants Satisfy the
        "Lead Plaintiff" Requirements of the PSLRA**

**1.     Movants Have Complied with
        the PSLRA and Should Be Appointed Lead Plaintiff**

Pursuant to the provisions of the PSLRA, Movants timely moved to be appointed lead

plaintiff.[5]   Movants signed and filed certifications stating that: (i) they have reviewed the complaint filed in this action; and (ii) are willing to serve as a representative party on behalf of the Class.  See Bruckner Decl., Ex. 3, 4.  In addition, Movants selected and retained experienced and competent counsel to represent themselves and the Class.  See Bruckner Decl., Ex. 6, 7.

Accordingly, Movants satisfy the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and selection of counsel, as set forth herein, considered and approved by the Court.

### 2.    Movants Have the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.   "In light of the PSLRA's silence in prescribing a method for assessing a movant's financial interest, courts have examined several factors such as: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." Bassin v. Decode, 04 Civ. 7050, 2005 U.S. Dist. LEXIS 51, at *8 (S.D.N.Y. Jan. 3, 2005).  See also Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc., 03 Civ. 8264, 2004 U.S. Dist. LEXIS 9571, at *7 (S.D.N.Y. May 27, 2004) (quoting Lax v. First Merchants Acceptance Corp., 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997)); Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); Ferrari v. Impath, 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *4 (S.D.N.Y. July 15, 2004).

---

[5] November 7, 2008, is the 60th day after publication of the first notice.

During the Class Period, as evidenced by the accompanying signed certifications, Movants acquired 28,058 shares of Fannie Mae securities and suffered $579,261.72 in losses as a result of Defendants' misconduct. Movants therefore have the most significant financial interest in this case. Movants have not received notice of any other lead plaintiff applicant that has sustained greater financial losses in connection with the purchase and/or sale of the Company's securities.

### 3. Movants Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Lax, 1997 U.S. Dist. LEXIS 11866, at *20; Fischler v. Amsouth Bancorporation, 96 Civ. 1567, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); Zaltzman v. Manugistics Group, Inc., 98 Civ. 1881, 1998 U.S. Dist. LEXIS 22867, at *20 (D. Md. Oct. 8, 1998).

Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff.  Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  See In re AMF Bowling Securities Litigation, No. 99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949, *12 (S.D.N.Y. Mar. 26, 2002); In re Sumitomo Copper Litigation, 194 F.R.D. 480, 482 (S.D.N.Y. 2000).  However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality.  See In re AMF Bowling Securities Litigation, 2002 U.S. Dist. LEXIS 4949.  Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

Bishop v. New York City Dep't of Hous. Pres. and Dev., 141 F.R.D. 229, 238 (S.D.N.Y. 1992).

See also In re Sumitomo Copper Litigation, 182 F.R.D. 85, 92 (S.D.N.Y. 1998) (Noting that "[i]t is well settled in this Circuit that factual differences in the amount of damages, date, size or manner of purchase, the type of purchaser, the presence of both purchasers and sellers, and other such concerns will not defeat class action certification when plaintiffs allege that the same unlawful course of conduct affected all members of the proposed class.")

Movants seek to represent a class of all persons, other than Defendants, who acquired Fannie Mae securities during the Class Period, who have identical, non-competing and non-conflicting interests.  Movants satisfy the typicality requirement because they: (i) acquired Fannie Mae securities during the Class Period; (ii) at a price allegedly artificially inflated as a result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby.  Thus, typicality is satisfied since the claims asserted by Movants arise from the same event or

course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. In re Livent, Inc. Noteholders Securities Litigation, 210 F.R.D. 512, 516 (S.D.N.Y. 2002).

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. In re Livent, 210 F.R.D. at 512.

Movants are adequate representatives of the class. As evidenced by the injuries they suffered, Movants' interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between their interests and those of the proposed class. In addition, Movants' proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movants prima facie satisfy the commonality, typicality and adequacy requirements of Rule 23.

Movants, therefore, satisfy all of the PSLRA's prerequisites and the practices of this judicial district for appointment as Lead Plaintiff and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B), of a class consisting of all persons, other than defendants, who acquired Fannie Mae securities between November 9, 2007, and September 11, 2008, inclusive.

III.    **The Court Should Approve Movants' Choice Of Counsel**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. Movants have selected and retained Wolf Haldenstein and Gainey and McKenna to serve as Lead Counsel for the Class. Wolf Haldenstein has extensive experience in successfully prosecuting complex

securities actions and has frequently appeared in major actions in this and other courts. *See* Bruckner Decl., Ex. 6. Gainey & McKenna also has extensive experience in class action and complex cases and Mr. McKenna has litigated numerous cases during his career. *See* Bruckner Decl., Ex. 7.

Because there is nothing to suggest that Movants or their counsel will not fairly and adequately represent the Class, or that Movants are subject to unique defenses – which is the *only* evidence that can rebut the presumption of adequacy under the PSLRA – this Court should appoint Movants as Lead Plaintiff and approve Wolf Haldenstein and Gainey and McKenna as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movants requests that the Court: (i) consolidate the above-captioned actions; (ii) appoint Movants as Lead Plaintiff in the Action; and (ii) approve Movants' selection of Wolf Haldenstein and Gainey & McKenna as Lead Counsel for the Class.

Dated:  November 7, 2008
       New York, New York

                    Respectfully submitted,

                    **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

                    By: _____/s/_____
                    Gregory M. Nespole (GN 6820)
                    Gustavo Bruckner (GB 7701)
                    Martin Restituyo (MR 0856)
                    270 Madison Avenue
                    New York, New York 10016
                    Telephone:  212-545-4600
                    Facsimile:  212-545-4653
                    Email: Nespole@whafh.com
                    Email: Bruckner@whafh.com
                    Email: Restituyo@whafh.com

**GAINEY & MCKENNA**
Thomas J. McKenna
295 Madison Avenue, 4th Floor
New York, NY 10017
Telephone: (212) 983-1 300
Facsimile: (212) 983-0383
Email: tjmckenna@gaineyandmckenna.com
        tjmlaw2001@yahoo.com

**Proposed Lead Counsel**