```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :
In re FANNIE MAE 2008 SECURITIES                        :    1:08-cv-07831-GEL
LITIGATION                                              :
                                                        :    ORDER
                                                        :
------------------------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/09

**GERARD E. LYNCH, <u>District Judge</u>:**

  A conference involving counsel in all matters related to the above-captioned action was held on February 13, 2009. On the basis of the submissions of the parties, and for the reasons stated on the record at the February 13 conference, the following is hereby ordered:

A. <u>Consolidation</u>

  1. The actions listed on the annexed schedule under the heading "Schedule of Fannie Mae Securities Actions," as well as any other action pertaining to Fannie Mae, now pending before, hereafter filed in, or hereafter transferred to this Court, including the actions transferred to this Court pursuant to the order of the Judicial Panel of Multidistrict Litigation dated February 11, 2009, brought under the federal securities laws or state laws relating to the issuance, purchase or sale of securities ("Fannie Mae Securities Actions") are consolidated for pretrial purposes in the manner described below (the "Consolidated Securities Action").

  2. The Clerk of this Court shall file a copy of this Order in the separate file for each of the Fannie Mae Securities Actions. Unless otherwise ordered by this Court, future filings in any Fannie Mae Securities Action herein consolidated shall be filed and docketed only under 1:08-cv-07831-GEL. All counsel who have entered appearances in any of the actions listed on the attached schedule shall be deemed to have entered an appearance in the Consolidated Securities Action under the docket 1:08-cv-07831-GEL. All motions for admission pro hac vice and all orders granting such motions in any case listed on the annexed schedule shall also be deemed filed in the Consolidated Securities Action under the docket 1:08-cv-07831-GEL.

  3. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation. Any action involving substantially related questions of law and fact hereafter filed in or transferred to this Court shall be consolidated under the master file number assigned to this case.

  4. Every pleading filed in the Consolidated Securities Action shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
In re FANNIE MAE 2008 SECURITIES                       :   1:08-cv-07831-GEL
LITIGATION                                             :
                                                       :
                                                       :
------------------------------------------------------ x
```

B.  Appointment of Lead Plaintiffs and Scheduling

5.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), Tennessee Consolidated Retirement System ("TCRS") is appointed Lead Plaintiff on behalf of the Preferred Shareholder Class ("Preferred Shareholder Lead Plaintiff").

6.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), Massachusetts Pension Reserves Investment Management Board ("PRIM") and the Boston Retirement Board ("Boston") (collectively, the "Massachusetts Public Pension Funds") are appointed Lead Plaintiff on behalf of the Stockholder Class ("Stockholder Lead Plaintiff") (collectively, Preferred Shareholder Lead Plaintiff and Stockholder Lead Plaintiff, "Lead Plaintiffs").

7.  The Court approves the Preferred Shareholder Lead Plaintiff's selection of Kaplan Fox & Kilsheimer LLP as Lead Counsel for the Preferred Shareholder Class ("Lead Counsel for Preferred").

8.  The Court approves the Stockholder Lead Plaintiff's selection of Labaton Sucharow LLP and Berman DeValerio as Lead Counsel for the Stockholder Class ("Lead Counsel for the Common").

9.  Lead Plaintiffs shall file a Joint Consolidated Complaint ("Joint Complaint") within 45 days of the entry of this Order.

10. With respect to any claims in the Joint Complaint brought under the Securities Act of 1933 (the "Securities Act"), Defendants shall have 20 days from the filing of the Joint Complaint to move or otherwise respond. Any motion to dismiss claims brought under the Securities Act shall be made initially on grounds that Fannie Mae's securities are "exempt" from the Securities Act. Such a motion shall not preclude any defendant from filing a motion to dismiss other claims in the Joint Complaint pursuant to Paragraph 14 of this Order.

11. Lead Plaintiffs shall respond to any motion to dismiss claims brought under the Securities Act within 30 days of the filing of the motion(s).

12. Defendants shall reply to Lead Plaintiffs' response within 15 days of the filing of Lead Plaintiffs' response.

13. To the extent any motion to dismiss on exemption grounds is denied, Defendants will be afforded an opportunity to make additional arguments for the dismissal of claims brought under the Securities Act on a schedule and in a manner prescribed by this Court.

14. With respect to any claims other than Securities Act claims asserted in the Joint Complaint, Defendants shall have 45 days from the filing of the Joint Complaint to move or otherwise respond.

15. If any defendant moves to dismiss the non-Securities Act claims asserted in the Joint Complaint, Lead Plaintiffs shall respond to such motion within 45 days of the filing of defendant(s)' motion(s).

16. Defendants shall reply to Lead Plaintiffs' response(s), joint or individual, within 30 days of the filing of Lead Plaintiffs' response(s).

17. Pursuant to the Court's Individual Practice Rules, courtesy copies of motions or responses need not be provided to Chambers at the time of filing. When the reply or replies are served and filed, the moving party(ies) shall supply two courtesy copies of all motion papers to Chambers.

18. Pending filing and service of the Joint Complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the original complaints in the Fannie Mae Securities Actions or any complaint in any action subsequently consolidated with them.

