# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re FANNIE MAE 2008 SECURITIES LITIGATION | 1:08-cv-07831-GEL<br>MDL No. 2013 |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLAIMS BROUGHT UNDER THE SECURITIES ACT OF 1933

James E. Brandt
Jeff G. Hammel
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Attorneys for Defendant*
*Federal National Mortgage Association*

Jeffrey Kilduff
Michael Walsh
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants*
*Federal National Mortgage Association*
*and David C. Hisey*

July 13, 2009

Michael J. Chepiga
Paul C. Curnin
George S. Wang
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Defendants Merrill Lynch, Pierce,*
*Fenner & Smith Incorporated, Citigroup Global*
*Markets Inc., Morgan Stanley & Co.*
*Incorporated, UBS Securities LLC, Wachovia*
*Capital Markets LLC, Wachovia Securities, LLC*
*Goldman, Sachs & Co., Banc of America*
*Securities LLC, Barclays Capital Inc., Deutsche*
*Bank Securities Inc., Wells Fargo Securities*
*LLC, J.P. Morgan Securities Inc., E\*Trade*
*Securities LLC, and Bear, Stearns & Co., Inc.*
*(n/k/a J.P. Morgan Securities Inc.)*

David Fleischer
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street
First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

James D. Wareham
James E. Anklam
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Attorneys for Defendant Daniel H. Mudd*

Jonathan R. Tuttle
Scott N. Auby
Jennifer C. Argabright
DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W.
Suite 1100 East
Washington, DC 20004
Telephone: (202) 383-8000
Facsimile: (202) 383-8118

*Attorneys for Defendant Stephen M. Swad*

**Table of Contents**

Table of Authorities ................................................................................................ ii

Preliminary Statement ............................................................................................1

Argument ................................................................................................................3

I.      THE SECTION 12(a)(2) CLAIMS MUST BE DISMISSED BECAUSE FANNIE
        MAE'S SECURITIES ARE EXEMPT UNDER ITS FEDERAL CHARTER ..................3

        A.      Section 3(a)(2) of the Securities Act Exempts Government-Sponsored
                Securities .............................................................................................3

        B.      Fannie Mae Securities Are Exempt Under Section 3(a)(2) Pursuant to
                Fannie Mae's Federal Charter ...............................................................3

        C.      Investors Were Fully Informed of Fannie Mae's Securities Act Exemption..........5

        D.      Section 12(a)(2) Does Not Impose Liability On Securities Exempted By
                Section 3(a)(2) .....................................................................................6

II.     THE SECTION 12(a)(2) CLAIMS MUST BE DISMISSED BECAUSE FANNIE
        MAE IS A GOVERNMENT INSTRUMENTALITY ........................................9

III.    THE SECTION 15 CLAIMS MUST BE DISMISSED BECAUSE NO
        PRIMARY VIOLATION OF THE SECURITIES ACT HAS BEEN ALLEGED..........11

Conclusion ...........................................................................................................12

# Table of Authorities

**Cases**                                                                                                   **Page(s)**

*Bache Halsey Stuart, Inc. v. Affiliated Mortgage Inv., Inc.,*
    445 F. Supp. 644 (N.D. Ga. 1977) ............................................................................8

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002) ...................................................................................6

*ESI Montgomery County, Inc. v. Montenay Int'l Corp.,*
    899 F. Supp. 1061 (S.D.N.Y. 1995) .......................................................................7

*Fed. Nat'l Mortgage Ass'n v. Lefkowitz,*
    390 F. Supp. 1364 (S.D.N.Y. 1975) ...................................................................9, 10

*Garber v. Legg Mason, Inc.,*
    537 F. Supp. 2d 597 (S.D.N.Y. 2008) ...................................................................11

*Gorsey v. I.M. Simon & Co.,*
    Civ. A. No. 86-1875-Z, 1987 WL 7749 (D. Mass. Feb. 23, 1987) ..............7, 8, 9, 11

*Gustafson v. Alloyd Co.,*
    513 U.S. 561 (1995) ...............................................................................................7

*In re Bexar County Health Facility Dev. Corp. Sec. Litig.,*
    125 F.R.D. 625 (E.D. Pa. 1989) ......................................................................8, 9, 11

