USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 24, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re FANNIE MAE 2008 SECURITIES          :          08 Civ. 7831 (PAC)
LITIGATION                                :
                                          :          ORDER
----------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

Upon the filing of 19 class actions against Federal National Mortgage Association

("Fannie Mae"), its officers and directors, together with securities underwriters, alleging various

violations of the federal securities laws, the Judicial Panel on Multidistrict Litigation

consolidated these matters here in the United States District Court for the Southern District of

New York.  (Order of April 16, 2009, In re Fannie Mae 2008 Securities Litigation, Case No.

1:08-cv-07831-GEL (Dkt. No. 94)) (the "April 16 Order").  When Judge Lynch was elevated to

the Second Circuit, the cases were reassigned to this Court on August 28, 2009.

In the April 16 Order, Judge Lynch also appointed Lead Plaintiffs, approved their

selection of counsel, and directed Lead Plaintiffs to file an amended complaint.  On June 22,

2009, Lead Plaintiffs filed a Joint Consolidated Amended Class Action Complaint alleging, inter

alia, violations of Sections 12(a)(2) and 15 of the 1933 Securities Act (the "1933 Act") based on

five securities offerings made by Fannie Mae in 2007 and 2008:

(1)  November 16, 2007, 7.625% Non-Cumulative Preferred Stock, Series R;

(2)  December 6, 2007, fixed to floating rate Non-Cumulative Preferred Stock, Series S;

(3)  May 8, 2008, 8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series
     2008;

(4)  May 8, 2008, Common Stock; and

(5)  May 13, 2008, 8.25% Non-Cumulative Preferred Stock, Series T.

These offering totaled more than $14 billion.  Plaintiffs allege that Fannie Mae's Offering

Circulars for these securities made untrue statements of material facts and omitted material facts.

Essentially, Plaintiffs contend that Fannie Mae Circulars failed to accurately report the bursting

of the housing bubble.  In accounting terms, there was a material understatement of combined

"loss reserves" and "other than temporary impairments," and an overstatement of "deferred tax

reserves."

On July 13, 2009, Defendants Fannie Mae, Merrill Lynch, Pierce, Fenner & Smith, Inc.,

Citigroup Global Markets, Inc., Morgan Stanley & Co. Inc., UBS Securities, LLC, Wachovia

Capital Markets, LLC, Wachovia Securities, LLC, Goldman, Sachs & Co., Banc of America

Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Wells Fargo Securities

LLC, J.P. Morgan Securities Inc., E* Trade Securities LLC, and Bear, Stearns & Co., Inc. (n/k/a

J.P. Morgan Securities Inc., Daniel H. Mudd, Stephen M. Swad, Robert T. Blakely, and David C.

Hisey (collectively, the "Defendants"), moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss

the Sections 12(a)(2) and 15 claims under the Securities Act of 1933, 15 U.S.C. §§ 77-l(a)(2) and

77-o in the Joint Consolidated Amended Class Action Complaint.

Defendants argue that they are exempt from 1933 Act liability under the governmental

charter that created Fannie Mae and because Fannie Mae is a government instrumentality.

## RELEVANT STATUTORY PROVISIONS

1933 Securities Act:

Section 3(a) – Except as hereinafter expressly provided, the provisions of this title shall
not apply to any of the following classes of securities:

(2)  Any security issued or guaranteed by the United States . . . or by any person
controlled or supervised by and acting as an instrumentality of the Government of the
United States, pursuant to authority granted by Congress or the United States.  15 U.S.C.
§77c(a).

Section 12(a) – In General—Any person who—

(1)  offers or sells a security in violation of Section 5; or

(2)  offers or sells a security (whether or not exempted by the provisions of Section 3, other than paragraphs 2 and 14 of subsection a thereof) . . . by means of a prospectus . . ., which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements . . . not misleading . . .  15 U.S.C. §77l(a)

Fannie Mae's Statutory Charter, 12 U.S.C. § 1716, et seq.:

Fannie Mae is allowed to issue both common and preferred stock, 12 U.S.C. § 1718. Such stock when issued is governed by the U.S. Government, 12 U.S.C. § 1723(c), which provides:

1723(c) All stock issued pursuant to this subchapter shall, to the same extent as securities which are direct obligations of or obligations guaranteed or to principal or interest by the United States, be deemed to be exempt securities within the meaning of laws administered by the Securities and Exchange Commission.

## DISCUSSION

In urging dismissal, Defendants make two arguments:

(1)  The common and preferred stock issued by Fannie Mae falls within 3(a)(2), because Fannie Mae is a "person controlled or supervised by and acting as an instrumentality of the Government."  Since the stock is excluded by 3(a)(2), Fannie Mae is exempt from liability under Section 12(a)(2).

