USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 24, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                :
In re FANNIE MAE 2008 SECURITIES     :       08 Civ. 7831 (PAC)
LITIGATION                                       :
------------------------------------------------------:
                                                :
DANIEL KRAMER, Individually and on    :
Behalf of All Others Similarly Situated,      :
                                              :       09 Civ. 1352 (PAC)
              Plaintiff,              :
                                              :
     -against-                           :
                                              :       ORDER
FEDERAL NATIONAL MORTGAGE          :
ASSOCIATION, MERRILL LYNCH,       :
PIERCE FENNER & SMITH INC.,          :
MORGAN STANLEY & CO. INC.,          :
UBS SECURITIES LLC, WACHOVIA     :
CAPITAL MARKETS LLC,                 :
MOODY'S INVESTORS SERVICE, INC., :
THE MCGRAW-HILL COS., INC.,         :
STANDARD & POOR'S RATINGS         :
SERVICES, AND FITCH RATINGS, INC.,:
                                              :
              Defendants.          :
------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

On September 26, 2008, Plaintiff, Daniel Kramer, filed a securities class action in New Jersey state court (the "Kramer Action"), alleging that Defendant Fannie Mae and a number of investment banks ("Defendants") violated § 12(a)(2) and § 15 of the 1933 Securities Act when they issued a false and misleading Offering Circular in connection with Fannie Mae's May 13, 2008 offering of 8.25% non-cumulative preferred stock, Series T.

On October 27, 2008, Defendants removed the Kramer Action from New Jersey state court to the United States District Court for the District of New Jersey based on 15 U.S.C. §

77v(a) and 77p(c), and alternatively, pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act, and Fannie Mae's corporate charter, codified at 12 U.S.C. § 1716 et sec. See 12 U.S.C. § 1723a.

On August 6, 2008, Plaintiff moved to remand the Kramer Action to New Jersey state court. After briefing the issue, and while the motion was pending, on February 11, 2009, the Judicial Panel on Multidistrict Litigation transferred and consolidated the Kramer Action with numerous other related actions to this Court for the purposes of coordinating pretrial proceedings.

On October 2, 2009, the Court granted the Federal Housing Finances Agency's ("FHFA") motion to intervene as a defendant. FHFA is an agency of the United States Government and acts as the conservator for Fannie Mae. It joins the other Defendants in urging the Court to deny the Kramer remand motion.

Kramer argues that the Court should remand the Kramer Action because the Court lacks subject matter jurisdiction over it. According to Kramer, the 1933 Act prohibits the removal of 1933 Act claims from state court to federal court and the SLUSA Amendments to the 1933 Act do not change the anti-removal provisions. SLUSA targets state class actions alleging false and misleading statements under state law, and those actions are removable. On the other hand, state class actions alleging only 1933 Act violations are still within the warm embrace of the anti-removal provisions of the 1933 Act. Nothing in the Class Action Fairness Act of 2005 alters this result. Kramer further contends that neither Fannie Mae's status, nor FHFA's status, as instrumentalities of the Government, with statutory powers "to sue and be sued" afford a basis for subject matter jurisdiction. Accordingly, Kramer argues that the Court should remand the Kramer Action.

2

There is conflicting authority on whether SLUSA eliminates State court jurisdiction over State class actions asserting 1933 Act claims.  The emerging trend holds that SLUSA was designed to and does deprive State courts of jurisdiction over class actions alleging 1933 Act claims.

As amended, the jurisdictional provision of Section 22(a) provides:

> The district courts of the United States . . . . shall have jurisdiction of offenses and violations under this title [the 1933 Act] . . . . and, concurrent with State and Territorial Courts, except as provided in § 16 with respect to covered class actions. 15 U.S.C. 77v(a).

Section 22(a)'s removal provision now provides: "Except as provided in section 16(c), no case arising under this title [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. §§77v(a) 1998.

