```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 19 AUG 2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE: FANNIE MAE SECURITIES AND          :          09 MD 2013 (PAC)
ERISA LITIGATION                                                08 Civ. 7831 (PAC)
                                                            :
-----------------------------------------------------------------x          ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Lead plaintiffs (see Letter of July 1, 2011) and Fannie Mae (see letter of July 7, 2011) are

in dispute concerning the scope of discovery permissible on the remaining claim in this action

after the Court's Opinion and Order, dated September 30, 2010. At the most general level, the

Court held that Fannie Mae's risk management and controls were insufficient to evaluate the

risks of subprime and Alt-A Mortgages; and that Fannie Mae misinformed the market

concerning its risk management capabilities. (See Opinion and Order of September 30, 2010, pg.

22-27). The Court heard oral argument on August 3, 2011 concerning the discovery dispute.

We may take as a given that lead plaintiffs are not entitled to discovery on claims which

have been dismissed, and their discovery is limited to the claim remaining in the lawsuit. As

counsel for lead plaintiffs conceded at the August 3, 2011 oral argument:

> Let me make one thing clear to the extent we haven't made it clear,
> is that we are not seeking documents beyond the scope of what's in
> the Court's order on pages 22-26. In other words, we fully
> understand [with respect to dismissed claims] . . . we are not
> seeking discovery on that. We are only seeking discovery for what
> your Honor upheld, which is on pages 22 to 26. (pg 4 ll 25 – pg 5
> ll 11).

Lead plaintiffs' counsel's concession applies to both the First and Second set of

document requests. While discovery is limited to the remaining claim dealing with risk

management, lead plaintiffs are entitled to discovery as full as permitted by law and the Federal

Rules of Civil Procedure.  Discovery cannot be limited to the events surrounding Mr.
Dallavecchia's several emails.  Nor can "risk management" be limited by the term "credit risk
management," as Fannie Mae suggests, so that it excludes other risks related to guarantee fees;
underwriting standards or losses sustained by Fannie Mae relating to subprime and Alt-A
Mortgages.

Having sustained lead plaintiffs' claims on risk management, lead plaintiffs are entitled
to discovery, including all events, occurrences and transactions covered by Fannie Mae's risk
management policies—or, in the exercise of reasonable prudence, should have been covered by
such policies.  Thus, it would include risks arising out of or occurring on transactions with loan
losses and creating reserves for such losses, or for creating reserves for losses on guarantees.

Fannie Mae believes that its losses were caused by a once in a century meltdown in the
housing finance sector.  It argues that lead plaintiffs have failed to explain how they "will show
that something other than the global financial crisis caused Fannie Mae's stock price to drop in
September" (Fannie Mae letter of July 7, 2011, pg. 3).  But this argument puts the cart before the
horse; lead plaintiffs are not required to disprove defendants' defense as a condition precedent to
discovery.  Rather, lead plaintiff is allowed to seek documents and related discovery on its theory
of liability which is still viable.

Lead plaintiffs may discover documents concerning deficient risk policies and
procedures, including documents concerning risk and losses, underwriting guidelines, guarantee
fees, institutional counter-party risk and risk model.  In short, lead plaintiffs may discover Fannie
Mae's risk management policies, what the policies covered and how; further, they are entitled to
discovery on what the risk management policy should have covered, including management's
consideration of how, when and why to apply appropriate standards for risk management.

Given this guidance, the parties should meet and confer concerning any remaining discovery disputes. The guiding beacon, however, is that lead plaintiffs are entitled to discovery on the remaining viable claim in this action concerning Fannie Mae's risk management policy, procedures and practices, as applied to the risks confronting Fannie Man.

Dated:  New York, New York
       August 19, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge