SDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-1-13

# O'MELVENY & MYERS LLP

| |
|---|
| BEIJING |
| BRUSSELS |
| CENTURY CITY |
| HONG KONG |
| JAKARTA† |
| LONDON |
| LOS ANGELES |
| NEWPORT BEACH |

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

> The Court believes it has sufficient information to rule on Fannie Mae's letter request of June 24, 2013; and co-lead plaintiff's counsel response of June 27, 2013. There is no need for a pre-motion conference and the Court waives the requirement. If either party wishes to submit further briefing – although the Court perceives no need for it – that party (or both parties) may do so, but any submissions must be made by the close of business on Monday, July 8, 2013 and the submissions may not exceed 5 pages.
>
> SO ORDERED: 7-1-13
>
> /s/ Paul A. Crotty
> HON. PAUL A. CROTTY
> UNITED STATES DISTRICT JUDGE

June 24, 2013

**VIA ELECTRONIC MAIL**

The Honorable Paul A. Crotty
United States District Court, Southern District of New York
500 Pearl Street, Room 735
New York, NY 10007-1312

Re: *In re 2008 Fannie Mae Securities Litigation*, No. 08-cv-07831-PAC (MDL No. 2013); Request for Pre-motion Conference

Dear Judge Crotty:

On behalf of defendant Fannie Mae, we are writing to seek the Court's assistance in resolving an ongoing discovery dispute with Lead Plaintiffs. Fannie Mae has requested that Lead Plaintiffs produce information and documents sufficient to identify the four confidential witnesses ("Confidential Witnesses 1-4") cited in Lead Plaintiffs' Second Amended Joint Consolidated Complaint ("Second Amended Complaint"). Despite the recent case law in this District holding otherwise, Lead Plaintiffs contend that the identities of Confidential Witnesses 1-4 are protected from discovery. We have met and conferred multiple times with Lead Plaintiffs and exchanged correspondence, which is attached for the Court's convenience as Exhibit A. Nevertheless, we remain unable to resolve this dispute. Fannie Mae therefore respectfully requests that the Court schedule a pre-motion conference to attempt to resolve this issue or grant leave for Fannie Mae to file a motion to compel. In the alternative, given the strength of the case law supporting Fannie Mae's position and in an effort to conserve the resources of the Court and the parties, Fannie Mae would consent if the Court asked the parties to rest on their letter submissions and agree to forego both the pre-motion conference and any formal briefing.

Fannie Mae and Lead Plaintiffs first met and conferred regarding these requests for documents and information in the fall of 2011, and Fannie Mae sent a letter to Lead Plaintiffs on December 5, 2011, identifying recent cases in this District and asking Lead Plaintiffs to reconsider their objections. Fannie Mae then tabled its requests while motions to dismiss the Second Amended Complaint were pending. Fannie Mae and Lead Plaintiffs met and conferred telephonically on April 2, 2013, and April 11, 2013, and Fannie Mae identified additional case law in correspondence dated May 16, 2013. On June 4, 2013, Lead Plaintiffs refused to provide the requested information on two grounds: (i) that their identity is protected from disclosure under the work product doctrine, and (ii) that doing so would subject the witnesses to the

† In association with Tumbuan & Partners

**MEMO ENDORSED**

O'MELVENY & MYERS LLP
The Honorable Paul A Crotty, June 24, 2013 - Page 2

possibility of retaliation. Lead Plaintiffs have not identified any separate grounds for their refusal to produce documents sufficient to identify Confidential Witnesses 1-4. On June 19, 2013, Lead Plaintiffs confirmed that additional discussions were not likely to be productive.

In this District, "the majority view, especially more recently, is that 'the names of the persons identified in the [complaint] as confidential informants are not entitled to any work product protection.'" *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701 (JPO)(JCF), 2013 WL 1896934, at *1 (S.D.N.Y. May 7, 2013) (quoting *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 340 (S.D.N.Y. 2011)). In *In re Bear Stearns Cos., Securities, Derivative, & ERISA Litigation*, the Court held that "the work product doctrine cannot be employed to protect the identities of . . . confidential witnesses" cited in a complaint. No. 08 MDL No. 1963, 2012 U.S. Dist. LEXIS 10148, at *9 (S.D.N.Y. Jan. 27, 2012). Likewise, in *In re Am. Int'l Grp., Inc.*, the Court held that "Plaintiffs should not be permitted to rely on the testimony of confidential witnesses to state their claims, and then withhold the identities of the confidential witnesses during discovery." No. 08 Civ. 4772 (LTS) (DF), 2012 U.S. Dist. LEXIS 54099, at *15 (S.D.N.Y. Mar. 6, 2012). Where, as here, "a party has attempted to satisfy the pleading requirements of the PSLRA by 'showcasing' statements from a limited number of confidential witnesses, it may not thereafter refuse to disclose who they are on grounds of work product." *Arbitron*, 278 F.R.D. at 341 (internal quotations omitted).

