

Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

October 23, 2013

Hon. Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *In re Fannie Mae 2008 Securities Litigation*, 08-cv-7831(PAC) (S.D.N.Y.)

Dear Judge Crotty:

    We write to request a pre-motion conference on behalf of the Preferred Stock Lead Plaintiff, Tennessee Consolidated Retirement System, ("Lead Plaintiff") in the above-referenced securities action. Lead Plaintiff seeks permission to file a motion for certification under Federal Rule of Civil Procedure 54(b) of the Court's November 24, 2009 dismissal of Lead Plaintiff's claims under Sections 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") against Fannie Mae and the Underwriter Defendants.[1] The Securities Act claims were dismissed based on a discrete issue of Fannie Mae's immunity both under its charter and under a provision of the Securities Act providing immunity for government instrumentalities from Section 12(a)(2) liability. However, claims under the Exchange Act of 1934 were upheld and are presently in discovery. Final judgment on the Securities Act claims is appropriate because the claims have been finally decided and there is no just reason for delaying appeal.

    Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In determining whether there is any just reason for delaying judgment, courts "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). This requires considering "such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there are subsequent appeals." *Id.*

---

[1] The Underwriter Defendants are: Banc of America Securities LLC; Barclays Capital Inc.; Bear Stearns & Co., Inc.; Citigroup Global Markets Inc.; Deutsche Bank Securities, Inc.; E*Trade Securities LLC; Goldman Sachs & Co.; J.P. Morgan Securities, Inc.; Merrill Lynch, Pierce, Fenner & Smith Inc.; Morgan Stanley & Co. Inc.; UBS Securities LLC; Wachovia Capital Markets, LLC; Wachovia Securities, LLC; and Wells Fargo Securities LLC. *See* Joint Consolidated Amended Class Action Complaint ¶¶ 660-673.



Here, there can be no doubt that the claims under review are separable from the others remaining to be adjudicated—indeed, the Court ordered bifurcated motion to dismiss briefing on precisely this basis, expediting the determination of the immunity issue. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 17 (2d Cir. 1997) (affirming entry of Rule 54(b) final judgment because issues that would be presented on appeal "are entirely unrelated to the merits of the claims that are to be tried"). Likewise, the nature of the decided issue—Fannie Mae's Securities Act immunity—is such that no appellate court would have to decide the same issues more than once even if there are subsequent appeals because this issue only applies to the dismissed Securities Act claims.

Additionally, "entry of judgment under Rule 54(b) is particularly appropriate 'where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims.'" *Zaratzian v. Abadir*, No. 7:10–cv–9049 (VB), 2011 WL 5142678, at *1 (S.D.N.Y. Sept. 21, 2011) (quoting *Advanced Magnetics,* 106 F.3d at 16 (affirming Rule 54(b) judgment based in part on desirability of avoiding duplicative trials)). Here, no trial date for the Exchange Act claims has been set, and the Case Management Order suggests that the trial will not be scheduled for a date prior to May 2015 (when summary judgment motion briefing is concluded). Thus, an immediate appeal concerning the dismissed Securities Act claims may be resolved in time for a joint trial, if the claims are reinstated.

For these reasons, as more fully described in Lead Plaintiff's motion, Lead Plaintiff requests permission to file a motion for Rule 54(b) certification of the dismissed Securities Act claims.

Respectfully,

Frederic S. Fox

cc: Counsel for Fannie Mae, Daniel Mudd, Enrico Dallavecchia, the Federal Housing Finance Agency, and the Underwriter Defendants