# GREER, HERZ & ADAMS, L.L.P.

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

GALVESTON OFFICE:
ONE MOODY PLAZA, 18TH FLOOR
GALVESTON, TEXAS 77550
(409) 797-3200

**ANDREW J. MYTELKA**
(409) 797-3233
amytelka@greerherz.com

BAY AREA HOUSTON OFFICE:
2525 SOUTH SHORE BLVD., SUITE 203
LEAGUE CITY, TEXAS 77573
(281) 480-5278

Reply to:  Galveston Office

www.greerherz.com

April 4, 2014

Hon. Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**VIA ECF**

Re:     *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (PAC)

Dear Judge Crotty:

      We write on behalf of Comprehensive Investment Services, Inc. ("CIS"), plaintiff in an individual action that has been coordinated with the above-referenced consolidated action for pretrial purposes.

      We are in receipt of Lead Plaintiffs' counsels' March 26, 2014, letter to you regarding the discovery dispute between Lead Plaintiffs and Defendants, as well as the letter dated March 31, 2014, 2014, submitted by counsel for Defendants, Daniel Mudd and Enrico Dallavecchia. CIS joins Lead Plaintiffs' arguments. For the reasons stated by Lead Plaintiffs, CIS requests that the Court require Defendants to produce the transcripts and exhibits of all depositions taken in the related Securities and Exchange Commission ("SEC") action[1] and to all parties in the consolidated action, and to disclose the identities of all deponents, to both the Lead Plaintiffs and to CIS.[2]

---

[1] *SEC v. Mudd, et al.* No. 11-cv-9202 (PAC) ("SEC Action").

[2] In addition to the Lead Plaintiffs' arguments for production of the deposition testimony and exhibits, CIS also points out:
    1. All plaintiffs in this coordinated action are entitled to the production of relevant information. Fed. R. Civ. P. 26(b)(1). The testimony of a defendants' employees in a separate but factually similar case is relevant. *See Carter-Wallace, Inc. v. Hartz Mountain Industries, Inc.*, 92 F.R.D. 67, 70 (S.D.N.Y. October 27, 1981) (citing *Olympic Refining Company v. Carter*, 332 F.2d 260, 266 (9th Cir.), cert denied, 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175 (1964)) (plaintiffs are entitled to know what defendants' personnel told other parties under oath in a separate, but factually similar, case). The SEC Action is factually similar to the allegations at issue in this coordinated action, and the requested deposition testimony obtained in that action is both relevant and discoverable.
    2. The deposition testimony sought is information controlled by the Defendants. The protective order in the SEC Action permits a party to disclose <u>its own confidential information</u>. Protective Order at 9(c), No. 11-cv-9202, ECF No. 63, attached as Exhibit A to Defendants' March 31, 2014 letter ("This Amended Confidentiality Order shall not. . . c. Prevent a Party or non-party's disclosure of its own Confidential Information or Sensitive Personal

April 4, 2014
Page 2

Re:   *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (PAC)

---

      Additionally, unlike the Lead Plaintiffs with respect to certain witnesses, and despite repeated requests, CIS has not received the transcripts and accompanying exhibits of any current or former employee witnesses that were previously interviewed by the SEC. As part of discovery coordination, we request that Lead Plaintiffs forward, or make available to all coordinated cases in the consolidated action, all discovery it receives from any person or entity, including deposition and interview transcripts and accompanying exhibits from the SEC.

      Sincerely,

      Andrew J. Mytelka

AJM/bb

cc:   All counsel of record (via ecf)

---

Information"). Only the party receiving the confidential information is prohibited from disclosing it. In such a situation, the disclosing party may not hide behind a protective order in order to avoid producing relevant information. *See Carter-Wallace, Inc.*, 92 F.R.D. at 69.

    In *Carter-Wallace*, a plaintiff sought production of the transcripts of the defendant's personnel's depositions which were taken in a separate, but factually similar case. The defendant argued that a protective order in the separate case prohibited it from producing the transcripts. The court rejected the defendant's argument because the protective order only prohibited parties *receiving* confidential information from disclosing the information. The defendant, as the party that originally controlled the evidence, was not bound by the protective order.

    *Carter-Wallace* is on-point. Lead Plaintiffs asked Fannie Mae to produce deposition testimony of its "present and former officers, directors, partners, principals, [and] employees." Fannie Mae and its officers, Daniel Mudd and Enrico Dallavecchia, refused to produce the testimony relying on a protective order that only prohibits the *receiving party* from disclosing confidential information. Because Plaintiffs are seeking the production of Defendants' own testimony (i.e. its own confidential information), the protective order relied upon by Defendants does not shield that testimony from production.

319258.1