19. The original complaints in the Fannie Mae Securities Actions shall be deemed withdrawn and shall be dismissed 10 business days after the filing of the Joint Complaint, unless the plaintiff(s) that initially filed an original complaint, no later than 10 business days after the filing of the Joint Complaint (or if the date for filing of the Joint Complaint is extended by further order of this Court, within 10 business days after the adjourned filing date) shows cause why that plaintiff(s)' original complaint should not be dismissed. Any such application shall be captioned with both the name of the particular action to which the application applies and this consolidated action (1:08-cv-07831-GEL), and docketed and filed both under its individual docket number and under the docket number for the Consolidated Securities Action. Any defendant named in one of the original complaints that is dismissed pursuant to this provision is also dismissed from the Fannie Mae Securities Actions. To the extent any party is named as a defendant in the Joint Complaint or an amendment thereto, the dismissal of a defendant from the Fannie Mae Securities Actions shall have no effect on whether such person is or remains a defendant in this consolidated action (1:08-cv-07831-GEL).

20. Discovery in the Consolidated Securities Action is stayed, pursuant to 15 U.S.C. § 77z-(1)(b)(I) and 15 U.S.C. § 78u-4(b)(3)(B).

21. In issuing this order, the Court makes no ruling and expresses no opinion on any class certification issues, and defendants reserve all rights to oppose certification of the Preferred Shareholder Class and/or the Stockholder Class.

22. This order disposes of all motions for consolidation, appointment of lead plaintiff, or other miscellaneous relief that have been filed in the Fannie Mae Securities Actions.

Therefore, the Clerk of the Court is directed to close out all motions in those cases for purposes of all internal statistical reports.

Lead Counsel for the Common and Preferred shall also serve a copy of this signed Order on counsel for all parties in the Fannie Mae Securities Actions.

SO ORDERED.

Dated: New York, New York
       April 16, 2009

_____
GERARD E. LYNCH
United States District Judge

## **SCHEDULE OF FANNIE MAE SECURITIES ACTIONS**

*Genovese v. Ashley, et al.*, No. 08 Civ. 7831 (GEL) (S.D.N.Y.)

*Rollins v. Lehman Brothers Inc., et al.*, No. 08 Civ. 7938 (GEL) (S.D.N.Y.)

*Crisafi, et al. v. Merrill Lynch, Pierce, Fenner & Smith Inc., et al.*, No. 08 Civ. 8008 (GEL) (S.D.N.Y.)

*Fogel Capital Management Inc. v. Fed. Nat'l Mortgage Ass'n, et al.*, No. 08 Civ. 8096 (GEL) (S.D.N.Y.)

*Sandman v. J.P. Morgan Securities Inc., et al.*, No. 08 Civ. 8353 (GEL) (S.D.N.Y.)

*Orkin v. Merrill Lynch, Pierce, Fenner & Smith Inc., et al.*, No. 08 Civ. 8488 (GEL) (S.D.N.Y.)

*Jarmain v. Merrill Lynch, Pierce, Fenner & Smith Inc., et al.*, No. 08 Civ. 8491 (GEL) (S.D.N.Y.)

*Krausz v. Fed. Nat'l Mortgage Ass'n, et al.*, No. 08 Civ. 8519 (GEL) (S.D.N.Y.)

*McCauley v. Merrill Lynch, Pierce, Fenner & Smith Inc., et al.*, No. 08 Civ. 8520 (GEL) (S.D.N.Y.)

*Frankfurt, et al. v. Lehman Brothers Inc., et al.*, No. 08 Civ. 8547 (GEL) (S.D.N.Y.)

*Strong, et al. v. Wachovia Capital Markets LLC, et al.*, No. 08 Civ. 8551 (GEL) (S.D.N.Y.)

*Schweitzer, et al. v. Merrill Lynch, Pierce, Fenner & Smith Inc., et al.*, No. 08 Civ. 8609 (GEL) (S.D.N.Y.)

*Williams, et al. v. Ashley, et al.*, No. 08 Civ. 8676 (GEL) (S.D.N.Y.)

*Kraus v. Citigroup Global Markets, Inc.*, No. 08 Civ. 9649 (GEL) (S.D.N.Y.)

*Melton v. E*TRADE Securities, LLC*, No. 08 Civ. 9650 (GEL) (S.D.N.Y.)

*Jesteadt v. Ashley, et al.*, No. 08 Civ. 1335 (TFM) (W.D. Pa.); now 09 Civ. 1367 (GEL) (S.D.N.Y.)

*Kramer v. Fed. Nat'l Mortgage Ass'n, et al.*, No. 08 Civ. 5287 (PGS) (D.N.J.); now 09 Civ. 1352 (GEL) (S.D.N.Y.)

*Gordon v. Ashley, et al.*, 08 Civ. 81007 (DTKH) (S.D. Fla.); now 09 Civ. 1351 (GEL) (S.D.N.Y.)

**SCHEDULE OF IMPORTANT DEADLINES IN FANNIE MAE, 08 CIV. 7831**

June 1, 2009 – Consolidated Amended Complaint Filed

June 22, 2009 – '33 Act MTDs filed

**June 15, 2009** – Complaints in all Fannie Mae actions dismissed unless cause shown

July 16, 2009 – Ds response/MTDs for all non-'33 Act claims

July 22, 2009 – Ps response to '33 Act MTDs

**August 6, 2009** – Ds reply in '33 Act MTDs

August 31, 2009 – Ps response to Ds motion/answer to non-'33 Act claims

**September 15, 2009** – Ds reply in non-'33 Act MTDs