*Kidder Peabody & Co. v. Unigestion Int'l. Ltd.,*
    903 F. Supp. 479 (S.D.N.Y. 1995) .................................................................. Passim

*LTV Fed. Credit Union v. UMIC Gov't Sec., Inc.,*
    523 F. Supp. 819 (N.D. Tex. 1981) .......................................................................8

*Lieberman v. Cambridge Partners, LLC,*
    No. Civ. A. 03-2317, 2003 WL 22999217 (E.D. Pa. Dec. 16, 2003) .......................7

*Panther Partners, Inc. v. Ikanos Commc'ns, Inc.,*
    538 F. Supp. 2d 662 (S.D.N.Y. 2008) ...................................................................11

*Press v. Quick & Reilly, Inc.,*
    218 F.3d 121 (2d Cir. 2000) ...................................................................................6

*Rombach v. Chang*,
   355 F.3d 164 (2d Cir. 2004)..............................................................................11

*Rothman v. Gregor*,
   220 F.3d 81 (2d Cir. 2000)..............................................................................5, 6

*Zerman v. Melton*,
   No. 82 Civ. 6846 (ADS), 1983 U.S. Dist. LEXIS 17809 (S.D.N.Y. Apr. 12, 1983) ........4, 8, 9

**Statutes**

12 U.S.C. § 1716...............................................................................................2, 3, 9

12 U.S.C. § 1717(a)(2)(B) .......................................................................................9

12 U.S.C. § 1718(a) ................................................................................................3

12 U.S.C. § 1719(d) ................................................................................................4

12 U.S.C. § 1723c ...................................................................................................4

12 U.S.C. § 4501(4) ..............................................................................................10

12 U.S.C. § 4503 ..................................................................................................10

12 U.S.C. § 4617(a)(1)............................................................................................1

12 U.S.C. § 4617(b)(2)(A)(i) ...................................................................................1

15 U.S.C. § 77c(a)(2)....................................................................................3, 7, 8, 9

15 U.S.C. § 77l(a)(2)...........................................................................................2, 7

15 U.S.C. § 77o.......................................................................................................2

**Miscellaneous**

1-3 *Federal Securities Act of 1933* § 3.01 (2008).........................................................8

1-3 *Federal Securities Act of 1933* § 3.03 (2008).........................................................4

Louis Loss & Joel Seligman, *Securities Regulations* (3d ed. 2007)................................3

Defendants Federal National Mortgage Association ("Fannie Mae");[1] Merrill Lynch, Pierce, Fenner & Smith Incorporated, Citigroup Global Markets Inc., Morgan Stanley & Co. Incorporated, UBS Securities LLC, Wachovia Capital Markets LLC, Wachovia Securities, LLC, Goldman, Sachs & Co., Banc of America Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Wells Fargo Securities LLC, J.P. Morgan Securities Inc., E*Trade Securities LLC, and Bear, Stearns & Co., Inc. (n/k/a J.P. Morgan Securities Inc.) (collectively, the "Underwriter Defendants"); Daniel H. Mudd, Stephen M. Swad and David C. Hisey (collectively, the "Securities Act Individual Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss with prejudice the claims asserted under Sections 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77l(a)(2) and 77o, in the Joint Consolidated Amended Class Action Complaint (the "Amended Complaint" or "Am. Compl.").[2]

### Preliminary Statement

Between August 7, 2008 and November 7, 2008, nineteen putative class actions were filed against Fannie Mae, its officers and directors, and/or its securities underwriters asserting violations of the federal securities laws. Certain of these actions asserted only claims under Sections 12(a)(2) and 15 of the Securities Act, and on October 14, 2008, defendants

---

[1]     In September 2008, the Director of the Federal Housing Finance Agency ("FHFA") appointed FHFA as the conservator of Fannie Mae.  *See* 12 U.S.C. § 4617(a)(1) (providing that FHFA Director may appoint FHFA as conservator of Fannie Mae); Statement by Henry M. Paulson, Jr. on Treasury and Federal Housing Finance Agency Action to Protect Financial Markets and Taxpayers (Sept. 7, 2008), *available at* http://www.ustreas.gov/press/releases/ hp1129.htm.  As conservator, the Director of FHFA possesses "all rights, titles, powers, and privileges of [Fannie Mae], and of any [Fannie Mae] stockholder, officer, or director."  12 U.S.C. § 4617(b)(2)(A)(i).