(2)  Under 12 U.S.C. § 1718, Fannie Mae is a government entity for 1933 Act purposes, so that the stock it issues is deemed "to be exempt securities within the meaning of laws administered by the Securities and Exchange Commission." 12 U.S.C. § 1723(c).

Since there can be no violation of Section 12, Defendants also argue that there can be no control person liability under Section 15.[1]

---

[1] Plaintiffs impliedly concede this point by not arguing for control person liability in the absence of a 12(a) Securities Act violation.

Plaintiffs contend that while Fannie Mae may be exempt from registration and regulation by the Securities Exchange Commission, it is not exempt from liability under the 1933 Act. Further, Plaintiffs argue that Fannie Mae was acting as a private shareholder corporation, not as an instrumentality of the U.S. Government, when it issued some $14 billion of common and preferred stock in 2007 and 2008.

Neither argument has weight, and the Defendants' motion to dismiss the § 12(a)(2) and § 15 claims in Court is granted.

In Kidder Peabody & Co. v. Unigestion Int'l. Ltd., 903 F. Supp. 479 (S.D.N.Y. 1995), Judge Sweet held that collateralized mortgage securities issued by Fannie Mae qualify for the government exemption and constitute governmental securities under Section 3(a)(2). Id. at 495-96; see also Zerman v. Melton, 1983 U.S. Dist. LEXIS 17809 (S.D.N.Y. 1983) (Fannie Mae's charter exempts its securities from Section 12(a)(2) claims).[2] The same is true here; plaintiffs' attempt to distinguish and discredit Kidder is unpersuasive.

Indeed Judge Sweet's holding in Kidder also supports Fannie Mae's second argument: that Fannie Mae is exempt from 1933 Act liability as a governmental instrumentality.  While "[t]here is no simple test for ascertaining whether an institution is so closely related to governmental activity as to become a[n] . . . instrumentality," Dept. of Employment v. United States, 385 U.S. 355, 358-59 (1966), courts in this district have held that Fannie Mae is in fact a government instrumentality for 1933 Act liability purposes.  See Kidder, 903 F. Supp. at 496.

In Federal Nat'l Assoc. v. Lefkowitz, 390 F. Supp. 1364, 1368 (S.D.N.Y. 1975), the Court classified Fannie Mae as a government instrumentality because of Fannie Mae's intrinsic governmental qualities: Fannie Mae is government-sponsored and partially government-

---

[2] It is undisputed that the exemption applies to all the defendants, not just Fannie Mae, because the exemption attaches to the underlying securities rather than the issuer. See e.g., Kidder, 903 F. Supp. at 495.

controlled; it has Congressional immunity from state taxation; it is exempt from state

corporation-registration requirements; and it performs significant governmental functions in its

secondary mortgage operations. Id. at 1368.  Because Fannie Mae is a governmental

instrumentality, it is exempt from Section 12(a)(2) liability on an independent statutory ground.

Plaintiffs have been unable to find case support of their argument that Fannie Mae

securities are subject to 12(a)(2) liability.  Instead, Plaintiffs cobble together vague legislative

history, dating from 1933 (before Fannie Mae's creation) suggesting that the Act's exemption is

limited to federal securities registration requirements rather than federal securities liability.

Plaintiffs also highlight an isolated phrase in a Fannie Mae offering circular stating that "[t]he

obligations of Fannie Mae under the terms of the Preferred Stock are obligations of Fannie Mae

only and are not those of the United States or of any agency or instrumentality thereof."

Plaintiffs argue that this statement constitutes a waiver of Fannie Mae's liability exemption.

These arguments are unpersuasive.  This Court has no need to resort to legislative history

where the statutory language is clear and unambiguous.  See e.g., Conn. Nat'l Bank v. Germain,

503 U.S. 249, 253-54 (1992); United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989);

Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1073 (2d Cir. 1993) (where "the words of a statute are

unambiguous, judicial inquiry should end").  Stray and selected snippets from legislative history

cannot change the clear statutory command that Fannie Mae is exempt from 1933 Act liability.

Nor does the isolated phrase in the Fannie Mae offering circular transform Fannie Mae into a

non-governmental entity.  Fannie Mae is a governmental instrumentality because of its

fundamental government-like attributes.  Finally, the offering circular statement "[t]he

obligations of Fannie Mae under the terms of the Preferred Stock are obligations of Fannie Mae

only and are not those of the United States or of any agency or instrumentality thereof" does not

constitute a waiver of Fannie Mae's statutory exemption from liability. This statement merely repeats what is obvious: the U.S. Government is not insuring against any losses attributable to Fannie Mae's common and preferred stock issuances.

Accordingly, the motion to dismiss is GRANTED. The Clerk of the Court is directed to close out this motion (Docket #113).

Dated: New York, New York
       November 24, 2009

SO ORDERED

PAUL A. CROTTY
United States District Judge