The Section 16 exceptions were modified by SLUSA so that "covered class actions" are not subject to concurrent state and federal jurisdiction.  Rather, federal courts have exclusive jurisdiction over covered SLUSA class actions alleging claims under the 1933 Act.  This understanding of the statutory scheme is consistent with, and gives effect to, SLUSA's underlying rationale: to make federal courts the exclusive venue for securities class actions. See H.R. Rep. No. 105-640, at 8 (1998).  Remanding the Kramer Action would defeat the chief goal of SLUSA.  It would also lead to an anomalous result: state courts could entertain federal securities class actions but could not entertain state securities class actions.

Recently, Judge Pauley, in Robert T. Knox v. Agria Corp., 613 F.Supp. 2d 419 (S.D.N.Y. 2009), reviewed the applicable case law and its development.  He agreed with the majority position. Id. at 425-26.  This Court does as well.  Further, Judge Pauley determined that "no state court has subject matter jurisdiction over covered class actions raising 1933 Act claims." Id. at

3

423.  Judge Pauley's analysis focused on the phrase "any State court of competent jurisdiction" in Section 22(a).  Judge Pauley stated:

> The exception in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction.  By excluding these covered class actions from concurrent state and federal jurisdiction, federal courts alone have jurisdiction to hear them.  After SLUSA, state courts were no longer "court[s] of competent jurisdiction" to hear covered class actions raising 1933 Act claims.  Thus, the anti-removal provision does not apply to these covered class actions asserting exclusively federal claims.  This is what other courts have overlooked: because the anti-removal provision only applies to claims brought in a state court of competent jurisdiction, once SLUSA stripped state courts of subject matter jurisdiction over covered class actions raising 1933 Act claims, the reach of the anti-removal provision receded, leaving covered class actions raising 1933 Act claims exclusively for federal courts. Robert T. Knox, 613 F.Supp. 2d at 425.

Judge Pauley's analysis is in harmony with SLUSA's goals:  class action claims under federal or state securities law are removable, and upon removal, the Court has subject matter jurisdiction.  State courts are competent with regard to individual 1933 Act claims and those State claims specified in SLUSA. 5 U.S.C. §§77v(a) 1998; See Robert T. Knox, 613 F.Supp. 2d at 425.

There is also a separate basis for the Court's subject matter jurisdiction over the Kramer Action.  Under the corporate charter for Fannie Mae and FHFA, codified at 12 U.S.C. § 1716 et seq. and 12 U.S.C. § 4511(a) et seq., respectively, the Court has subject matter jurisdiction.

Fannie Mae's corporate charter provides that Fannie Mae may "sue and be sued" in federal courts.  This provision provides federal courts with subject matter jurisdiction. American National Red Cross v. S.G., 505 U.S. 247, 255 (1992).  The D.C. Circuit Court applied the Red Cross teaching to Fannie Mae's statutory charter and held that Fannie Mae may be sued in Federal Court. Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust Fund v. Raines, 534

4

F.3d 779, 784-88 (D.C. Cir. 2008). Its "sue and be sued" clause specifically refers to federal courts, thereby conferring federal jurisdiction. Id. Since federal courts have jurisdiction over Fannie Mae, its removal of the Kramer action was appropriate.[1]

Finally, the FHFA, as an agency of the United States Government acting as Conservator for Fannie Mae and intervenor in the lawsuit, has an absolute right to remove any action that has been commenced against it. As Conservator, the FHFA holds all the rights and privileges of Fannie Mae. Section 1442(a)(1) of Title 28 of the United States Code grants federal agencies an absolute right of removal, and the Housing and Economic Recovery Act, 12 U.S.C. § 4617(b)(11)(B)(i), also recognizes the FHFA's right to remove. Accordingly, for all these reasons, the Court denies the motion to remand.

## CONCLUSION

The Motion to Remand is DENIED. The Clerk of the Court is directed to close out this motion (Docket #132).

Dated: New York, New York
       November 24, 2009

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[1] Kramer's counsel concedes as much by urging the Court not to apply Pirelli but rather to follow the concurring opinion in Pirelli, which asserts that the "sue and be sued" language did not create federal subject matter jurisdiction, even though the statute specifically mentions federal courts. Pirelli, 534 F.3d 779 at 795-800.