In support of their position, Lead Plaintiffs cite *In re Veeco Instruments, Inc. Security Litigation*, No. 05MD01695 CMGAY, 2007 WL 274800 (S.D.N.Y. Jan. 29, 2007), an outlier case from six years ago that has been rejected by recent cases. *See, e.g., J.P. Morgan Chase*, 2013 WL 1896934 at *1; *Arbitron*, 278 F.R.D. at 343 n.8. Regardless, it appears that *Veeco*'s application of the work product doctrine is inconsistent with Second Circuit precedent. *See Arbitron*, 278 F.R.D. at 340 (quoting *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007)) ("the party asserting the privilege must show 'a real, rather than speculative concern' that the work product will reveal counsel's thought processes . . . .'"); *Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d at 183 ("[t]he party invoking the privilege bears the heavy burden of establishing its applicability."). Lead Plaintiffs have already "reveal[ed] which witness statements they evaluated as being important by attributing statements to particular witnesses in the [Complaint]." *In re Connetics Corp. Sec. Litig.*, No. C 07-02940 SI, 2009 WL 1126508, at *2 (N.D. Cal. April 27, 2009) (citations omitted). "The issue here . . . is not *if* the [confidential witnesses'] identities will ever be discovered, but rather *when* they will be discovered." *Id.* at *1 (emphasis in original). "It is difficult to see how syncing up the [confidential witnesses] with these already disclosed names would reveal Plaintiff[s'] counsel's mental impressions . . . ." *Arbitron*, 278 F.R.D. at 340. Indeed, "[t]he only effect [of non-disclosure] is to force the [d]efendants to expend resources on taking the depositions of 77 people [identified in plaintiffs' Rule 26(a)(1) disclosures] in order to obtain the information." *Connetics Corp.*, 2009 WL 1126508 at *1.

Relying on *Veeco* and *In re SLM Corp. Securities Litigation*, No. 08 Civ. 1029 (WHP), 2011 U.S. Dist. LEXIS 16893 (Feb. 15, 2011), Lead Plaintiffs next contend that their

O'MELVENY & MYERS LLP
The Honorable Paul A Crotty, June 24, 2013 - Page 3

identification of 395 potential witnesses identified in their Rule 26(a)(1) disclosures, the vast majority of whom are current or former Fannie Mae employees, obviates the need for them to disclose the identities of Confidential Witnesses 1-4, the precise claim rejected by the Court in *Connetics*. To the extent Lead Plaintiffs are suggesting that Fannie Mae depose the Fannie Mae employees on Lead Plaintiffs' list in an effort to discover the identities of Confidential Witnesses 1-4, that is not permitted under the operative case management plan, which only permits each side to take 95 days of deposition testimony. (*See* Civil Case Mgmt Plan & Scheduling Order, Dkt. #437, at ¶14 (Nov. 13, 2012).) Regardless, courts in this District have rejected similar proposals as inefficient and unmanageable. *See In re Marsh & McLennan Cos. Sec. Litig.*, No. 04 Cv 8144 (SWK), 2008 WL 2941215, at *3-4 (S.D.N.Y. July 30, 2008) (where plaintiffs had disclosed 362 potential witnesses, the court determined "[w]ithout the requested disclosures, the [defendants] would only be able to identify . . . [confidential witnesses] by exhausting all of the depositions under the scheduling order, and even then, some witnesses . . . would remain beyond their grasp"). This Court should do the same.