[2]     The Amended Complaint also asserts Securities Act claims against Robert T. Blakely. Although we understand that Mr. Blakely has not been served with the Amended Complaint, the grounds for dismissal set forth below apply equally to him.

moved to dismiss those cases on the ground that the Securities Act expressly exempts Fannie

Mae's securities from liability.  On February 13, 2009, this Court conducted a conference in this

matter, during which the Court characterized defendants' motion to dismiss the Securities Act

claims on exemption grounds as "very persuasive."  (Transcript of Proceedings, dated Feb. 13,

2009 ("Feb. 13 Tr."), at 16:11-12.)   The Court declined to decide the motion at that time,

however, offering lead plaintiffs the chance "to frame the [amended] complaint or come up with

facts that would . . . change the way this issue appears."  (Feb. 13 Tr. at 23:7-9.)

Plaintiffs have now filed their Amended Complaint, and nothing pled in it saves

their Securities Act claims from dismissal under the exemption.[3]  Nor could *any* allegations save

these claims, as Fannie Mae's exemption is established by clear statutory text, and is unalterable

by pleading techniques.  Section 12(a)(2) of the Securities Act explicitly exempts all securities

that are subject to Section 3(a)(2) of the Act, which applies to government-sponsored securities.

Fannie Mae's securities are covered by Section 3(a)(2) for two reasons (each of which

constitutes an independent ground for dismissal):  (i) Fannie Mae's statutory charter, 12 U.S.C. §

1716 *et seq.*, provides that its securities are "exempt" to the same extent as U.S. government

securities; and, additionally, (ii) Fannie Mae is an instrumentality of the federal government.

The Amended Complaint does not even attempt to address the first ground for exemption, and in

addressing the second ground, it merely rehashes the same meritless arguments that the plaintiffs

made in opposition to defendants' earlier motion to dismiss.

---

[3]      The Amended Complaint brings claims under Sections 12(a)(2) and 15 of the Securities
Act in connection with five offerings in 2007 and 2008 (the "Offerings"):  the November 16,
2007 offering of 7.625% Non-Cumulative Preferred Stock, Series R (Am. Compl. ¶¶ 685-88);
the December 6, 2007 offering of Fixed-to-Floating Rate Non-Cumulative Preferred Stock,
Series S (*id*. ¶¶ 739-43); the May 8, 2008 offering of 8.75% Non-Cumulative Mandatory
Convertible Preferred Stock, Series 2008-1 (*id*. ¶¶ 744-47); the May 8, 2008 offering of Fannie
Mae common stock (*id*. ¶¶ 748-51); and the May 13, 2008 offering of 8.25% Non-Cumulative
Preferred Stock, Series T (*id*. ¶¶ 779-83).

Thus, as a matter of law, Fannie Mae's securities are exempt and cannot give rise to liability under Section 12(a)(2).  The Section 15 claim, which is merely derivative of the Section 12(a)(2) claim, also necessarily fails.  Accordingly, the Securities Act claims asserted in the Amended Complaint are fundamentally defective and should be dismissed with prejudice.

**Argument**

## I.   THE SECTION 12(a)(2) CLAIMS MUST BE DISMISSED BECAUSE FANNIE MAE'S SECURITIES ARE EXEMPT UNDER ITS FEDERAL CHARTER

### A.   Section 3(a)(2) of the Securities Act Exempts Government-Sponsored Securities

Section 3(a)(2) of the Securities Act provides that "the provisions of [the Securities Act] shall not apply to . . . [a]ny security issued or guaranteed by the United States . . . or by any person controlled or supervised by and acting as an instrumentality of the Government."  15 U.S.C. § 77c(a)(2).  Therefore, "[a]ll securities issued or guaranteed by the United States Government or any of its instrumentalities are exempt" from liability under the Securities Act.  Louis Loss & Joel Seligman, *Securities Regulations* § 3-B-2 (3d ed. 2007); *see also Kidder Peabody & Co. v. Unigestion Int'l, Ltd.*, 903 F. Supp. 479, 495-96 (S.D.N.Y. 1995).