Finally, Lead Plaintiffs refuse to identify Confidential Witnesses 1-4 on the ground that doing so could possibly subject those witnesses to some unspecified form of retaliation or harassment. This argument is similarly unfounded, as courts in this District have repeatedly rejected vague claims of witness protection as a basis to withhold the identities of confidential witnesses cited in a complaint. *See, e.g., Arbitron*, 278 F.R.D. at 344 (refusing to prevent disclosure absent a "reliable, non-conclusory basis to find that any of the [confidential informants] here faces a risk of retaliation sufficient to justify non-disclosure of his or her name to the defense"); *see also In re Am. Int'l Grp., Inc.*, 2012 U.S. Dist. LEXIS 54099, at *19 ("Court directs the parties to confer in good faith and to utilize the existing confidentiality order in this action to address any *specific* confidentiality concerns of any individual.") (emphasis in original); *J.P. Morgan*, 2013 WL 1896934, at *2 ("The lead plaintiffs have not identified any specific concerns that the confidential witnesses may have . . . ."). Here, Lead Plaintiffs' only support for their position is that other employees have accused Fannie Mae of retaliation and harassment in other contexts. Notably, none of the cases to which Lead Plaintiffs cite involves Fannie Mae employees who provided information to plaintiffs in an action against Fannie Mae. Regardless, those cases are not the "reliable, non-conclusory basis" that Lead Plaintiffs need to demonstrate to prevent disclosure.

For these reasons, Fannie Mae respectfully requests that the Court require Lead Plaintiffs to identify Confidential Witnesses 1-4 and produce the documents Fannie Mae requested.

Respectfully submitted,

Michael J. Walsh, Jr.
of O'Melveny & Myers LLP

cc: All counsel of record (via email)

# Exhibit A



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO

December 5, 2011

OUR FILE NUMBER
258,938-1088

### VIA ELECTRONIC MAIL

WRITER'S DIRECT DIAL
(202) 383-5280

Daniel E. Barenbaum
Berman DeValerio
One California Street, Suite 900
San Francisco, CA 94111
DBarenbaum@bermandevalerio.com

Joseph A. Fonti
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
jfonti@labaton.com

WRITER'S E-MAIL ADDRESS
mwalsh@omm.com

Donald R. Hall, Jr.
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
14th Floor
New York, NY 10022
dhall@kaplanfox.com

> Re: *In re Fannie Mae 2008 Securities Litigation, Master File No. 08 Civ. 7831 (PAC)*

Dear Counsel:

We write to follow up on Lead Plaintiffs' objections to Fannie Mae's requests for information sufficient to identify "Confidential Witnesses 1-4" in your Consolidated Amended Complaint, and to produce related documents. (*See* Def. Fannie Mae's First Set of Interrogatories to Pls., No. 8 (served July 14, 2011) ("Interrog. No. 8"); Def. Fannie Mae's First Request for Production of Documents to Pls., No. 45 (served July 14, 2011) ("RFP No. 45").)

Although we did not agree with your assertion that the identities of Confidential Witnesses 1-4 were protected from disclosure by the work product privilege, there is now no dispute that your position is contrary to District Court precedent. In *Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, No. 08-cv-4063 (S.D.N.Y. Nov. 14, 2011), Judge Engelmayer held unequivocally that "the names of the persons identified in the [complaint] as confidential informants are not entitled to any work product protection." *Id.* at *8. Where, as here, "a party has attempted to satisfy the pleading requirements of the PSLRA 'by "showcasing" statements from a limited number of confidential witnesses, it may not thereafter refuse to disclose who they are' on grounds of work product." *Id.* at *10-11 (quoting

O'MELVENY & MYERS LLP
Meet and Confer Letter to Lead Plaintiffs' Counsel, December 5, 2011 - Page 2

*Ross v. Abercrombie & Fitch Co.*, No. 2:05-CV-0819, 2008 WL 821059, at *3 (S.D. Ohio Mar. 24, 2008)).

You also objected to identifying Confidential Witnesses 1-4 on the ground that doing so could subject them to retaliation and harassment. The Court expressly rejected that argument as well, holding that absent "reliable, non-conclusory basis to find that any of the CIs here faces a risk of retaliation sufficient to justify non-disclosure of his or her name to the defense," *id.* at *16, Plaintiffs were required to disclose the identities of confidential witnesses.

Please provide us with an amended response to Interrogatory No. 8 (requesting that Plaintiffs, among other things, "identify each person with knowledge of any of these facts and law, including, but not limited Confidential Witnesses 1-4 in the Complaint (each of whom should be separately and distinctly identified as such).") at your earliest convenience. In addition, please confirm that your upcoming production will contain documents responsive to Fannie Mae's Document Request No. 45 (requesting "[a]ll documents regarding Confidential Witnesses 1-4 in the Complaint.").