### B.   Fannie Mae Securities Are Exempt Under Section 3(a)(2) Pursuant to Fannie Mae's Federal Charter

Fannie Mae's securities (including its common stock and preferred stock) qualify for the Section 3(a)(2) exemption under Fannie Mae's charter, which is codified by statute in the Federal National Mortgage Association Charter Act, 12 U.S.C. § 1716, *et seq*.  The charter expressly permits the issuance of common and preferred stock by Fannie Mae.  12 U.S.C. § 1718(a).  Section 311 of that charter governs exemptions for such issuances, and provides:

> All stock . . . issued pursuant to this title shall, to the same extent as securities which are direct obligations of or obligations guaranteed as to principal or interest by the United States, be deemed to be exempt

3

> securities within the meaning of laws administered by the Securities and
> Exchange Commission.

12 U.S.C. § 1723c.  Fannie Mae's common and preferred stock are accordingly entitled to the

full exemptions accorded to government securities under federal securities law.  Because

government securities are exempt under Section 3(a)(2), Fannie Mae's securities are as well.  *See*

*Kidder Peabody*, 903 F. Supp. at 495-96 (relying upon Fannie Mae's charter to hold its securities

exempt from Section 12(a)(2) liability); *Zerman v. Melton*, No. 82 Civ. 6846 (ADS), 1983 U.S.

Dist. LEXIS 17809, at *9 (S.D.N.Y. Apr. 12, 1983) (holding that Government National

Mortgage Association securities, which are also governed by Section 311 of the same charter, are

exempt); *see also* 1-3 *Federal Securities Act of 1933* § 3.03 (2008) ("[T]he securities issued or

guaranteed by . . . the Federal National Mortgage Association are exempt . . .").

The analysis in *Kidder Peabody* is instructive here.  There Judge Sweet

considered whether collateralized mortgage securities ("CMOs") issued by Fannie Mae qualified

for the government exemption.  The court found that the CMOs were governed by Section

304(d) of the Fannie Mae charter, 12 U.S.C. § 1719(d), which addresses the issuance of

mortgage-backed securities.  *Kidder Peabody*, 903 F. Supp. at 495.  Section 304(d), using the

exact same language as Section 311 of Fannie Mae's charter, provides that Fannie Mae's

securities "shall, to the same extent as securities which are direct obligations of or obligations

guaranteed as to principal and interest by the United States, be deemed to be exempt securities

within the meaning of laws administered by the Securities and Exchange Commission."  12

U.S.C. § 1719(d).  Based on this language, the court held that the CMOs qualified as exempt

government securities pursuant to Section 3(a)(2).  *Kidder Peabody*, 903 F. Supp. at 495-96.

The same result is required here.  *See also Zerman*, 1983 U.S. Dist. LEXIS 17809, at *9.[4]

> ### C.    Investors Were Fully Informed of Fannie Mae's Securities Act Exemption

The Securities Act exemption for Fannie Mae's securities can come as no surprise

to plaintiffs.  All of the offering circulars at issue here expressly advised investors that Fannie

Mae is

> not required to register [the offered security] with the U.S. Securities and
> Exchange Commission (the "SEC") under the Securities Act of 1933 . . . .

(*See* Ex. 3:  Series R Preferred Stock Offering Circular (Nov. 16, 2007) ("Series R Circular"), at

2; Ex. 4:  Series S Preferred Stock Offering Circular (Dec. 6, 2007) ("Series S Circular"), at 2;

Ex. 5:  Series 2008-1 Preferred Stock Offering Circular (May 8, 2008) ("Series 2008-1

Circular"), at 2; Ex. 6:  Common Stock Offering Circular (May 8, 2008) ("Common Circular"),

at 2; Ex. 7:  Series T Preferred Stock Offering Circular (May 13, 2008) ("Series T Circular"), at

2.)[5]

In addition, these offering circulars expressly incorporated language from Fannie

Mae's other SEC filings which inform investors that:

---

[4]      This conclusion was confirmed by a U.S. Securities and Exchange Commission no-action
letter specifying that Fannie Mae securities are indeed exempt.  *See* (Declaration of Jeff G.
Hammel, dated July 13, 2009 ("Hammel Decl.") Ex. 1:  Fed. Nat'l Mortgage Ass'n, SEC No-
Action Letter (July 12, 2002), *available at* http://www.sec.gov/divisions/corpfin/
cf-noaction/fanniemae071202.htm (all references to "Ex. __" hereafter are references to the
Hammel Decl.); *see also* Ex. 2:  Department of Treasury, Office of Federal Housing Enterprise
Oversight & Securities and Exchange Commission Staff Report: Enhancing Disclosure in the
Mortgage-Backed Securities Markets (Jan. 2003), *available at* http://www.treasury.gov/press/
releases/docs/disclosure.pdf (noting that Fannie Mae securities may be offered and sold without
registration under the Securities Act).

[5]      This Court can, of course, consider these offering circulars on this motion.  Plaintiffs'
purported claims are expressly based on, and reference, the offering circulars.  (Am. Compl. ¶
642.)  "For purposes of a motion to dismiss, [the Second Circuit] ha[s] deemed a complaint to
include any written instrument attached to it as an exhibit or any statements or documents
incorporated in it by reference."  *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

> The securities [Fannie Mae] issue[s] are 'exempted securities' under the Securities Act and the Exchange Act to the same extent as obligations of, or guaranteed as to principal and interest by, the U.S.

(Series S Circular, at 3, incorporating Ex. 8:  Fannie Mae, Annual Report (Form 10-K), at 41 (filed Aug. 16, 2007, for period ending Dec. 31, 2006); *see also* Series R Circular, at 3, incorporating Ex. 9:  Fannie Mae, Quarterly Report (Form 10-Q), at 109 (filed Nov. 9, 2007, for period ending Sep. 30, 2007); Series 2008-1 Circular, at 3, incorporating Ex. 10:  Fannie Mae, Quarterly Report (Form 10-Q), at 125 (filed May 6, 2008 for the period ending Mar. 31, 2008); Common Offering Circular, at 3, incorporating Ex. 10 at 125; Series T Circular, at 3, incorporating Ex. 10 at 125.)  The same or similar language was routinely included in Fannie Mae's annual and quarterly disclosures.[6]

Plaintiffs were thus repeatedly advised that Fannie Mae's securities are exempt under Section 3(a)(2) to the same extent as obligations of the United States.

**D.     Section 12(a)(2) Does Not Impose Liability On Securities Exempted By Section 3(a)(2)**

Section 12(a)(2) imposes liability on:

> [a]ny person who . . . offers or sells a security (whether or not exempted by the provisions of section 3, *other than paragraphs (2) and (14) of*

---

[6]     *See, e.g.*, Ex. 11:  Fannie Mae, Annual Report (Form 10-K), at 43 (filed Feb. 27, 2008, for the period ending Dec. 31, 2007); Ex. 12:  Fannie Mae, Quarterly Report (Form 10-Q), at 99 (filed Nov. 9, 2007, for period ending June 30, 2007); Ex. 13:  Fannie Mae Quarterly Report (Form 10-Q), at 94 (filed Nov. 9, 2007, for period ending March 31, 2007); Ex. 14:  Fannie Mae, Annual Report (Form 10-K), at 56 (filed May 6, 2007, for the period ending Dec. 31, 2005); Ex. 15:  Fannie Mae, Annual Report (Form 10-K), at 59 (filed Dec. 6, 2006, for period ending Dec. 31, 2004).  The Second Circuit has consistently recognized that, in addressing a motion to dismiss a complaint asserting federal securities claims, publicly filed information may be considered, *see Press v. Quick & Reilly, Inc.*, 218 F.3d 121, 129 (2d Cir. 2000), as well as "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit," *Rothman*, 220 F.3d at 88.  "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted).

> subsection (a) of said section [i.e., § 3(a)(2)]), . . . by means of a
> prospectus . . . which includes an untrue statement of a material fact or
> omits to state a material fact necessary in order to make the statements . . .
> not misleading . . . .