Please do not hesitate to contact me should you wish to discuss this matter.

Sincerely,

Michael J. Walsh, Jr.
for O'MELVENY & MYERS LLP


cc:  Counsel of Record



# O'MELVENY & MYERS LLP

| | 1625 Eye Street, NW<br>Washington, D.C. 20006-4001 | |
|---|---|---|
| BEIJING | | NEW YORK |
| BRUSSELS | | SAN FRANCISCO |
| CENTURY CITY | TELEPHONE (202) 383-5300 | SEOUL |
| HONG KONG | FACSIMILE (202) 383-5414 | SHANGHAI |
| JAKARTA† | www.omm.com | SILICON VALLEY |
| LONDON | | SINGAPORE |
| LOS ANGELES | | TOKYO |
| NEWPORT BEACH | | |

May 16, 2013

WRITER'S DIRECT DIAL
(202) 383-5280

**VIA ELECTRONIC MAIL**

WRITER'S E-MAIL ADDRESS
mwalsh@omm.com

Daniel E. Barenbaum
Berman DeValerio
One California Street, Suite 900
San Francisco, CA 94111
DBarenbaum@bermandevalerio.com

Louis Gottlieb
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
lgottlieb@labaton.com

Donald R. Hall, Jr.
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
14th Floor
New York, NY 10022
dhall@kaplanfox.com

      Re:    *In re Fannie Mae 2008 Securities Litigation, Master File No. 08 Civ. 7831 (PAC) – follow up regarding Confidential Witnesses*

Dear Counsel:

      I write regarding Lead Plaintiffs' refusal to provide information and documents sufficient to identify "Confidential Witnesses 1-4" in your Second Amended Joint Consolidated Complaint ("Second Amended Complaint"). (*See, e.g.*, Def. Fannie Mae's First Set of Interrogatories to Pls., No. 8 (served July 14, 2011) ("Interrog. No. 8"); Def. Fannie Mae's First Request for Production of Documents to Pls., No. 45 (served July 14, 2011) ("RFP No. 45").) As discussed during our meet-and-confers on April 2 and April 11, 2013, and as previously outlined in our letter dated December 5, 2011, the case law in this District leaves no question that Fannie Mae is entitled to know the identities of the confidential witnesses referenced in the Second Amended Complaint.

      Lead Plaintiffs first contend that the documents and information are protected from disclosure by the work product privilege. To date, Lead Plaintiffs have provided no support for their position, and, as we explained in our letter dated December 5, 2011, it is without merit. Since our last letter, additional courts in this District have rejected Lead Plaintiffs' position. Indeed, *every* court in this District to have considered the issue since the date of our last correspondence has expressly rejected the proposition that the identity of confidential witnesses identified in a shareholder class action complaint is protected from disclosure by the work product doctrine.

† In association with Tumbuan & Partners

O'MELVENY & MYERS LLP
Follow-Up Letter Regarding Confidential Witnesses, May 16, 2013 - Page 2

For example, in *In re Bear Stearns Cos., Sec., Derivative, & ERISA Litig.*, the Court held that "the work product doctrine cannot be employed to protect the identities of . . . confidential witnesses" cited in a complaint. No. 08 MDL No. 1963, 2012 U.S. Dist. LEXIS 10148, at *9 (S.D.N.Y. Jan. 27, 2012). In *In re Am. Int'l Group, Inc.*, the Court held that "Plaintiffs should not be permitted to rely on the testimony of confidential witnesses to state their claims, and then withhold the identities of the confidential witnesses during discovery." No. 08 Civ. 4772 (LTS) (DF), 2012 U.S. Dist. LEXIS 54099, at *15 (S.D.N.Y. Mar. 6, 2012). Where, as here, "a party has attempted to satisfy the pleading requirements of the PSLRA 'by "showcasing" statements from a limited number of confidential witnesses, it may not thereafter refuse to disclose who they are' on grounds of work product." *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 341 (S.D.N.Y. 2011) (quoting *Ross v. Abercrombie & Fitch Co.*, No. 2:05-CV-0819, 2008 WL 821059, at *3 (S.D. Ohio Mar. 24, 2008)); *id.* at 340 ("the names of the persons identified in the [complaint] as confidential informants are not entitled to any work product protection.").