15 U.S.C. § 77l(a)(2) (emphasis supplied).  Thus, "[b]y its terms, § 12[(a)](2) exempts from its

coverage prospectuses relating to the sales of government-issued securities" which are covered

by Section 3(a)(2).  *Gustafson v. Alloyd Co.*, 513 U.S. 561, 571 (1995).  Following the Supreme

Court's decision in *Gustafson*, other courts addressing this question have uniformly held, as

Judge Sweet explained, that "§ 12[(a)](2) does not impose liability where the underlying

securities involved are those indicated in § 3(a)(2)."  *Kidder Peabody*, 903 F. Supp. at 495;

*accord Lieberman v. Cambridge Partners, LLC*, No. Civ. A. 03-2317, 2003 WL 22999217, at *2

(E.D. Pa. Dec. 16, 2003) ("[S]ecurities described at 15 U.S.C. § 77c(a)(2) [Section 3(a)(2)] are

exempt from liability under Section 12(a)(2)."); *Gorsey v. I.M. Simon & Co.*,  Civ. A. No. 86-

1875-Z, 1987 WL 7749, at *3 (D. Mass. Feb. 23, 1987) (addressing certain categories of

securities that "Section 3 of the Act, 15 U.S.C. § 77c(a)(2) exempts from the coverage of Section

12[(a)](2)").

The exemption applies to *all* defendants, not just Fannie Mae, as it is the

securities themselves, not merely a particular transaction involving the securities, that are

exempted by Section 3(a)(2).  This is because the Securities Act expressly "distinguishes

between exempted securities, which are identified in section 3 of the act . . . and exempted

transactions, which are identified in section 4 of the act."  *ESI Montgomery County, Inc. v.*

*Montenay Int'l Corp.*, 899 F. Supp. 1061, 1064 (S.D.N.Y. 1995).  "This distinction is important

because the exempt status of a particular security remains with that security as long as it exists,

whereas the exemption of a transaction applies only to the qualifying transaction and not

automatically to any subsequent transaction."  1-3 *Federal Securities Act of 1933* § 3.01 (2008);

*see, e.g.*, *Kidder Peabody*, 903 F. Supp. at 495-96 (dismissing Section 12(a)(2) claim against private corporation transacting in Fannie Mae CMOs); *Zerman*, 1983 U.S. Dist. LEXIS 17809, at *9 (dismissing Section 12(a)(2) claim against private corporation and officers transacting in Ginnie Mae certificates); *LTV Fed. Credit Union v. UMIC Gov't Sec., Inc.*, 523 F. Supp. 819, 828-33 (N.D. Tex. 1981) (holding that private corporation transacting in government securities did not violate Section 5 of the Securities Act by failing to register government security exempt under Section 3(a)(2)); *Bache Halsey Stuart, Inc. v. Affiliated Mortgage Inv., Inc.*, 445 F. Supp. 644, 646-47 (N.D. Ga. 1977) (same).  In this case, therefore, the exemption applies:

- to Fannie Mae itself as issuer, *see Gorsey*, 1987 WL 7749, at *1, 3-4;

- to the Underwriter Defendants, *In re Bexar County Health Facility Dev. Corp. Sec. Litig.*, 125 F.R.D. 625, 627, 633-35 (E.D. Pa. 1989); *Gorsey*, 1987 WL 7749, at *1, 3-4; and

- to the Securities Act Individual Defendants, *Zerman*, 1983 U.S. Dist. LEXIS 17809, at *9.

In short, all of the defendants in this case are insulated from Securities Act claims by the exemption.

*Gorsey* is illustrative.  The plaintiffs in that case were purchasers of debt securities issued by a municipality pursuant to allegedly misleading offering materials.  *See* 1987 WL 7749, at *1.  They brought a class action claim under Section 12(a)(2) against the government issuer, its underwriters and its accountants.  *Id.*  The defendants moved to dismiss on the ground that the government-issued notes were exempt from Section 12(a)(2).  *Id.*  The court granted the motion as to *all* defendants, holding that the notes themselves "qualify under § 77c(a)(2) [Section 3(a)(2)] as securities issued by a political subdivision . . . thereby, exempting them from the coverage of § 77(l)(2) [Section 12(a)(2)]."  *Id.* at *4.