Lead Plaintiffs next claim that identifying Confidential Witnesses 1-4 could subject them to retaliation and harassment. But courts in this District repeatedly reject vague claims of "witness protection" as a proper basis for withholding the identities of confidential witnesses cited in a complaint. *See, e.g., Arbitron*, 278 F.R.D. at 344 (holding that there was no "reliable, non-conclusory basis to find that any of the CIs here faces a risk of retaliation sufficient to justify non-disclosure of his or her name to the defense"); *see also, e.g., In re Am. Int'l Group, Inc.*, 2012 U.S. Dist. LEXIS 54099, at *19 ("Court directs the parties to confer in good faith and to utilize the existing confidentiality order in this action to address any specific confidentiality concerns of any individual."). Lead Plaintiffs have identified no specific threats of retaliation and no specific risks of harassment. Nor have Lead Plaintiffs explained why the operative protective order does not alleviate whatever concerns Lead Plaintiffs may have. Should you identify any specific concerns about any of the witnesses at issue, we would of course be willing to work with you to resolve them.

Please inform us at your earliest convenience whether you intend to provide the information that we have requested. If Lead Plaintiffs continue to refuse to provide this clearly discoverable information, we will have no choice but to seek relief from the Court. Please do not hesitate to contact me should you wish to discuss this matter.

Sincerely,

Michael J. Walsh, Jr.
of O'MELVENY & MYERS LLP

cc:   Counsel of Record



## BERMAN DEVALERIO

June 4, 2013

**VIA EMAIL**

Michael Walsh, Esq.
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006

      Re: *In re Fannie Mae 2008 Securities Litigation*, 08-cv-7831 (PAC)
           Response to May 16, 2013 Letter Regarding Confidential Witness Identities

Dear Mike:

I write on behalf of Lead Plaintiffs ("Lead Plaintiffs" or "Plaintiffs") in response to your May 16, 2013 letter regarding your request that Plaintiffs disclose the identities of their confidential witnesses and related documents.

### Work Product

Plaintiffs first object to disclosure of this information because it is protected work product. You state in your letter that "the case law in this District *leaves no question* that Fannie Mae is entitled to know the identities of the confidential witnesses referenced in the [complaint]" (emphasis added). That is simply incorrect.

First, there is <u>no</u> Second Circuit authority on this issue.

Second, district case law, at best, goes both ways. We are aware of no case in which Judge Crotty has addressed the issue. Cases supporting Plaintiffs' position are *In re SLM Corp. Sec. Litig.*, Master File No. 08 Civ. 1029 (WHP), 2011 U.S. Dist LEXIS 16893 at *1-2 (S.D.N.Y Feb. 15, 2011) and *In re Veeco Instruments, Inc. Sec. Litig.*, Case No. 05 MD. 1695 (CM)(GAY), 2007 U.S. Dist. LEXIS 5969 at *3-5 (S.D.N.Y. Jan. 26, 2007). See also *In re MTI Tech. Corp. Secs. Litig. II*, Case No. SACV 00-0745 DOC (ANx), 2002 U.S. Dist LEXIS 13015 at *10-18 (C.D. Cal. Jun. 14, 2002).

While, in your letter, you cite two new cases that have been decided since your first letter on this issue almost a year and half ago, their newness does not support Fannie Mae's assertion that the law on the matter is decided. Nor do those two cases support the rhetoric that "*every* court in this District to have considered the issue since our last correspondence [on December 5, 2011] has expressly rejected the proposition. . . ." (emphasis in original).

Here, Plaintiffs have submitted their Rule 26 Initial Disclosures, which identify all witnesses likely to have discoverable information that Plaintiffs may use to support their claim.



## BERMAN DEVALERIO

Michael Walsh, Esq.
June 4, 2013
Page 2

Plaintiffs have met their obligation; Fannie Mae can use those disclosures in conjunction with the confidential-witness information contained within the complaint.

### Retaliation

Plaintiffs also object to disclosure of the requested information because of the possibility of retaliation. Your claim that courts in this district "repeatedly reject vague claims" of retaliation is, once again, overreaching.

First, the absence of discussion of retaliation in cases supporting Plaintiffs' position is of no moment. The cases you cite—the same two you cite in support of your work product argument—reach the issue of retaliation *because* they reject the work product position. One would not necessarily expect retaliation to be discussed in cases where a work-product claim was upheld.