The same analysis applies to this case.  Because Fannie Mae's stock is exempt under Section 3(a)(2), the Section 12(a)(2) claims must be dismissed against all defendants.  *See Kidder Peabody*, 903 F. Supp. at 495-96; *In re Bexar*, 125 F.R.D. at 633-35; *Gorsey*, 1987 WL 7749, at *1, 3-4; *Zerman*, 1983 U.S. Dist. LEXIS 17809, at *9.

## II.   THE SECTION 12(a)(2) CLAIMS MUST BE DISMISSED BECAUSE FANNIE MAE IS A GOVERNMENT INSTRUMENTALITY

Fannie Mae's securities are also exempt under Section 3(a)(2) of the Securities Act because Fannie Mae is an "instrumentality" of the federal government, which provides a separate basis for dismissal of the Securities Act claims.  As noted above, Section 3(a)(2) covers "any security issued or guaranteed by . . . any person controlled or *supervised by and acting as an instrumentality of the Government*."  15 U.S.C. § 77c(a)(2) (emphasis supplied).  Fannie Mae is just such a federal instrumentality.  *See Kidder Peabody*, 903 F. Supp. at 495 (holding that Fannie Mae CMOs qualify for § 3(a)(2) protection because, *inter alia*, "it has been held in this court that FNMA [Fannie Mae] is a 'federal instrumentality'"); *Fed. Nat'l Mortgage Ass'n v. Lefkowitz*, 390 F. Supp. 1364, 1368 (S.D.N.Y. 1975) (holding that Fannie Mae is an "instrumentality" of the government).

Indeed, Fannie Mae is, literally, a creature of the federal government.  As the three-judge panel in *Lefkowitz* explained, "[a] glance at the federal legislation involved, 12 U.S.C. § 1716 *et seq.* [Fannie Mae's charter], leaves little doubt that Congress intended [Fannie Mae] to be recognized as a federal instrumentality."  390 F. Supp. at 1368.  Fannie Mae's charter provides that its principal purpose is "to establish secondary market facilities for residential mortgages," 12 U.S.C. § 1716, and that it can only be "dissolved by Act of Congress," 12 U.S.C. § 1717(a)(2)(B).  The charter also provides that Fannie Mae is controlled by the Secretary of the Treasury with respect to certain financial transactions, has Congressional "immunity from state

taxation," and "performs a significant governmental function in its secondary mortgage market operations." *Lefkowitz*, 390 F. Supp. at 1368 (statutory citations omitted); *accord Kidder Peabody*, 903 F. Supp. at 495 ("[I]t has been held in this court that [Fannie Mae] is a 'federal instrumentality.'").  This is because Fannie Mae, as a "government-sponsored" enterprise, "is subject to the general regulatory power of" a government agency; is "exempted . . . from having to qualify to do business in any state"; is "cloaked . . . with immunity from state taxation"; and "performs a significant governmental function in its secondary mortgage market operations," leaving "little doubt that Congress intended [Fannie Mae] to be recognized as a federal instrumentality." *Lefkowitz*, 390 F. Supp. at 1368.

The Amended Complaint suggests that an isolated phrase in an offering circular— that "[t]he obligations of Fannie Mae under the terms of the Preferred Stock are obligations of Fannie Mae only and are not those of the United States or of any agency or instrumentality thereof"—somehow transforms Fannie Mae into a non-governmental entity.  (Am. Compl. ¶¶ 643-45.)  This is the same meritless argument that plaintiffs attempted to make in opposing defendants' previous motion to dismiss, and the argument is no more convincing now.  The quoted language does not state, or even hint, that Fannie Mae is not a government instrumentality.  Instead, the disclaimer merely states the obvious—that investors in Fannie Mae securities risk losses not insured by the U.S. government.  *See* 12 U.S.C. § 4501(4) ("neither [Fannie Mae and Freddie Mac] nor [Federal Home Loan Banks], nor any securities or obligations issued by [them], are backed by the full faith and credit of the United States"); *accord* 12 U.S.C. § 4503.  It has nothing to do with, and does not undermine, Fannie Mae's status as a government instrumentality.