Second, the fear of retaliation here is not "vague." Certain Fannie Mae employees who have complained to the government now claim to have experienced retaliation. *See, e.g., Skrynnikov v. Fed. Nat'l Mortgage Assoc.*, No. 11-0609 (GK), 2013 WL 1901037, at *1 (D.D.C. May 8, 2013); *Taylor v. Fed. Nat'l Mortgage Assoc.*, 839 F. Supp. 2d 259, 260 (D.D.C. 2012); *Herron v. Fannie Mae*, No. 10-cv-00943-RMC (D.D.C. Apr. 30, 2012); *Kimpson v. Fannie Mae Corp.*, No. 06-18 (RWR), 2007 WL 1020799, at *1 (D.D.C. Mar. 31, 2007).

Third, there is an important public policy in favor of protecting witness confidentiality. *See In re MTI*, 2002 U.S. Dist LEXIS 13015 at *17-18. Protecting the identities of the confidential witnesses is also consistent with Congressional intent under the Sarbanes-Oxley Act of 2002 ("SOX"). *See, e.g.,* SOX §§ 301, 806, 1107.

\*   \*   \*



**BERMAN DEVALERIO**

Michael Walsh, Esq.
June 4, 2013
Page 3

We continue to maintain objections to these discovery requests. Indeed, given the current direction of this litigation and the wealth of documentary evidence produced by the SEC and, to a lesser extent, Fannie Mae, it is unclear why Fannie Mae is insistent on obtaining this tangential information. Given that evidence, Plaintiffs expect that confidential-witness testimony will likely be unnecessary. Please feel free to contact me if you would like to further discuss the matter.

Yours sincerely,

Daniel E. Barenbaum

cc: James E. Anklam, Esq.
Hector Gonzalez, Esq.
Joseph J. Aronica, Esq.
Louis Gottlieb, Esq.
Donald R. Hall, Esq.

## Johnson, Sarah E.

| | |
|---|---|
| **From:** | Daniel Barenbaum <DBarenbaum@bermandevalerio.com> |
| **Sent:** | Wednesday, June 19, 2013 9:05 PM |
| **To:** | Walsh, Michael |
| **Cc:** | Johnson, Sarah E.; jjaronica@duanemorris.com; james.anklam@dlapiper.com; hector.gonzalez@dechert.com; Gottlieb, Louis; Donnie Hall |
| **Subject:** | RE: In re Fannie Mae 2008 Sec. Litig., 08-cv-7831 (PAC) (SDNY) |

Mike,

I appreciate you closing the loop with your email. I agree that we have reached an impasse on the confidential witness issue. Our position remains the same as that articulated in my June 4th letter. Given that, I do not believe there is anything that the parties need to further discuss, but I am happy to speak if you have something in mind.

Thanks,
Dan

---

**From:** Walsh, Michael [mailto:mwalsh@omm.com]
**Sent:** Tuesday, June 18, 2013 2:27 PM
**To:** Daniel Barenbaum
**Cc:** Johnson, Sarah E.; jjaronica@duanemorris.com; james.anklam@dlapiper.com; hector.gonzalez@dechert.com; Gottlieb, Louis; Donnie Hall
**Subject:** RE: In re Fannie Mae 2008 Sec. Litig., 08-cv-7831 (PAC) (SDNY)

Dan,

Thanks for your letter. It looks like we have reached an impasse on the confidential witness issue. Please let us know within 48 hours whether you will reconsider your position or whether you think there is anything else we should discuss. If not, we will seek court intervention.

**Mike Walsh**
**O'Melveny & Myers LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
202.383.5280 (direct dial)
202.383.5414 (fax)
mwalsh@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Daniel Barenbaum [mailto:DBarenbaum@bermandevalerio.com]
**Sent:** Tuesday, June 04, 2013 8:10 PM
**To:** Walsh, Michael
**Cc:** Johnson, Sarah E.; jjaronica@duanemorris.com; james.anklam@dlapiper.com; hector.gonzalez@dechert.com;

1

Gottlieb, Louis; Donnie Hall
**Subject:** In re Fannie Mae 2008 Sec. Litig., 08-cv-7831 (PAC) (SDNY)

Mike,

Please see attached letter responding to your May 16th letter.

Best regards,
Dan



**BERMAN DeVALERIO**

**Daniel Barenbaum**
Partner
Berman DeValerio
One California Street, Suite 900
San Francisco, CA 94111
p. 415.433.3200 | f. 415.433.6382
dbarenbaum@bermandevalerio.com
www.BermanDeValerio.com

2