Furthermore, Fannie Mae's status as a government instrumentality is dependent on its underlying governmental attributes (discussed above), not on a descriptive phrase in a disclosure, and the offering circulars on which plaintiffs rely are clear on this point.  As noted above, those circulars explicitly advise investors that "[t]he securities [Fannie Mae] issue[s] are 'exempted securities' . . . to the same extent as securities that are obligations of . . . the United States."  (*Supra* at 6.)  Plaintiffs' suggestion that the offering circular nullified Fannie Mae's status as a government instrumentality is untenable.

Fannie Mae's status as an instrumentality of the government provides an additional basis for its exemption under Section 3(a)(2) of the Securities Act, as a matter of law, and its securities thus cannot give rise to a Section 12(a)(2) claim.  Like the exemption based on Fannie Mae's charter (discussed above), this instrumentality exemption applies to all transactions involving Fannie Mae's securities, and therefore covers each of the defendants.  *See, e.g.*, *In re Bexar*, 125 F.R.D. at 633-35; *Gorsey*, 1987 WL 7749, at *1, 3-4.

## III.  THE SECTION 15 CLAIMS MUST BE DISMISSED BECAUSE NO PRIMARY VIOLATION OF THE SECURITIES ACT HAS BEEN ALLEGED

A claim for controlling person liability "under Section 15 of the Securities Act . . . is necessarily predicated on a primary violation of securities law."  *Rombach v. Chang*, 355 F.3d 164, 177-78 (2d Cir. 2004).  Here, the only primary Securities Act violation alleged—a Section 12(a)(2) claim—is subject to dismissal for the reasons discussed above.  "As there are no surviving primary violations upon which plaintiffs could rest the[ir] claims, plaintiffs' Section 15 . . . claims [must be] dismissed."  *Garber v. Legg Mason, Inc.*, 537 F. Supp. 2d 597, 618 (S.D.N.Y. 2008); *see also Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 538 F. Supp. 2d 662, 667 n.8 (S.D.N.Y. 2008) (holding that Section 15 claims were "predicated on the success of the

underlying Section 11 and Section 12 claims, and because those underlying claims are dismissed,

the Section 15 claims fail as a matter of law").

## Conclusion

For the foregoing reasons, defendants respectfully request that the Court dismiss

the Securities Act claims in the Amended Complaint with prejudice.

Dated: New York, New York
       July 13, 2009

                              LATHAM & WATKINS LLP


                              By:    /s/  James E. Brandt
                                     James E. Brandt
                                     Jeff G. Hammel

                              885 Third Avenue
                              New York, New York 10022
                              Telephone: (212) 906-1200
                              Facsimile: (212) 751-4864

                              *Attorneys for Defendant*
                              *Federal National Mortgage Association*

O'MELVENY & MYERS LLP

By:  *Michael J. Walsh, Jr. /sej*

Jeffrey Kilduff
Michael Walsh

1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants*
*Federal National Mortgage Association and*
*David C. Hisey*

13

SIMPSON THACHER & BARTLETT LLP

By: _Michael J Chepiga_
     Michael J. Chepiga
     Paul C. Curnin
     George S. Wang

425 Lexington Avenue
New York, New York  10017-3954
Telephone: (212) 455-2000
Fascimile: (212) 455-2502

*Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Citigroup Global Markets Inc., Morgan Stanley & Co. Incorporated, UBS Securities LLC, Wachovia Capital Markets LLC, Wachovia Securities, LLC, Goldman, Sachs & Co., Banc of America Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Wells Fargo Securities LLC, J.P. Morgan Securities Inc., E\*Trade Securities LLC, and Bear, Stearns & Co., Inc. (n/k/a J.P. Morgan Securities Inc.)*

14

PAUL, HASTINGS, JANOFSKY & WALKER
LLP

By: _David Fleischer /eso_____

     David Fleischer

Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 E. 55th Street
First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

James D. Wareham
James E. Anklam
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Attorneys for Defendant Daniel H. Mudd*

15

DEBEVOISE & PLIMPTON LLP

By: _____
        Jonathan R. Tuttle
        Scott N. Auby
        Jennifer C. Argabright

Debevoise & Plimpton LLP
555 13th Street, N.W.
Suite 1100 East
Washington, DC 20004
Telephone: (202) 383-8000
Facsimile: (202) 383-8118

*Attorneys for Defendant Stephen M. Swad*