**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|   |   |   |
|---|---|---|
| | : | |
| IN RE FANNIE MAE 2008 SECURITIES | : | Master File No. 08 Civ. 7831 (PAC) |
| LITIGATION | : | ECF Case |
| | : | |
| | : | |

_____

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

WHEREAS, as of October 24, 2014, (i) Lead Plaintiffs, the Massachusetts Pension Reserves Investment Management Board ("PRIM") and State Boston Retirement Board ("SBRB"), as co-lead plaintiffs for the Common Stock Class, and Tennessee Consolidated Retirement System ("TCRS"), as lead plaintiff for the Preferred Stock Class (collectively, the "Lead Plaintiffs"), for themselves and on behalf of all persons who are Members of the Common Stock Class and/or Preferred Stock Class, respectively, (collectively, the "Plaintiffs"), on the one hand, and (ii) Defendant Federal National Mortgage Association ("Fannie Mae" or the "Settling Defendant"); and (iii) the Federal Housing Finance Agency ("FHFA"), as Conservator for Fannie Mae, (collectively, Lead Plaintiffs, Fannie Mae, and FHFA are referred to herein as the "Settling Parties"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Second Amended Joint Consolidated Class Action Complaint, filed on March 2, 2012, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and its exhibits, and Lead Plaintiffs' application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement in accordance with the Stipulation; and

WHEREAS, the Settling Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2014 that:

1.      The Court preliminarily finds the Settlement set forth in the Stipulation to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Common Stock Class consisting of:  all Persons who, during the Class Period, either on the secondary market or through an original offering pursuant to a registration statement or prospectus: (a) purchased or acquired Fannie Mae common stock and/or call options and/or (b) sold Fannie Mae common stock put options, and were thereby damaged.  Excluded from the Common Stock Class are (i) Defendants and Former Defendants; (ii) members of the immediate family of any Non-Settling Individual Defendant or Former Individual Defendant; (iii) any person who was an officer or member of the Board of Directors of Fannie Mae during the Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant or Former Defendant has or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-

interest, or assigns of any such excluded party.  For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants or Former Defendants, and include any employee benefit plan organized for the benefit of Fannie Mae's employees. Former Underwriter Defendants and their affiliates shall be excluded solely with regard to the securities held solely on behalf of, or for the benefit of, their own account(s) (*i.e.*, accounts in which they hold a proprietary interest).  Any Investment Vehicle (as defined in the Stipulation and Notice) shall not be deemed an excluded person or entity by definition.  Also excluded from the Common Stock Class is any Person who submits a valid and timely request for exclusion in accordance with the requirements set forth in the court-approved Notice.

3.      The Court also hereby certifies for the purposes of the Settlement only, the Preferred Stock Class consisting of: all Persons who, during the Class Period, either on the secondary market or through an original offering pursuant to a registration statement or prospectus purchased or acquired Fannie Mae preferred stock, and were thereby damaged. Excluded from the Preferred Stock Class are (i) Defendants and Former Defendants; (ii) members of the immediate family of any Non-Settling Individual Defendant or Former Individual Defendant; (iii) any person who was an officer or member of the Board of Directors of Fannie Mae during the Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant or Former Defendant has or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants or Former Defendants, and include any employee benefit plan organized

for the benefit of Fannie Mae's employees.  Former Underwriter Defendants and their affiliates shall be excluded solely with regard to the securities held solely on behalf of, or for the benefit of, their own account(s) (*i.e.*, accounts in which they hold a proprietary interest).  Any Investment Vehicle (as defined in the Stipulation and Notice) shall not be deemed an excluded person or entity by definition.  Also excluded from the Preferred Stock Class is any Person who submits a valid and timely request for exclusion in accordance with the requirements set forth in the court-approved Notice.

4.      The Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Classes defined herein and for the purposes of the Settlement only, in that:

(a)      the Members of the Common Stock Class are so numerous that joinder of all is impracticable;

(b)      the Members of the Preferred Stock Class are so numerous that joinder of all is impracticable;

(c)      there are questions of law and fact common to the Members of the Common Stock Class;

(d)      there are questions of law and fact common to the Members of the Preferred Stock Class;

(e)      the claims of Lead Plaintiffs SBRB and PRIM are typical of the Common Stock Class's claims;

(f)      the claims of Lead Plaintiff TCRS are typical of the Preferred Stock Class's claims;

(g)     Lead Plaintiffs SBRB and PRIM and Co-Lead Counsel Labaton Sucharow LLP and Berman DeValerio have fairly and adequately represented and protected the interests of the Common Stock Class;

(h)     Lead Plaintiff TCRS and Lead Counsel Kaplan Fox & Kilsheimer LLP have fairly and adequately represented and protected the interests of the Preferred Stock Class;

(i)     the questions of law and fact common to Common Stock Class Members predominate over any individual questions;

(j)     the questions of law and fact common to Preferred Stock Class Members predominate over any individual questions;

(k)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Common Stock Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Common Stock Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Common Stock Class Members in individually controlling the litigation of their claims; and

(l)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Preferred Stock Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Preferred Stock Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant

interest among Preferred Stock Class Members in individually controlling the litigation of their claims.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs SBRB and PRIM are certified as Class Representatives for the Common Stock Class.  The law firms of Labaton Sucharow LLP and Berman DeValerio are appointed Class Counsel for the Common Stock Class.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff TCRS is certified as Class Representative for the Preferred Stock Class.  The law firm of Kaplan Fox & Kilsheimer LLP is appointed Class Counsel for the Preferred Stock Class.

7.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2015, at __:____ _.m. for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Judgment as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Classes of the Released Class Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)      to determine, for purposes of the Settlement only, whether the Settlement Classes should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for their respective class; and whether the law firms of Labaton Sucharow LLP,

Berman DeValerio, and Kaplan Fox & Kilsheimer should be finally appointed as Class Counsel for their respective class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's request(s) for awards of attorneys' fees and expenses (which may include applications for awards to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Classes, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

8.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Classes of any kind.  The Court further reserves the right to enter the Judgment regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to Members of the Settlement Classes.

9.    The Court approves the form, substance and requirements of the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 3, respectively.

10.    The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Members of the Settlement Classes who can be identified with reasonable effort.  Fannie Mae, to the extent it has not already done so, shall use its best effort to provide to Lead Counsel, or the Claims

Administrator, no later than five (5) business days after entry of this Preliminary Approval Order, shareholder lists that Fannie Mae possesses containing the names and addresses of the purchasers of Fannie Mae common stock and/or preferred stock during the Class Period.

11.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons who purchased or otherwise acquired the common stock, call options, or preferred stock of Fannie Mae, or sold Fannie Mae common stock put options, during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (ii) request additional copies of the Notice and Proof of Claim from the Claims Administrator, and within seven (7) calendar days of receipt of such copies send them by first-class mail directly to the beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed and shall retain a record of the names and addresses used in the mailing. Additional copies of the Notice and Proof of Claim shall be made available by the Claims Administrator to any record holder requesting them for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

12.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

13.     The Court approves the form of the Summary Notice substantially in the form annexed hereto as Exhibit 2, and directs that Lead Counsel cause the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

14.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Member of the Settlement Classes shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 3, must be submitted to the Claims Administrator, either online at the website indicated in the Notice or by mail at the address indicated in the Notice, and postmarked or received no later than 120 calendar days after the Notice Date.  Such deadline may be further extended by Court order or by Lead Plaintiffs in their discretion.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) provided such Proof of Claim is actually received prior to the filing of a motion for an order of the Court approving distribution of the Net Settlement

Fund.  Any Proof of Claim submitted online or in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Member of the Settlement Classes who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 17 of this order.

(b)     The Proof of Claim submitted by each Member of the Settlement Classes must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of that Person's current authority to act on behalf of the Member of the Settlement Classes must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletion or modification of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Member of the Settlement Classes shall submit to the jurisdiction of the Court with respect to the claim submitted.

16.     Any Member of the Settlement Classes may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any

Member of the Settlement Classes does not enter an appearance, he, she or it will be represented by Lead Counsel for his, her, or its respective settlement class.

17.     Members of the Settlement Classes shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion in a timely and proper manner, as hereinafter provided.  A putative Member of the Common Stock Class and a putative Member of the Preferred Stock Class wishing to make such an exclusion request from their respective class shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than sixty (60) calendar days after the Notice Date. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Common Stock Class and/or the Preferred Stock Class in *In re Fannie Mae 2008  Sec. Litig.*, No. 08-7831 (S.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also required to state the information requested in the Notice, including, but not limited to: the date(s), price(s), number(s), and type(s) of securities purchased, acquired, and sold of Fannie Mae during the Class Period, and the amount of holdings of these securities.  The request for exclusion shall not be effective unless it provides all of the required information in the manner set forth above, and is made within the time stated above and in the Notice, or the exclusion is otherwise accepted by the Court.  Persons who are Members of both the Common Stock Class and the Preferred Stock Class and who request exclusion from one or both classes will be excluded from both classes.

18.     Putative Members of the Common Stock Class requesting exclusion shall not be eligible to receive any payment out of the portion of the Net Settlement Fund allocable to the

Common Stock Class, as described in the Stipulation and Notice.  Putative Members of the

Preferred Stock Class requesting exclusion shall not be eligible to receive any payment out of the

portion of the Net Settlement Fund allocable to the Preferred Stock Class, as described in the

Stipulation and Notice.  Persons who are Members of both the Common Stock Class and the

Preferred Stock Class and who request exclusion from one or both classes shall not be eligible to

receive any payment out of the Net Settlement Fund.

19.     The Court will consider any Member of the Settlement Classes's objection to the

Settlement, the Plan of Allocation, and/or the application(s) for awards of attorneys' fees or

expenses only if such Person has served by hand or by mail his, her or its written objection and

supporting papers such that they are received on or before sixty (60) calendar days after the

Notice Date, upon Lead Counsel: Thomas A. Dubbs and Louis Gottlieb, Labaton Sucharow LLP,

140 Broadway, New York, NY 10005, Glen DeValerio and Daniel E. Barenbaum, Berman

DeValerio, One Liberty Square, Boston, MA 02109, and Frederic S. Fox and Donald Hall,

Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Fl., New York, NY 10022; Fannie

Mae's Counsel: Jeffrey W. Kilduff, O'Melveny & Myers, 1625 Eye Street, N.W., Washington,

D.C., 20006; and FHFA's Counsel: Joseph J. Aronica, Duane Morris LLP, 505 9th Street, N.W.

Suite 1000, Washington, DC 20004, and has filed said objections and supporting papers with the

Clerk of the United States District Court for the Southern District of New York, Daniel Patrick

Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312.  Any

Member of the Settlement Classes who does not make his, her, or its objection in the manner

provided for in the Notice shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation,

or to the request(s) for awards of attorneys' fees and expenses, unless otherwise ordered by the

Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary; however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application(s) for awards of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application(s) for awards of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Members of the Settlement Classes do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Members of the Settlement Classes, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Class Claims against the Released Defendant Parties.

21. Prior to the Effective Date, Lead Counsel may pay the Claims Administrator, as set forth in the Stipulation, the reasonable fees and costs associated with giving notice to the Settlement Classes and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

22. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request(s) for awards of attorneys' fees and expenses shall be filed with the Court and served on or before forty-three (43) calendar days after the Notice Date.  If reply papers are necessary, they

are to be filed with the Court and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

23.     The passage of title and ownership of the Settlement Fund to the Escrow Agents in accordance with the terms and obligations of the Stipulation is approved.  No Person who is not a Member of the Settlement Classes or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

25.     Neither the Settling Defendant, the Non-Settling Individual Defendants, FHFA, nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

26.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action as of May 29, 2014.

27.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, 2014   _____
                                Honorable Paul A. Crotty
                                UNITED STATES DISTRICT JUDGE

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FANNIE MAE 2008 SECURITIES LITIGATION | Master File No. 08 Civ. 7831 (PAC)<br>ECF CASE |
| THIS DOCUMENT RELATES TO:<br>Consolidated Securities Action | |

**NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) REQUESTS FOR AWARDS OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: ALL PERSONS AND ENTITIES THAT, DURING THE PERIOD BETWEEN NOVEMBER 8, 2006 AND SEPTEMBER 5, 2008, INCLUSIVE (THE "CLASS PERIOD"), EITHER ON THE SECONDARY MARKET OR THROUGH AN ORIGINAL OFFERING PURSUANT TO A REGISTRATION STATEMENT OR PROSPECTUS: (I) PURCHASED OR ACQUIRED FANNIE MAE COMMON STOCK AND/OR COMMON STOCK CALL OPTIONS AND/OR (II) SOLD FANNIE MAE COMMON STOCK PUT OPTIONS, AND WERE THEREBY DAMAGED; AND/OR (III) PURCHASED OR ACQUIRED FANNIE MAE PREFERRED STOCK DURING THE CLASS PERIOD, AND WERE THEREBY DAMAGED.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF CLASS ACTION SETTLEMENT:** Please be advised that the Court-appointed co-lead plaintiffs for the Common Stock Class (defined in ¶1 below), the Massachusetts Pension Reserves Investment Management Board ("PRIM") and State Boston Retirement Board ("SBRB"), and the Court-appointed lead plaintiff for the Preferred Stock Class (defined in ¶1 below and, together with the Common Stock Class, referred to as the "Settlement Classes"), Tennessee Consolidated Retirement System ("TCRS," and together with PRIM and SBRB, "Lead Plaintiffs"), on behalf of themselves and their respective classes, have reached a proposed Settlement of the above-captioned securities class action lawsuit (the "Action") with Defendants Federal National Mortgage Association ("Fannie Mae") and the Federal Housing Finance Agency ("FHFA"), Conservator for Fannie Mae (together, Lead Plaintiffs, Fannie Mae, and FHFA are referred to as the "Settling Parties") for a total of $170,000,000.00 in cash.[1]  $123,760,000 has been allocated to the Common Stock Class ("Common Stock Allocated Amount") and $46,240,000 has been allocated to the Preferred Stock Class ("Preferred Stock Allocated Amount").  If approved, the proposed Settlement will resolve all claims in the Action.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a Member of the Common Stock Class and/or the Preferred Stock Class your legal rights will be affected whether or not you act.**

If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please **DO NOT** contact Fannie Mae or FHFA.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶¶8, 102, and 125 below).

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM ("CLAIM FORM") BY: [DATE].** | This is the only way to be eligible to receive a payment from the Settlement.  If you are a Member of the Common Stock Class and/or Preferred Stock Class, and do not seek exclusion, you will be bound by the Settlement as approved by the Court and you will give up any Released Class Claims (as defined in ¶99 below) that you have against Released Defendant Parties (as defined in ¶100 below), so it is in your interest to submit a Claim Form.  A Claim Form is included with this Notice.  You can also visit www.FannieMae2008Litigation.com to obtain, complete, and file a Claim Form online. |
| **EXCLUDE YOURSELF BY SUBMITTING A WRITTEN REQUEST SO THAT IT IS *RECEIVED* NO LATER THAN [DATE].** | Receive no payment.  This is the only option that, assuming your claim is timely brought, might enable you to ever bring or be part of any <u>other</u> lawsuit about the Released Class Claims against Released Defendant Parties. |
| **OBJECT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN [DATE].** | If you are a Member of the Common Stock Class and/or the Preferred Stock Class and do not like the proposed Settlement, the proposed Plan of Allocation, or the requests for attorneys' fees and litigation expenses, you may write to the Court and explain why you do not like them. |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated as of October 24, 2014 (the "Stipulation"), which is available on the website for the Settlement at www.FannieMae2008Litigation.com.

| GO TO THE HEARING ON [DATE] AT [TIME], AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [DATE]. | Filing a written objection and notice of intention to appear by **[DATE]** allows you to, at the discretion of the Court, speak in Court about the fairness of the proposed Settlement, the Plan of Allocation, or the requests for attorneys' fees and litigation expenses.   If you submit a written objection, you may (but do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| DO NOTHING. | If you are a Member of the Settlement Classes and you do not submit a Claim Form by **[DATE],** you will not be eligible to receive any payment from the Settlement Fund.   You will, however, remain a Member of the Settlement Classes, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

1.    **Notice of Pendency of Class Action and Settlement Classes**: This Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that Defendants[2] violated the federal securities laws by (i) misrepresenting the state of risk controls relating to Fannie Mae's purchase of certain mortgages, including subprime and Alt-A loans and (ii) misrepresenting Fannie Mae's exposure to subprime and Alt-A mortgages.  The proposed Settlement, if approved by the United States District Court for the Southern District of New York (the "Court"), will settle claims of the following classes of persons and entities:

> **(i)    All persons and entities that, during the period between November 8, 2006 and September 5, 2008, inclusive, either on the secondary market or through an original offering pursuant to a registration statement or prospectus: (a) purchased or acquired Fannie Mae common stock and/or common stock call options and/or (b) sold Fannie Mae common stock put options, and were thereby damaged (the "Common Stock Class")**

> **(ii)   All persons and entities that, during the period between November 8, 2006 and September 5, 2008, inclusive, either on the secondary market or through an original offering pursuant to a registration statement or prospectus purchased or acquired Fannie Mae preferred stock, and were thereby damaged (the "Preferred Stock Class").**

Excluded from the Settlement Classes by definition are: (i) Defendants and Former Defendants; (ii) members of the immediate family of any Non-Settling Individual Defendant or Former Individual Defendant; (iii) any person who was an officer or director of the Board of Directors of Fannie Mae during the Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant or Former Defendant has or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants or Former Defendants, and include any employee benefit plan organized for the benefit of Fannie Mae's employees.  Former Underwriter Defendants and their affiliates shall be excluded solely with regard to the securities held solely on behalf of, or for the benefit of, their own account(s) (*i.e.*, accounts in which they hold a proprietary interest).  Any Investment Vehicle shall not be deemed an excluded person or entity by definition.  Also excluded is any Person who submits a valid and timely request for exclusion in accordance with the requirements set forth in this Notice.

2.    **Statement of Recovery of Settlement Classes**:  Subject to Court approval, and as described more fully below, Lead Plaintiffs, on behalf of themselves and their respective classes, have agreed to settle all claims based on (i) the purchase or other acquisition of Fannie Mae common stock and Fannie Mae call options; (ii) the sale of Fannie Mae common stock put options; and (iii) the purchase or other acquisition of Fannie Mae preferred stock during the Class Period, that were or could have been asserted against Defendants in the Action, in exchange for a settlement payment of $170,000,000 in cash (the "Settlement Amount") to be deposited into interest-bearing escrow accounts.  The Settlement is being apportioned between the Common Stock Class and the Preferred Stock Class as follows: $123.76 million or 72.8% of the Settlement Amount to the Common Stock Class and $46.24 million or 27.2% of the Settlement Amount to the Preferred Stock Class.  This apportionment was determined by Lead Plaintiffs for the Common Stock Class and the Preferred Stock Class and is based upon and fully consistent with the overall estimated damages attributable to each class determined by a consulting damages expert for Lead Plaintiffs.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Expenses; (iii) any litigation expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Classes.   The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 10-15 below.

3.    **Estimate of Average Amount of Recovery Per Share**: Lead Plaintiffs' consulting plan of allocation expert estimates that approximately 1,490,292,170 shares of Fannie Mae common stock, 268,797,100 common stock call options, and 469,676,527 shares of Fannie Mae preferred stock were purchased, and 296,373,600 common stock put options were sold, during the Class Period and held through an alleged disclosure and therefore were allegedly damaged pursuant to Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act").  Lead Plaintiffs' consulting plan of allocation expert estimates that, if valid claims for all damaged shares are submitted, the average recovery per allegedly damaged share of Fannie Mae common stock will be approximately $0.08 per share before deduction of attorneys' fees, costs and expenses awarded by the Court, and the costs of providing notice and administering the Settlement.  Similarly, Lead Plaintiffs' consulting plan of allocation expert estimates that, if valid claims for all damaged shares are submitted,

---

[2] Defendants are Fannie Mae, FHFA, Daniel H. Mudd, and Enrico Dallavecchia.  Mudd and Dallavecchia are referred to as the "Non-Settling Individual Defendants."

the average recovery per allegedly damaged Fannie Mae common stock call option will be approximately $0.002 before deduction of attorneys' fees, costs and expenses awarded by the Court, and the costs of providing notice and administering the Settlement. Similarly, Lead Plaintiffs' consulting plan of allocation expert estimates that, if valid claims for all damaged shares are submitted, the average recovery per allegedly damaged Fannie Mae common stock put option will be approximately $0.02 before deduction of attorneys' fees, costs and expenses awarded by the Court, and the costs of providing notice and administering the Settlement. Lead Plaintiffs' consulting plan of allocation expert estimates that, if valid claims for all damaged shares are submitted, the average recovery per allegedly damaged share of Fannie Mae preferred stock will be approximately $0.10 per share before deduction of attorneys' fees, costs and expenses awarded by the Court, and the costs of providing notice and administering the Settlement. **Members of the Settlement Classes should note, however, that the foregoing average recovery per damaged share of Fannie Mae common stock, per damaged common stock call option, per damaged common stock put option, and per damaged share of preferred stock are only estimates.** The actual recovery of a Member of the Settlement Classes will depend on several things, including: (i) the number of claims filed; (ii) when Members of the Settlement Classes purchased, acquired, and/or held their Fannie Mae common stock, common stock call options, and/or preferred stock, and/or sold their common stock put options, during the Class Period; and (iii) whether Members of the Settlement Classes sold their shares of Fannie Mae common stock, common stock call options, and/or preferred stock, and/or closed their common stock put options, and, if so, when. Distributions to Members of the Settlement Classes will be made based on the Plan of Allocation set forth herein (see pages 10-15 below) or such other plan of allocation as may be ordered by the Court.

4.      <u>Statement of Potential Recovery and Average Amount of Damages Per Share</u>: The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. The Parties strenuously disagreed about the ability of Lead Plaintiffs to prove damages, even if liability were established. Defendants repeatedly argued that Lead Plaintiffs' damages were overstated. At summary judgment or trial, Defendants would likely argue, inter alia, that: (i) statistically significant stock price reactions were not the result of corrective disclosures nor were they the result of a materialization of previously undisclosed risks and therefore did not cause damages; and (ii) damages must be offset by certain gains. Defendants also assert that they were prepared to establish that the price of Fannie Mae common stock, common stock call options, and preferred stock declined in value, and the price of Fannie Mae common stock put options increased in value, for reasons not related to the disclosure of any allegedly false or misleading statements. In sum, Defendants do not agree with the assertion that they engaged in any actionable misconduct under the federal securities laws or that any damages were suffered by any Members of the Settlement Classes as a result of their conduct.

5.      <u>Statement of Attorneys' Fees and Expenses Sought</u>: Court-appointed Lead Counsel for the Preferred Stock Class, Kaplan Fox & Kilsheimer LLP, and Lead Counsel for the Common Stock Class, Labaton Sucharow LLP and Berman DeValerio, (collectively "Lead Counsel"), who have been prosecuting the Action on a wholly contingent basis since its inception in 2008, have not received any payment of attorneys' fees for their representation of the Settlement Classes and have advanced millions of dollars in expenses necessarily incurred in order to prosecute the Action. As set forth in greater detail below (see ¶¶16-37 below), Lead Counsel have taken this case from inception through discovery, which was scheduled to conclude in September 2014. Among other things, Lead Counsel were responsible for: (i) conducting an extensive investigation into the claims of the Settlement Classes; (ii) drafting two detailed amended complaints; (iii) opposing two rounds of multiple dismissal motions; (iv) successfully opposing Defendants' motions for reconsideration of multiple issues decided by the Court in connection with Defendants' first round of motions to dismiss; (v) filing Lead Plaintiffs' motions for class certification[3]; (vi) engaging in an extensive discovery program, including participating in approximately 21 depositions and receiving, reviewing, and/or analyzing more than 75 million pages of documents from Defendants; and (vii) engaging in multiple in-person and telephonic meetings regarding a possible settlement of the Action before reaching an agreement in principle to settle.

6.      Lead Counsel for the Common Stock Class and Lead Counsel for the Preferred Stock Class will make an application(s) for awards of attorneys' fees of no more than 20%, in the aggregate, of the Settlement Fund. They will also make an application(s) for payments of litigation expenses incurred in connection with the prosecution and resolution of the Action, in amounts that will not in the aggregate exceed $2,950,000, which sums may also directly include the reasonable costs and expenses of the Common Stock Lead Plaintiffs and Preferred Stock Lead Plaintiff directly related to their representation of their respective class. Pending review of the final fee and expense application(s), Lead Plaintiffs PRIM, SBRB, and TCRS each reserve all of their rights, including the right to object to such application(s).

7.      If the Court approves an application(s) for fees of no more than 20%, in the aggregate, of the Settlement Fund, as well as an application(s) for expenses, the average cost would be approximately $0.02 per allegedly damaged share of Fannie Mae common stock; $0.001 per allegedly damaged Fannie Mae call option; $0.004 per allegedly damaged Fannie put option; and $0.02 per allegedly damaged share of Fannie Mae preferred stock.

7.      <u>Identification of Attorneys' Representatives</u>: The Preferred Stock Lead Plaintiff and the Preferred Stock Class are being represented by: Frederic S. Fox, Esq. and Donald Hall, Esq., Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, NY 10022, (800) 290-1952, mail@kaplanfox.com. The Common Stock Lead Plaintiffs and the Common Stock Class are being represented by: Thomas A. Dubbs, Esq. and Louis Gottlieb, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, settlementquestions@labaton.com; Glen DeValerio, Esq., Berman DeValerio, One Liberty Square, Boston, MA 02109, (617) 542-8300, and Daniel E. Barenbaum, Esq., Berman DeValerio, One California Street, Suite 900, San Francisco, CA 94111, (415) 433-3200, fannie@bermandevalerio.com.

8.      <u>Reasons for the Settlement</u>: Lead Plaintiffs' principal reason for entering into the Settlement is the substantial cash benefits for the Settlement Classes, without serious risk or the delays inherent in further litigation. Moreover, the substantial cash benefits provided under the Settlement must be considered against the significant risk that a smaller recovery—or, indeed, no recovery at all—might be achieved after summary judgment motions or a trial of the Action and the likely appeals that would follow a trial, a process that could last several years. Fannie Mae and FHFA, who deny all allegations of wrongdoing or liability whosoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

---

[3] Lead Plaintiffs' motions for class certification, which were filed on July 18, 2011, were later withdrawn in light of Lead Plaintiffs subsequently filing a Second Amended Consolidated Class Action Complaint on March 2, 2012.

9.      **Further Information:**  Further information regarding this Action and this Notice may be obtained by contacting the Claims Administrator: *Fannie Mae 2008 Securities Litigation*, c/o A.B. Data, Ltd., 800-949-0192; www.FannieMae2008Litigation.com or Lead Counsel (*see* ¶8 above).

**DO NOT CALL THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT**

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get this Notice? ................................................................................................................ Page __
Why Is this Case a Class Action? ....................................................................................................... Page __
What Is this Case About? ................................................................................................................... Page __
How Do I Know if I Am Part of the Settlement? ................................................................................. Page __
Are There Exceptions to Being Included in the Settlement Classes? ................................................ Page __
What if I Am Still Not Sure if I Am Included ...................................................................................... Page __
What Are Lead Plaintiffs' Reasons for the Settlement? ..................................................................... Page __
What Might Happen if There Were No Settlement? ........................................................................... Page __
How Much Will My Payment Be? ....................................................................................................... Page __
When Will I Get My Payment? ........................................................................................................... Page __
How Are Members of the Settlement Classes Affected by the Action and the Settlement? .............. Page __
Do I Have a Lawyer in this Case? ...................................................................................................... Page __
What Payments Are the Attorneys for the Settlement Classes Seeking?  How Will the Lawyers Be Paid? ................................... Page __
How Do I Participate in the Settlement?  What Do I Need to Do? ..................................................... Page __
How Do I Exclude Myself from the Settlement?  What Do I Need to Do? ......................................... Page __
If I Do Not Exclude Myself, Can I Sue the Defendants, Former Defendants, and/or Released Defendant Parties
      for the Same Thing Later on? ...................................................................................................... Page __
When and Where Will the Court Decide Whether to Approve the Settlement?
       How Do I Object?  Do I Have to Come to the Hearing?  May I Speak at the Hearing if I
       Don't Like the Settlement? ........................................................................................................ Page __
What Happens if I Do Nothing at All? ................................................................................................ Page __
What if I Bought Shares on Someone Else's Behalf or Am a Broker or Nominee? ........................... Page __
Can I See the Court File? Whom Should I Contact if I Have Questions? ........................................... Page __

| WHY DID I GET THIS NOTICE? |
|---|

10.     This Notice is being sent to you pursuant to an Order of the Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Fannie Mae common stock, call options, or preferred stock, and/or sold common stock put options during the Class Period (*i.e.*, November 8, 2006 through September 5, 2008, inclusive).  The Court has directed us to send you this Notice because, as a potential Member of the Settlement Classes, you have a right to know about your options before the Court rules on the proposed Settlement of this case.  Additionally, you have the right to learn how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, the Claims Administrator selected by Lead Plaintiffs and approved by the Court will distribute payments pursuant to the Settlement and Plan of Allocation after any objections and appeals are resolved.

11.     The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re Fannie Mae 2008 Securities Litigation*, No. 08 Civ. 7831 (PAC) (S.D.N.Y.).  The Judge presiding over this case is the Honorable Paul A. Crotty, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the named plaintiffs are referred to as the Lead Plaintiffs and they are suing on behalf of themselves and their respective classes, as defined in ¶1 above, and the Defendants are Fannie Mae, FHFA, and the Non-Settling Individual Defendants (*see* fn. 2 above).  If the Settlement is approved, it will resolve all claims in the Action by Members of the Settlement Classes (except those who exclude themselves) against Defendants and will bring the Action to an end.

12.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of the existence of this Action, the settlement that has been reached in this Action, and how you might be affected.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the requests by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

13.     The Settlement Hearing will be held on **[DATE AND TIME]**, before the Honorable Paul A. Crotty, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine:

a)   whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;
b)   whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation;
c)   whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;
d)   whether Lead Counsel's requests for attorneys' fees and litigation expenses should be approved by the Court; and
e)   any other relief the Court deems necessary to effectuate the terms of the Settlement.

14.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  As referenced above, there are several billion shares of Fannie Mae common stock, common stock call options, common stock put options, and shares of preferred stock as to which claims may be submitted and, thus, the claims process could take substantial time to complete fully and fairly.  Please be patient.

**WHY IS THIS CASE A CLASS ACTION?**

15.     In a securities class action lawsuit, under a federal law governing lawsuits such as this one, the Court appoints one or more investors, known as class representatives, to oversee litigation brought on behalf of all investors with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed PRIM and SBRB to serve as Lead Plaintiffs for the Common Stock Class and has appointed the law firms of Labaton Sucharow LLP and Berman DeValerio to serve as Lead Counsel for the Common Stock Class.  The Court has also appointed TCRS as Lead Plaintiff for the Preferred Stock Class and has appointed the law firm of Kaplan Fox & Kilsheimer LLP to serve as Lead Counsel for the Preferred Stock Class.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the Members of the Settlement Classes with both consistency and efficiency.  Accordingly, the Settlement, if approved by the Court, will resolve all issues on behalf of the Members of the Settlement Classes, except for any Persons who exclude themselves.

**WHAT IS THIS CASE ABOUT?**

A.     Summary of Procedural History and Background on Lead Plaintiffs' Claims

16.     On September 7, 2008, FHFA announced that it had placed Fannie Mae into conservatorship due to its concerns about Fannie Mae's liquidity and solvency as a result of Fannie Mae's exposure to subprime and Alt-A loans and Fannie Mae's internal risk controls.

17.     Beginning in September 2008, numerous securities fraud class actions were filed against Fannie Mae, its auditor Deloitte & Touche LLP, fifteen underwriters (in connection with four preferred stock offerings and one common stock offering during the Class Period)[4], and certain of its officers.

18.     By Memorandum Opinion and Order dated April 16, 2009, the Court consolidated the federal securities actions and appointed PRIM and SBRB as Lead Plaintiffs for the Common Stock Class and TCRS as Lead Plaintiff for the Preferred Stock Class, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  In the same Order, the Court also approved the selection of Labaton Sucharow LLP and Berman DeValerio as Lead Counsel for the Common Stock Class and Kaplan Fox & Kilsheimer LLP as Lead Counsel for the Preferred Stock Class.

19.     On June 22, 2009, Lead Plaintiffs filed their Joint Consolidated Amended Class Action Complaint ("First Amended Complaint"), which asserted that Defendants[5] had violated federal securities laws and alleged claims on behalf of all persons and entities who (i) purchased or acquired Fannie Mae common stock and/or call options and/or sold Fannie Mae common stock put options between November 8, 2006 and September 5, 2008, inclusive; and (ii) purchased or acquired Fannie Mae preferred stock between November 8, 2006 and September 5, 2008, inclusive, and were damaged thereby.

20.     The First Amended Complaint alleged that Defendants violated the federal securities laws by making materially false and misleading statements and omissions regarding:  (i) Fannie Mae's risk management; (ii) Fannie Mae's exposure to subprime and Alt-A loans; and (iii) Fannie Mae's capitalization and compliance with generally accepted accounting principles ("GAAP").  The First Amended Complaint alleged that these actions deceived the investing public in violation of the federal securities laws; artificially inflated the price of Fannie Mae common stock, common stock call options, and preferred stock; artificially deflated the price of Fannie Mae common stock put options; and caused putative Members of the Settlement Classes to purchase Fannie Mae common stock, common stock call options, and preferred stock at artificially inflated prices and to sell Fannie Mae common stock put options at artificially deflated prices.

21.     The First Amended Complaint further alleged that the truth about Fannie Mae's risk controls, subprime and Alt-A holdings, and capitalization was not fully revealed until September 7, 2008, when FHFA announced it would impose a conservatorship on Fannie Mae as a result of its conclusion that Fannie Mae (i) had increased its exposure to subprime and Alt-A loans; (ii) maintained capital that was inadequate, of a low quality, and overstated; and (iii) had erroneous or questionable accounting practices, which had caused the overstatements.  The First Amended Complaint also alleged at least seven partial disclosures during the Class Period in which material information, which had previously been allegedly concealed or misrepresented by Defendants, was made public.  Lead Plaintiffs sought damages for all of their claims based solely on the amounts that the price of Fannie Mae's securities dropped, or common stock put options rose, allegedly as a result of disclosures during the Class Period.

22.     Based on the facts set forth above, the First Amended Complaint alleged that certain Defendants violated Sections 10(b) and 20(a) of the Exchange Act and/or Sections 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act").

23.     In July 2009, defendants moved to dismiss all claims in the First Amended Complaint arising under the Securities Act.  In November 2009, in response to those motions to dismiss, the Court dismissed all claims arising under the Securities Act and all claims against the Former Underwriter Defendants and one former officer, David Hisey.  In September 2009, the remaining defendants moved to dismiss all claims arising under the Exchange Act.

---

[4] Merrill Lynch, Pierce, Fenner & Smith, Inc.; Citigroup Global Markets Inc.; Morgan Stanley & Co. Inc.; UBS Securities LLC; Wachovia Capital Markets, LLC; Wachovia Securities, LLC; Goldman, Sachs & Co.; Banc of America Securities LLC; Barclays Capital Inc.; Deutsche Bank Securities Inc.; Wells Fargo Securities LLC; J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC); E* Trade Securities LLC; and Bear, Stearns & Co., Inc. (n/k/a J.P. Morgan Securities LLC) (collectively, the "Former Underwriter Defendants").

[5] Defendants in the First Amended Complaint were Fannie Mae, Daniel H. Mudd, Enrico Dallavecchia, Robert T. Blakely, Stephen M. Swad, David Hisey, Deloitte & Touche LLP, and the Former Underwriter Defendants.

24.     On October 13, 2009, the Court granted the motion to intervene filed by FHFA, as conservator for Fannie Mae.

25.     On September 30, 2010, the Court issued an Opinion and Order that granted in part, and denied in part, Defendants' motions to dismiss.  Specifically, the Court sustained (i) Lead Plaintiffs' Section 10(b) claims against Fannie Mae and the Non-Settling Individual Defendants regarding Fannie Mae's internal controls and risk management and (ii) Lead Plaintiffs' Section 20(a) claims for control person liability against the Non-Settling Individual Defendants regarding Fannie Mae's internal controls and risk management.  The Court dismissed all remaining claims against two former officers, Robert Blakely and Stephen Swad, as well as Deloitte & Touche LLP.  The Former Underwriter Defendants, Deloitte & Touche LLP, David Hisey, Robert T. Blakely, and Stephen M. Swad are collectively referred to as the "Former Defendants."

26.     On October 14, 2010, Fannie Mae and the Non-Settling Individual Defendants filed motions for reconsideration of multiple issues decided by Judge Crotty in his September 30, 2010 Opinion and Order related to Defendants' motions to dismiss. On April 11, 2011, after full briefing, Judge Crotty denied Fannie Mae's and the Non-Settling Individual Defendants' motions.

27.     On July 18, 2011, Lead Plaintiffs filed their Motions for Class Certification and Appointment of Class Representatives and Class Counsel.  In December 2011, the Securities and Exchange Commission ("SEC") filed a civil action against the Non-Settling Individual Defendants.  In light of the SEC's action, Lead Plaintiffs were granted leave to amend the First Amended Complaint and withdrew their motions for class certification.

28.     On March 2, 2012, Lead Plaintiffs filed a Second Amended Consolidated Class Action Complaint (the "Complaint") against Fannie Mae, the Non-Settling Individual Defendants, and FHFA as conservator for Fannie Mae.  The Complaint contained additional allegations in support of Lead Plaintiffs' Section 10(b) claims against Defendants Fannie Mae, FHFA, and the Non-Settling Individual Defendants and Section 20(a) claims against the Non-Settling Individual Defendants. The Complaint alleged that Fannie Mae and the Non-Settling Individual Defendants publicly issued materially false and misleading statements that artificially inflated the price of Fannie Mae's securities, in violation of Sections 10(b) and 20(a) of the Exchange Act, concerning (i) internal controls and risk management relating to Fannie Mae's purchase of certain mortgages, including subprime and Alt-A loans, as alleged in the First Amended Complaint, and (ii) Fannie Mae's exposure to subprime and Alt-A loans.

29.     Defendants moved to dismiss the new allegations in the Complaint.  After full briefing, by Opinion and Order dated August 30, 2012, the Court sustained Lead Plaintiffs' Sections 10(b) and 20(a) claims regarding Fannie Mae's subprime and Alt-A exposure.

30.     On October 20, 2012, Defendant Fannie Mae answered the Complaint.   On November 5, 2012, the Non-Settling Individual Defendants answered the Complaint.  Defendants denied Lead Plaintiffs' claims and asserted a number of defenses to liability.

31.     The Parties and their counsel have vigorously pursued discovery in this case.  Fact discovery was scheduled to conclude in September 2014. During the course of the litigation, the Parties conducted 21 depositions and produced, reviewed, and/or analyzed more than 75 million pages of documents.

B.      **The Parties' Settlement Negotiations**

32.     In May 2011, the Parties participated in a mediation using the services of the Honorable Layn R. Phillips, a former federal district court judge.  Judge Phillips is a highly experienced mediator with the law firm of Irell & Manella LLP.  After a second mediation on May 29, 2014, and subsequent discussions among counsel and with Judge Phillips, an agreement in principle to settle the Action was reached.

33.     On July 15, 2014, counsel for Fannie Mae and Lead Counsel, on behalf of Lead Plaintiffs, executed a term sheet providing for the settlement and release of all claims asserted against the Defendants for $170,000,000 in cash, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

34.     Based upon their investigation, prosecution, and mediation of the case, Lead Counsel for the Common Stock Class and Lead Counsel for the Preferred Stock Class have concluded that the terms and conditions of the Settlement are fair, reasonable, and adequate to the Lead Plaintiffs and the other members of their respective classes, and in the best interest of the members of the respective classes.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of Lead Counsel, each of the Lead Plaintiffs has agreed to settle the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things (i) the very substantial financial benefits that Lead Plaintiffs and the other Members of the Settlement Classes will receive under the proposed Settlement; (ii) the significant risks and delays of continued litigation and trial; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.  The fact that Lead Plaintiffs have agreed to settle the Action shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' affirmative defenses to liability have any merit.

35.     Fannie Mae and FHFA are entering into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Released Defendant Parties (defined in ¶100 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  The Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

36.     On [DATE], the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Members of the Settlement Classes, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?**

---

37.     If you are a member of the Common Stock Class and/or the Preferred Stock Class, you are subject to the Settlement unless you choose to exclude yourself as set forth below.

38.     The Common Stock Class consists of all persons who, during the Class Period, either on the secondary market or through an original offering pursuant to a registration statement or prospectus:  (i) purchased or acquired Fannie Mae common stock and/or call options and/or (ii) sold Fannie Mae common stock put options, and were thereby damaged.

39.     The Preferred Stock Class consists of all persons who, during the Class Period, either on the secondary market or through an original offering pursuant to a registration statement or prospectus purchased or acquired Fannie Mae preferred stock, and were thereby damaged.

---

**ARE THERE EXCEPTIONS TO BEING INCLUDED IN THE SETTLEMENT CLASSES?**

---

40.     **Excluded from the Settlement Classes are**:  (i) Defendants and Former Defendants; (ii) members of the immediate family of any Non-Settling Individual Defendant or Former Individual Defendant; (iii) any person who was an officer or member of the Board of Directors of Fannie Mae during the Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant or Former Defendant has or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants or Former Defendants, and include any employee benefit plan organized for the benefit of Fannie Mae's employees.  Former Underwriter Defendants and their affiliates shall be excluded solely with regard to the securities held solely on behalf of, or for the benefit of, their own account(s) (i.e., accounts in which they hold a proprietary interest).  Any Investment Vehicle[6] shall not be deemed an excluded person or entity by definition.  Also excluded is any Person who submits a valid and timely request for exclusion in accordance with the requirements set forth below (*see* ¶¶107-108).

---

**WHAT IF I AM STILL NOT SURE IF I AM INCLUDED?**

---

41.     If you are still not sure whether you are included, you can ask for free help.  You can call 800-949-0192 or visit www.FannieMae2008Litigation.com for more information.  Or you can fill out and return the Claim Form or complete and file a Claim Form online at www.FannieMae2008Litigation.com.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASSES OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A MEMBER OF THE SETTLEMENT CLASSES AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN. YOU CAN ALSO VISIT WWW.FANNIEMAE2008LITIGATION.COM TO COMPLETE AND FILE A CLAIM FORM ONLINE. CLAIM FORMS MUST BE POSTMARKED NO LATER THAN [DATE], OR FILED ONLINE BY [DATE].**

---

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

---

42.     The principal reason for Lead Plaintiffs' consent to the Settlement is that it provides immediate and substantial benefits to the Settlement Classes, in the form of substantial monetary recoveries.  The benefits of the present Settlement must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, a process that could last several years.

43.     But for the Settlement, this Action may have proceeded through several lengthy motion briefing periods, including summary judgment and class certification, and may have proceeded to trial.  The claims advanced by the Settlement Classes in this Action involve numerous complex legal and factual issues.  If the Action were to proceed to trial, Lead Plaintiffs would have to overcome significant defenses asserted by multiple defendants.  Among other things, the Parties disagree about (i) whether Lead Plaintiffs or the Settlement Classes have suffered any damages; (ii) whether the price of Fannie Mae common stock, common stock call options, and preferred stock was artificially inflated, or common stock put options was artificially deflated, by reason of the alleged misrepresentations, omissions, or otherwise; and (iii) whether Lead Plaintiffs or the Settlement Classes were harmed by the conduct alleged in the Complaint.  This Settlement enables the Settlement Classes to recover without incurring any additional risk or costs.

---

[6] An "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which any Former Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Former Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member, or other similar capacity but in which the Former Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

44.     Defendants have expressly denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also continue to believe that the claims asserted against them in the Action are without merit. Fannie Mae and FHFA have agreed to enter into the Settlement, as embodied in the Stipulation, solely to avoid the uncertainty, burden, and expense of further protracted litigation.

45.     In light of the risks associated with a trial of this Action, the monetary amount of the Settlement and the immediacy of this recovery to the Settlement Classes, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Classes. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Classes, namely $170,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after trial and appeals.

---

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

---

46.     If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims, neither Lead Plaintiffs nor the other Members of the Settlement Classes would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Classes likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

---

**HOW MUCH WILL MY PAYMENT BE?**

---

47.     At this time, it is not possible to make any determination as to how much any individual Member of the Settlement Classes may receive from the Settlement.

48.     Pursuant to the Settlement, Fannie Mae has agreed to pay one hundred and seventy million dollars ($170,000,000) in cash.  $123,760,000 million has been allocated to the Common Stock Class and $46,240,000 has been allocated to the Preferred Stock Class. The Settlement Amount will be deposited into interest-bearing escrow account(s).  The Settlement Amount plus all interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (ii) the fees and expenses incurred in connection with providing notice to Members of the Settlement Classes and administering the Settlement on behalf of Members of the Settlement Classes; and (iii) any attorneys' fees and litigation expenses awarded by the Court) will be distributed to Members of the Settlement Classes who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

49.     The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation and the Settlement, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

50.     Neither Fannie Mae nor any other person or entity that paid any portion of the Settlement Amount on its behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Fannie Mae, FHFA, and the Released Defendant Parties shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

51.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

52.     Only Members of the Settlement Classes, *i.e.*, all persons and entities that, during the period between November 8, 2006 and September 5, 2008, inclusive, either on the secondary market or through an original offering pursuant to a registration statement or prospectus:  (i) purchased or acquired Fannie Mae common stock and/or common stock call options; (ii) sold Fannie Mae common stock put options; and/or (iii) purchased or acquired Fannie Mae preferred stock, and were damaged as a result of such holdings, purchases, acquisitions, and/or sales, and who or which are not excluded by definition and do not choose to exclude themselves from the Settlement Classes, will be eligible to share in the distribution of the Net Settlement Fund.

53.     Each Member of the Settlement Classes wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Common Stock Class and/or the Preferred Stock Class, including all required documentation, postmarked or received on or before [DATE], to the address set forth in the Claim Form that accompanies this Notice.

54.     Unless the Court otherwise orders, any Member of the Settlement Classes who fails to submit a Claim Form postmarked or received on or before [DATE] shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Member of the Settlement Classes and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Member of the Settlement Classes releases the Released Class Claims (as defined in ¶99 below) against Released Defendant Parties (as defined in ¶100 below) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Class Claims against any of the Released Defendant Parties whether or not such Member of the Settlement Classes submits a Claim Form.

55.     Information Required on the Claim Form:  Among other things, each Claim Form must state and provide sufficient documentation for the position of the Claimant (defined as any Person submitting a Claim Form) in Fannie Mae common stock, common stock call options, common stock put options, and/or preferred stock as of the beginning of the Class Period; all transactions in Fannie Mae common stock, common stock call options, common stock put options, and/or preferred stock during the Class Period; and the

Claimant's closing position in Fannie Mae common stock, common stock call options, common stock put options, and/or preferred stock on the date specified in the Claim Form.

56.      Participants and beneficiaries in any employee benefit plan(s) organized for the benefit of Fannie Mae employees (collectively the "ERISA Plans") should NOT include any information relating to their transactions in Fannie Mae securities held through the ERISA Plans in any Claim Form that they may submit in this Action.  They should include ONLY those securities that they purchased, otherwise acquired, held, and/or sold outside of the ERISA Plans.  Unexercised stock options issued to employees of Fannie Mae in connection with their employment are also not eligible securities for purposes of a recovery from the Settlement and should not be included in a Claim Form.  If an employee stock option was exercised, and Fannie Mae common stock was purchased, in that event, the Fannie Mae common stock would be the eligible security and should be listed on the Claim Form at the exercise price of the employee stock option.

57.      The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Settlement Classes.

58.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

59.      Persons and entities that either are excluded from the Settlement Classes by definition, or who choose to exclude themselves, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

### PROPOSED PLAN OF ALLOCATION

60.      The objective of the Plan of Allocation set forth below is to equitably distribute Settlement proceeds to those Members of the Settlement Classes who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation generally measures the amount of loss that a Member of the Settlement Classes can claim for purposes of making *pro rata* allocations of the Settlement proceeds to Authorized Claimants. The Plan of Allocation is not a formal damages analysis.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of the amounts that Members of the Settlement Classes might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The calculations made pursuant to the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Settlement proceeds.

### FANNIE MAE COMMON STOCK AND OPTIONS
### CALCULATION OF RECOGNIZED COMMON STOCK LOSS AMOUNTS

61.      For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the investor's loss and inflation paid at the time of purchase must exceed the inflation at time of sale.[7]  Common Stock Lead Plaintiffs allege that the market price of Fannie Mae Common Stock and Call Options were artificially inflated during the Class Period.  In particular, Common Stock Lead Plaintiffs' allegations imply that as the market for subprime and Alt-A mortgages progressively worsened during the financial crisis, the value of Fannie Mae Common Stock and Call Options would have declined earlier than actually observed and the value of Fannie Mae Put Options would have increased earlier than actually observed because the market was not sufficiently aware of Fannie Mae's exposure to those assets.  As a result, as time progressed through the Class Period and as losses on subprime and Alt-A mortgages accelerated, the artificial inflation in Fannie Mae Common Stock and Call Options increased over time.[8]  Furthermore, Common Stock Lead Plaintiffs alleged that the market price of Fannie Mae Common Stock and Call Options declined in reaction to information disclosed on July 10, 2008, July 11, 2008, August 8, 2008, August 20, 2008, and September 8, 2008.[9]

62.      A consulting plan of allocation expert retained by Common Stock Lead Plaintiffs determined that the market prices of Fannie Mae Common Stock and Call Options declined in a statistically significant manner as a result of the information that plaintiffs allege was disclosed on the dates listed in ¶62 above.[10]  Furthermore, using information on the timing of losses in the mortgage-backed securities market, the plan of allocation expert developed a reasonable model for determining the timing of when the inflation/deflation revealed by these alleged disclosures came to be present in the market prices of Fannie Mae Common Stock and Options.  In order to have a "Recognized Common Stock Loss Amount" under the Plan of Allocation with respect to Fannie Mae Common Stock and Call Options, the security must have been purchased during the Class Period and held through at least one of the alleged disclosures that resulted in a statistically significant change in market price, and with respect to Put Options, those options must have been sold (written) during the Class Period and not closed through at least one alleged disclosure that resulted in a statistically significant change in market price.  Furthermore, the calculation of the Recognized Common Stock Loss Amount takes into account that the inflation paid at the time of purchase (deflation at time of sale in the case of Put Options) must exceed the inflation at the time of sale (deflation at date of close for Put Options) for an investor to have suffered a loss as a result of the alleged fraud.

63.      For purposes of determining whether a Claimant has an eligible Claim, purchases, acquisitions, and sales of like securities will first be matched on a First In/First Out basis as set forth in ¶77 below. For Fannie Mae Put Options, Class Period purchases will be matched first to close out positions open at the beginning of the Class Period, and then against Put Options sold (written) during the Class Period in chronological order.

---

[7] For *writers* of put options, where the price was allegedly deflated (as opposed to inflated), the artificial deflation must have decreased between the writing of the put option and the disposition (whether through sale or exercise) of the option position.

[8] This also implies the artificial deflation in Fannie Mae Put Options decreased over time.

[9] Conversely, the market price of Fannie Mae Put Options increased upon the release of the alleged disclosure information on these days.

[10] The market price of Fannie Mae Put Options increased in a statistically significant manner as well.

64.     With respect to shares of Fannie Mae Common Stock and Call and Put Options, a Recognized Common Stock Loss Amount will be calculated by the Claims Administrator as set forth below for each purchase or other acquisition of Fannie Mae Common Stock and Call Option contracts and each sale of Fannie Mae Put Option contracts from November 8, 2006, through and including September 5, 2008, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that a calculation of a Recognized Common Stock Loss Amount results in a negative number, that number shall be set to zero.

**FANNIE MAE COMMON STOCK CALCULATIONS**

65.     For each share of Common Stock purchased or otherwise acquired from November 8, 2006 through and including September 5, 2008, and:

A.  Sold before the opening of trading on July 10, 2008, the Recognized Common Stock Loss Amount for each such share shall be zero.

B.  Sold after the opening of trading on July 10, 2008 and before the close of trading on September 5, 2008, the Recognized Common Stock Loss Amount for each such share shall be **the lesser of**:

   (i)    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1 below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in Table 1 below; or

   (ii)   the actual purchase/acquisition price *minus* the actual sale price.

C.  Sold after the close of trading on September 5, 2008 and before the close of trading on December 5, 2008, the Recognized Common Stock Loss Amount for each such share shall be **the lesser of**:

   (i)    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1 below; or

   (ii)   the actual purchase/acquisition price of each such share *minus* the average closing price from September 8, 2008, up to the date of sale as set forth in Table 2 below.

D.  Held as of the close of trading on December 5, 2008, the Recognized Common Stock Loss Amount for each such share shall be **the lesser of**:

   (i)    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1 below; or

   (ii)   the actual purchase/acquisition price of each such share *minus* $0.89.[11]

**FANNIE MAE CALL AND PUT OPTIONS CALCULATIONS**

66.     Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Fannie Mae Common Stock. Throughout this Plan of Allocation, all price quotations are *per share of the underlying security* (*i.e.*, 1/100 of a contract).

67.     Each option contract specifies a strike price and an expiration date. Contracts with the same strike price and expiration date are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation). Under the Plan of Allocation, the dollar artificial inflation per share (*i.e.*, 1/100 of a contract) for each series of Fannie Mae Call Options and the dollar artificial deflation per share (*i.e.*, 1/100 of a contract) for each series of Fannie Mae Put Options has been calculated by Common Stock Lead Plaintiffs' consulting plan of allocation expert. Table 3 below sets forth the dollar artificial inflation per share in Fannie Mae Call Options during the Class Period. Table 4 below sets forth the dollar artificial deflation per share in Fannie Mae Put Options during the Class Period.

68.     For each Fannie Mae Call Option purchased or otherwise acquired from November 8, 2006 through and including September 5, 2008, and:

A.  Closed (through sale, exercise, or expiration) before the opening of trading on July 10, 2008, the Recognized Common Stock Loss Amount for each such share shall be zero.

---

[11] Pursuant to Section 21D(e)(1) of the PSLRA, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Common Stock Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Fannie Mae Common Stock during the 90-day look-back period, September 8, 2008 through December 5, 2008. The mean (average) closing price for Fannie Mae Common Stock during this 90-day look-back period was $0.89.

    B.    Closed (through sale, exercise, or expiration) after the opening of trading on July 10, 2008 and before the close of trading on September 5, 2008, the Recognized Common Stock Loss Amount for each such share shall be **the lesser of**:

        (i)    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 3 below _minus_ the dollar artificial inflation applicable to each such share on the date of close as set forth in Table 3 below; or

        (ii)    the actual purchase/acquisition price _minus_ the actual sale price.

    C.    Open as of the close of trading on September 5, 2008, the Recognized Common Stock Loss Amount for each such share shall be **the lesser of**:

        (i)    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 3 below; or

        (ii)    the actual purchase/acquisition price of each such share _minus_ the closing price on September 8, 2008 for each such share (_i.e._, the "Holding Price") as set forth on Table 3 below.

69.    For each Fannie Mae Put Option sold (written) from November 8, 2006 through and including September 5, 2008, and:

    A.    Closed (through purchase, exercise, or expiration) before the opening of trading on July 10, 2008, the Recognized Common Stock Loss Amount for each such share shall be zero.

    B.    Closed (through purchase, exercise, or expiration) after the opening of trading on July 10, 2008 and before the close of trading on September 5, 2008, the Recognized Common Stock Loss Amount for each such share shall be **the lesser of**:

        (i)    the dollar artificial deflation applicable to each such share on the date of sale as set forth in Table 4 below _minus_ the dollar artificial deflation applicable to each such share on the date of close as set forth in Table 4 below; or

        (ii)    the actual closing price _minus_ the actual sale price of such share.

    C.    Open as of the close of trading on September 5, 2008, the Recognized Common Stock Loss Amount for each such share shall be **the lesser of**:

        (i)    the dollar artificial deflation applicable to each such share on the date of sale as set forth in Table 4 below; or

        (ii)    the closing price on September 8, 2008 for each such share (_i.e._, the "Holding Price") as set forth on Table 4 below _minus_ the actual sale price of each such share.

70.    The Settlement proceeds available for Fannie Mae Call Options purchased during the Class Period and Fannie Mae Put Options sold (written) during the Class Period shall be limited to a total amount equal to five percent (5%) of the Net Settlement Fund allocated to the Common Stock Class ("Common Stock Net Settlement Fund").

**FANNIE MAE PREFERRED STOCK**
**CALCULATION OF RECOGNIZED PREFERRED STOCK LOSS AMOUNTS**

71.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the investor's loss, and inflation paid at the time of purchase must exceed the inflation at time of sale. Preferred Stock Lead Plaintiff alleges that the market price of Fannie Mae Preferred Stock was artificially inflated during the Class Period. In particular, Preferred Stock Lead Plaintiff's allegations imply that as the market for subprime and Alt-A mortgages progressively worsened during the financial crisis, the value of Fannie Mae Preferred Stock would have declined earlier than actually observed because the market was not sufficiently aware of Fannie Mae's exposure to those assets. As a result, as time progressed through the Class Period and as losses on subprime and Alt-A mortgages accelerated, the artificial inflation in Fannie Mae Preferred Stock increased over time. Furthermore, Preferred Stock Lead Plaintiff alleged that the market price of Fannie Mae Preferred Stock declined in reaction to information disclosed on July 10, 2008, July 11, 2008, August 20, 2008, and September 8, 2008.

72.    A consulting plan of allocation expert retained by Preferred Stock Lead Plaintiff determined that the market prices of Fannie Mae Preferred Stock declined in a statistically significant manner as a result of the information that Preferred Stock Lead Plaintiff alleges was disclosed on the dates listed in ¶72 above. Furthermore, using information on the timing of losses in the mortgage-backed securities market, the plan of allocation expert developed a reasonable model for determining the timing of when the inflation revealed by these alleged disclosures came to be present in the market prices of Fannie Mae Preferred Stock. In order to have a "Recognized Preferred Stock Loss Amount" under the Plan of Allocation with respect to Fannie Mae Preferred Stock, the security must have been purchased during the Class Period and held through at least one of the alleged disclosures that resulted in a statistically significant change in market price. Furthermore, the calculation of the Recognized Preferred Stock Loss Amount takes into account that the inflation paid at the time of purchase must exceed the inflation at the time of sale for an investor to have suffered a loss as a result of the alleged fraud.

73.    For purposes of determining whether a Claimant has an eligible Claim, purchases, acquisitions, and sales of like securities will first be matched on a First In/First Out basis as set forth in ¶77 below.

74.     With respect to shares of Fannie Mae Preferred Stock, a Recognized Preferred Stock Loss Amount will be calculated as set forth below for each purchase or other acquisition of Fannie Mae Preferred Stock from November 8, 2006 through and including September 5, 2008, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that a calculation of a Recognized Preferred Stock Loss Amount results in a negative number, that number shall be set to zero.

## FANNIE MAE PREFERRED STOCK CALCULATIONS

75.     For each share of Fannie Mae Preferred Stock purchased or otherwise acquired from November 8, 2006 through and including September 5, 2008, and:

A.  Sold before the opening of trading on July 10, 2008, the Recognized Preferred Stock Loss Amount for each such share shall be zero.

B.  Sold after the opening of trading on July 10, 2008 and before the close of trading on September 5, 2008, the Recognized Preferred Stock Loss Amount for each such share shall be *the lesser of*:

(i)     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 5 below for the appropriate Preferred Stock series _minus_ the dollar artificial inflation applicable to each such share on the date of sale as set forth in Table 5 below for the appropriate Preferred Stock series; or

(ii)    the actual purchase/acquisition price _minus_ the actual sale price.

C.  Sold after the close of trading on September 5, 2008 and before the close of trading on December 5, 2008, the Recognized Preferred Stock Loss Amount for each such share shall be *the lesser of*:

(i)     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 5 below for the appropriate Preferred Stock series; or

(ii)    the actual purchase/acquisition price of each such share _minus_ the average closing price from September 8, 2008, up to the date of sale as set forth in Table 6 below for the appropriate Preferred Stock series.

D.  Held as of the close of trading on December 5, 2008, the Recognized Preferred Stock Loss Amount for each such share shall be *the lesser of*:

(i)     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 5 below for the appropriate Preferred Stock series; or

(ii)    the actual purchase/acquisition price of each such share _minus_ the average price found on the last line of Table 6 below for the appropriate Preferred Stock series.[12]

## ADDITIONAL PROVISIONS FOR ALL CLAIMS

76.     **FIFO Matching:**  If a Claimant has more than one purchase/acquisition or sale of Fannie Mae Common Stock, Call Options, Put Options, or Preferred Stock during the Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

77.     **Purchase/Acquisition/Sale Dates and Prices:**  Purchases or acquisitions and sales of Fannie Mae Common Stock, Call Options, Put Options, or Preferred Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  All purchase or acquisition and sale prices shall exclude any fees, taxes, and commissions.  The receipt or grant by gift, inheritance or operation of law of Fannie Mae Common Stock, Call Options, Put Options, or Preferred Stock during the Class Period shall not be deemed a purchase, acquisition or sale for the calculation of a Claimant's Recognized Common Stock Loss Amount or Recognized Preferred Stock Loss Amounts pursuant to the calculations set forth above and such receipt or grant shall not be deemed an assignment of any claim relating to the purchase/acquisition or sale of such Fannie Mae securities, unless (i) the donor or decedent purchased or otherwise acquired such securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Fannie Mae Common Stock, Call Options, Put Options, or Preferred Stock.

78.     **Short Sales**: With respect to Fannie Mae Common and Preferred Stock, the date of covering a short sale is deemed to be the date of purchase or acquisition of the stock.  The date of a short sale is deemed to be the date of sale of the respective Fannie Mae Common or Preferred Stock.  In accordance with the Plan of Allocation, however, the Recognized Common Stock Loss Amount and the Recognized Preferred Stock Loss Amount on short sales during the Class Period is zero.  In the event that a Claimant has an opening short position in Fannie Mae Common or Preferred Stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

---

[12] Consistent with the requirements of the PSLRA, Recognized Preferred Stock Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Fannie Mae Preferred Stock during the 90-day look-back period, September 8, 2008 through December 5, 2008.  The mean (average) closing price for each Fannie Mae Preferred Stock during this 90-day look-back period can be found on the last line of Table 6 for each respective Preferred Stock series.

79.     If a member of the Common Stock Class has "written" Fannie Mae Call Options, thereby having a short position in the Call Options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the Call Option.  The date on which the Call Option was written is deemed to be the date of sale of the Call Option.  In accordance with the Plan of Allocation, however, the Recognized Common Stock Loss Amount on "written" Call Options is zero.  In the event that a Claimant has an opening written position in Fannie Mae Call Options, the earliest Class Period purchases or acquisitions of like Call Options shall be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

80.     If a member of the Common Stock Class has purchased or acquired Fannie Mae Put Options, thereby having a long position in the Put Options, the date of purchase or acquisition is deemed to be the date of purchase or acquisition of the Put Option.  The date on which the Put Option was sold, exercised, or expired is deemed to be the date of sale of the Put Option.  In accordance with the Plan of Allocation, however, the Recognized Common Stock Loss Amount on purchased or acquired Put Options is zero.  In the event that a Claimant has an opening long position in Fannie Mae Put Options, the earliest Class Period sales or dispositions of like Put Options shall be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

81.     **Eligible Securities:**  Fannie Mae Common Stock, Call Options, Put Options, and Preferred Stock are the only securities eligible for recovery under the Plan of Allocation.  Unexercised stock options issued to employees of Fannie Mae in connection with their employment are not eligible securities for purposes of a recovery under the Plan of Allocation.  If an employee stock option is exercised, and Fannie Mae Common Stock was purchased, in that event, the Fannie Mae Common Stock would be the eligible security and should be listed on the Claim Form at the exercise price of the employee stock option.  Fannie Mae securities held through a Fannie Mae ERISA Plan (see ¶57 above) are also not eligible securities.  With respect to Fannie Mae Common Stock purchased or sold through the exercise of an option, including an employee stock option, the purchase/sale date of the Fannie Mae Common Stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

### ADDITIONAL PROVISIONS FOR COMMON STOCK AND OPTIONS

82.     For purposes of calculating whether a Claimant had an overall gain or loss on his, her or its Common Stock and Option transactions, Recognized Common Stock Loss Amounts in Fannie Mae Common Stock and Options will be summed and compared with a Claimant's net gain or loss based on his, her or its market transactions in Fannie Mae Common Stock and Options.

A.  **Total Recognized Common Stock Loss Amounts**:  With respect to the calculations made pursuant to all Recognized Common Stock Loss Amounts (including those for options), the Claimant's Recognized Common Stock Loss Amounts will be totaled (the "Total Recognized Common Stock Loss Amount").

B.  **Calculating Common Stock and Option Market Gains and Losses:**  With respect to all Fannie Mae Common Stock and Call Options purchased or acquired and Put Options sold during the Class Period, the Claims Administrator will also determine if the Claimant had a market gain or a market loss with respect to his, her or its overall transactions during the Class Period in those securities.  For purposes of making this calculation, with respect to Fannie Mae Common Stock and Call Options, the Claims Administrator shall determine the difference between (i) the Claimant's Common Stock Total Purchase Amount[13] and (ii) the sum of the Claimant's Common Stock Sales Proceeds[14] and the Claimant's Common Stock Holding Value.[15]  For Fannie Mae Common Stock and Call Options, if the Claimant's Total Common Stock Purchase Amount *minus* the sum of the Claimant's Common Stock Sales Proceeds and the Common Stock Holding Value is a positive number, that number will be the Claimant's Common Stock Market Loss; if the number is a negative number or zero, that number will be the Claimant's Common Stock Market Gain.  With respect to Fannie Mae Put Options, the Claims Administrator shall determine the difference between (i) the sum of the Claimant's Common Stock Total Purchase Amount and the Claimant's Common Stock Holding Value; and (ii) the Claimant's Common Stock Sale Proceeds.  For Fannie Mae Put Options, if the sum of the Claimant's Total Common Stock Purchase Amount and the Claimant's Common Stock Holding Value *minus* the Claimant's Common Stock Sales Proceeds is a positive number, that number will be the Claimant's Common Stock Market Loss; if the number is a negative number or zero, that number will be the Claimant's Common Stock Market Gain.

83.     **Calculation of Claimant's "Common Stock Recognized Claim":**  If a Claimant has a Common Stock Market Gain, the Claimant's "Common Stock Recognized Claim" will be zero.  If the Claimant has a Total Recognized Common Stock Loss Amount **and** a Common Stock Market Loss, the Claimant's Common Stock Recognized Claim will be the lesser of those two amounts.

84.     **Determination of Distribution Amount**:  If the sum total of Common Stock Recognized Claims of all Authorized Claimants who are entitled to receive payment from the Common Stock Net Settlement Fund is greater than the Common Stock Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Common Stock Net Settlement Fund.  The

---

[13]  For Common Stock and Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such Fannie Mae Securities purchased or acquired during the Class Period.  For Put Options, the price paid to close out the option position will be considered the "Total Purchase Amount."

[14]  The total amount received for sales of Common Stock and Call Options sold during the Class Period is the "Sales Proceeds."  For Put Options, the total amount received for Put Options sold (written) during the Class Period is the "Sales Proceeds."

[15]  The Claims Administrator shall ascribe a "Holding Value" of $0.73 to each share of Fannie Mae Common Stock purchased or acquired during the Class Period that was still held as of the close of trading on September 5, 2008.  For each Fannie Mae Call Option purchased or acquired during the Class Period that was still held as of the close of trading on September 5, 2008 and for each Fannie Mae Put Option sold (written) during the Class Period that was still outstanding as of the close of trading on September 5, 2008, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be the Holding Price set forth on Table 3 below with respect to Call Options and Table 4 below with respect to Put Options.

*pro rata* share shall be the Authorized Claimant's Common Stock Recognized Claim divided by the total of Common Stock Recognized Claims of all Authorized Claimants, multiplied by the total Common Stock Net Settlement Fund.

85.     If the Common Stock Net Settlement Fund exceeds the sum total amount of the Common Stock Recognized Claims of all Authorized Claimants entitled to receive payment from the Common Stock Net Settlement Fund, the excess amount in the Common Stock Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

86.     The Common Stock Net Settlement Fund will be distributed to Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the proration calculation and no distribution will be made to that Authorized Claimant.

87.     To the extent that any monies remain in the Common Stock Net Settlement Fund after the Claims Administrator has caused distributions to be made to all Authorized Claimants, whether by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Common Stock Net Settlement Fund at least six (6) months after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Common Stock Net Settlement Fund for such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance in the Common Stock Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) approved by the Court.

### ADDITIONAL PROVISIONS FOR PREFERRED STOCK

88.     For purposes of calculating whether a Claimant had an overall gain or loss on his, her or its Preferred Stock transactions, Recognized Preferred Stock Loss Amounts in Fannie Mae Preferred Stock will be summed and compared with a Claimant's net gain or loss based on his, her or its market transactions in Fannie Mae Preferred Stock.

    A.     **Total Recognized Preferred Stock Loss Amounts:**  With respect to the calculations made pursuant all Recognized Preferred Stock Loss Amounts, the Claimant's Recognized Preferred Stock Loss Amounts on all Preferred Stocks will be totaled (the "Total Recognized Preferred Stock Loss Amount").

    B.     **Calculating Preferred Stock Market Gains and Losses:**  With respect to all Fannie Mae Preferred Stock purchased or acquired during the Class Period, the Claims Administrator will also determine if the Claimant had a Market Gain or a Market Loss with respect to his, her or its overall transactions during the Class Period in those securities.  For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Preferred Stock Purchase Amount[16] and (ii) the sum of the Claimant's Preferred Stock Sales Proceeds[17] and the Claimant's Preferred Stock Holding Value.[18]  If the Claimant's Total Preferred Stock Purchase Amount *minus* the sum of the Claimant's Preferred Stock Sales Proceeds and sum of the Preferred Stock Holding Values is a positive number, that number will be the Claimant's Preferred Stock Market Loss; if the number is a negative number or zero, that number will be the Claimant's Preferred Stock Market Gain.

89.     **Calculation of Claimant's "Preferred Stock Recognized Claim":**  If a Claimant has a Preferred Stock Market Gain, the Claimant's "Preferred Stock Recognized Claim" will be zero.  If the Claimant has a Total Recognized Preferred Stock Loss Amount ***and*** a Preferred Stock Market Loss, the Claimant's Preferred Stock Recognized Claim will be the lesser of those two amounts.

90.     **Determination of Distribution Amount**:  If the sum total of Preferred Stock Recognized Claims of all Authorized Claimants who are entitled to receive payment from the Net Settlement Fund allocated to the Preferred Stock Class (the "Preferred Stock Net Settlement Fund") is greater than the Preferred Stock Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Preferred Stock Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Preferred Stock Recognized Claim divided by the total of Preferred Stock Recognized Claims of all Authorized Claimants, multiplied by the total Preferred Stock Net Settlement Fund.

91.     If the Preferred Stock Net Settlement Fund exceeds the sum total amount of the Preferred Stock Recognized Claims of all Authorized Claimants entitled to receive payment from the Preferred Stock Net Settlement Fund, the excess amount in the Preferred Stock Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

92.     The Preferred Stock Net Settlement Fund will be distributed to Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the proration calculation and no distribution will be made to that Authorized Claimant.

93.     To the extent that any monies remain in the Preferred Stock Net Settlement Fund after the Claims Administrator has caused distributions to be made to all Authorized Claimants, whether by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance

---

[16]   The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such Fannie Mae Preferred Stocks purchased or acquired during the Class Period.

[17]   The total amount received for sales of Fannie Mae Preferred Stock sold during the Class Period is the "Sales Proceeds."

[18]   The Claims Administrator shall ascribe a "Holding Value" equal to the closing price on September 8, 2008 (Table 6, row 1) to each share of the respective Fannie Mae Preferred Stock purchased or acquired during the Class Period that was still held as of the close of trading on September 5, 2008.

remaining in the Preferred Stock Net Settlement Fund at least six (6) months after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Preferred Stock Net Settlement Fund for such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance in the Preferred Stock Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) approved by the Court.

## FURTHER PAYMENT INFORMATION FOR ALL CLAIMS

94.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Fannie Mae, FHFA, their counsel, their experts, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Fannie Mae, FHFA, and their counsel, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any Claim or any actions taken (or not taken) by the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

95.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation as proposed or it may modify the Plan without further notice to the Settlement Classes. Any orders regarding a modification of the Plan of Allocation will be posted to the website for this Settlement, www.FannieMae2008Litigation.com.

| WHEN WILL I GET MY PAYMENT? |
| --- |

96.     The Court will hold a Settlement Hearing on **[DATE AND TIME]**, to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may still be appeals, which can take time to resolve, often more than a year. It also takes time for all the Claim Forms to be processed. All Claim Forms need to be postmarked or received by **[DATE]**. Once all Claim Forms are processed and claims are calculated, Lead Counsel, without further notice to the Settlement Classes, will apply to the Court for an order distributing the Net Settlement Fund to the Members of the Settlement Classes. Please be patient.

| HOW ARE MEMBERS OF THE SETTLEMENT CLASSES AFFECTED BY THE ACTION AND THE SETTLEMENT? |
| --- |

97.     If you are a Member of the Common Stock Class and/or Preferred Stock Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and all other Members of the Settlement Classes, on behalf of themselves, their heirs, executors, trustees, administrators, predecessors, successors, and assigns, will fully and finally release, to the fullest extent that the law permits their release in this Action, as against Fannie Mae, FHFA, and the other **Released Defendant Parties** (as defined in ¶98 below), all **Released Class Claims** (as explained in ¶98 below).

98.     "**Released Class Claims**" and "**Released Defendant Parties**" are defined as follows: Upon the Effective Date of the Settlement, Lead Plaintiffs and each Member of the Settlement Classes shall be deemed to have released and forever discharged Fannie Mae; FHFA; Mudd; Dallavecchia; dismissed defendants Stephen A. Swad, Robert Blakely, David Hisey, and Deloitte & Touche LLP; all former underwriters of Fannie Mae's stock, including Banc of America Securities LLC, Barclays Capital Inc., Bear, Stearns & Co., Inc. (n/k/a J.P. Morgan Securities LLC), Citigroup Global Markets Inc., Deutsche Bank Securities, Inc., E*Trade Securities LLC, FTN Financial Securities Corp., Goldman, Sachs & Co., J.P. Morgan Securities, Inc. (n/k/a J.P. Morgan Securities LLC), J.P. Morgan Chase & Co., Merrill Lynch, Pierce, Fenner & Smith Inc., Morgan Stanley & Co. Inc., UBS Securities LLC, Wachovia Capital Markets, LLC, Wachovia Securities, LLC, and Wells Fargo Securities LLC; and their respective present and former parents, affiliates, conservators, and subsidiaries, and their divisions, partners, employees, officers, directors, attorneys, accountants, underwriters, insurers, agents, predecessors, heirs, successors, and assigns (collectively "**Released Defendant Parties**") from any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, concealed or hidden, accrued or not accrued, foreseen or unforeseen, matured or not matured, that were asserted or that could have been asserted directly, indirectly, representatively or in any other capacity, at any time, in any forum by Lead Plaintiffs or any Member of the Settlement Classes against the Released Defendant Parties arising out of, based upon, or related in any way to: (a) the purchase or acquisition of Fannie Mae common stock, preferred stock, or call options, or the sale or disposition of Fannie Mae put options, during the "Class Period", the allegations that were made or could have been made in the Action and any of the facts, transactions, events, occurrences, disclosures, public filings, registration statements, financial statements, audit opinions, statements, acts, omissions, or failures to act which were or that could have been asserted in the Action; or (b) the settlement or resolution of the Action (the "**Released Class Claims**"). However, nothing herein is meant to release the claims asserted in *In Re: 2008 Fannie Mae ERISA Litigation*, No. 09-cv-01350-PAC (S.D.N.Y.); *Comprehensive Investment Services, Inc., v. Fannie Mae, et al.*, No. 08-cv-07831-PAC (S.D.N.Y.); *Smith v. Federal National Mortgage Assoc., et al.*, No. 10-cv-02781-PAC (S.D.N.Y.); *Washington Federal, et al. v. United States*, No. 13-cv-0385-MMS (Ct. Fed. Cl.); *Rafter, et al. v. United States, et al.*, No. 14-00740-MMS (Ct. Fed. Cl.) and No. 14-cv-01404-RCL (D.D.C.); *Fairholme Funds Inc. et. al. v. United States, et al.*, No. 13-cv-00465-MMS (Ct. Fed. Cl.) and No. 13-cv-01053-RCL (D.D.C.); *Arrowood Indemnity Co., et al. v. Federal National Mortgage Association, et al.*, No. 13-cv-00698-MMS (Ct. Fed. Cl.) and No. 13-cv-1439-RLW (D.D.C.); *Cacciapelle, et al. v. Federal National Mortgage Association, et al.*, No. 13-cv-01149-RLW (D.D.C) and No. 13-cv-00466-MMS (Ct. Fed. Cl.); *Fisher, et al. v. United States, et al.*,

No. 13-cv-00608-MMS (Ct. Fed. Cl.); *In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*, No. 13-mc-01288-RLW (D.D.C.); *Perry Capital LLC v. Lew et al.*, No. 13-cv-01025-RLW (D.D.C.); *Liao, et al. v. Lew, et al.*, No. 13-cv-01094-RCL (D.D.C); *Continental Western Insurance Company v. The Federal Housing Finance Agency, et. al.*, No. 14-cv-00042 (S.D. Iowa); *American-European Ins. Co. v. United States, et al.*, No. 13-496-MMS (Ct. Fed. Cl.) and No. 13-1169-RLW (D.D.C); *John Cane v. Federal Housing Finance Agency, et al.*, No. 13-1184-RLW (D.D.C.); *Francis J. Dennis v. United States, et al.*, No. 13-542-MMS (Ct. Fed. Cl.) and No. 13-1208-RLW (D.D.C.); *Erick Shipmon v. United States, et al.*, No. 13-672-MMS (Ct. Fed. Cl.); *Marneu Holdings, Co., et al. v. Federal Housing Finance Agency, et al.*, No. 13-1421-RLW (D.D.C.); *Gail C. Sweeney Estate Marital Trust v. Treasury, et al.*, No. 13-206 (D.D.C.); or claims to enforce the Settlement.  Released Class Claims shall also include any Unknown Claims.

99.    "**Unknown Claims**" means any Released Class Claim that any Plaintiff does not know or suspect to exist in his, her, its, or their favor at the time of the release of the Released Defendant Parties, and any Released Defendant Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, its, or their favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her, it, or them might have affected his, her, its, or their settlement with and release of the Released Defendant Parties or Released Plaintiff Parties, or might have affected his, her, its, or their decision not to object to this Settlement or request exclusion from the Settlement Classes.  With respect to any and all Released Class Claims or Released Defendant Claims, the Settling Parties and Released Defendant Parties, stipulate and agree that they shall be deemed to have expressly waived, and each other Member of the Settlement Classes shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties and Released Defendant Parties stipulate and agree that, upon the Effective Date, they shall expressly, and each other Member of the Settlement Classes shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Any Plaintiff or Released Defendant Party may hereafter discover facts in addition to or different from those that he, she, it or they now know or believe to exist or to be true with respect to the subject matter of the Released Class Claims or Released Defendant Claims, but the Plaintiffs shall have fully, finally, and forever settled and released any and all Released Class Claims, and the Released Defendant Parties shall have fully, finally, and forever settled and released any and all Released Defendant Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties and the Released Defendant Parties acknowledge, and other Members of the Settlement Classes by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Class Claims and Released Defendant Claims was separately bargained for and was a key element of the Settlement.

---

**DO I HAVE A LAWYER IN THIS CASE?**

---

100.    The Court appointed the law firms Labaton Sucharow LLP and Berman DeValerio to represent the Common Stock Class.  The Court appointed the law firm Kaplan Fox & Kilsheimer LLP to represent the Preferred Stock Class. These lawyers are called Lead Counsel.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**WHAT PAYMENTS ARE THE ATTORNEYS FOR THE SETTLEMENT CLASSES SEEKING?**

**HOW WILL THE LAWYERS BE PAID?**

---

101.    Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Classes, nor have Lead Counsel been reimbursed for their litigation expenses.  Lead Counsel for the Common Stock Class and Lead Counsel for the Preferred Stock Class will make an application(s) for awards of attorneys' fees of no more than 20%, in the aggregate, of the Settlement Fund.  They will also make an application(s) for payments of litigation expenses incurred in connection with the prosecution and resolution of the Action, in amounts that will not in the aggregate exceed $2,950,000, which sums may also include the reasonable costs and expenses of the Common Stock Lead Plaintiffs and Preferred Stock Lead Plaintiff directly related to their representation of their respective class. The Court will determine the amount of any award of attorneys' fees or litigation expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Members of the Settlement Classes are not personally liable for any such fees or expenses.

---

**HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?**

---

102.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of one or both of the Settlement Classes and you must timely complete and return the Claim Form with all required information and adequate supporting documentation **postmarked or received no later than [DATE]**.  A Claim Form is included with this Notice.  You can visit the website for this Settlement, www.FannieMae2008Litigation.com to obtain, complete, and file a Claim Form online **by [DATE].**  You may also request that a Claim Form be mailed to you by calling the Claims Administrator, A.B. Data, Ltd., toll free at 800-949-0192.  Please retain all records of your ownership of and transactions in Fannie Mae securities, as they may be needed to document your Claim.  If you are excluded from

the Settlement Classes by definition or properly request to be excluded, or if you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

103.     You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf with the Court and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," ¶¶112-120, below.

104.     If you are a Member of the Settlement Classes and you wish to object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's requests for attorneys' fees and litigation expenses, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," ¶¶112-120, below.

---

**HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?  WHAT DO I NEED TO DO?**

---

105.     If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Released Defendant Parties, on your own, about the Released Class Claims, then you must take steps to exclude yourself.  This is called "opting out" of the Settlement Classes.  **Please note:** if you decide to exclude yourself, there is a risk that any lawsuit you may thereafter file to pursue claims alleged in the Action may be dismissed, including because such suit is not filed within the applicable time periods required for filing suit.  Also, Fannie Mae may withdraw from and terminate the Settlement if putative Members of the Settlement Classes who have in excess of a certain number of shares exclude themselves from the Settlement.

106.     To exclude yourself from this Settlement, you must send a signed letter by mail stating that you request to be "excluded from the Common Stock Class and/or the Preferred Stock Class in *In re Fannie Mae 2008 Securities Litigation*, No. 08 Civ. 7831 (PAC) (S.D.N.Y.)."  Your letter must state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and sales of Fannie Mae common stock, common stock call options, common stock put options, and preferred stock during the Class Period.  In addition, you must include your name, address, telephone number, email address, and your signature.  You must mail your exclusion request so that it is *received no later than [DATE]*, to:

**FANNIE MAE 2008 SECURITIES LITIGATION**
**EXCLUSIONS**
*c/o* A.B. DATA, LTD.
**3410 WEST HOPKINS STREET**
**MILWAUKEE, WI  53217**

You cannot exclude yourself by telephone, online, or by email.  Your exclusion request must comply with these requirements in order to be valid.  If you request to be excluded in accordance with these requirements, you will not get any settlement payment, and you cannot object to the Settlement.  However, you will not be legally bound by anything that happens in connection with this Settlement, and you may be able to sue (or continue to sue) the Released Defendant Parties in the future.  (As set forth above, if you decide to exclude yourself from the Settlement Classes, you may not be able to assert all claims alleged in the Action.)  If you are a member of *both* the Common Stock Class and the Preferred Stock Class, and you request to be excluded from one of them, you will be excluded from both Settlement Classes and you will not get any settlement payment from the class that you did not seek exclusion from.

---

**IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANTS, FORMER DEFENDANTS, AND/OR RELEASED DEFENDANT PARTIES FOR THE SAME THING LATER?**

---

107.     No.  If you do not exclude yourself, you give up any rights to sue the Released Defendant Parties for any and all Released Class Claims.  If you have a pending lawsuit, speak to your lawyer in that case **immediately.  You must exclude yourself from the Settlement Classes to continue your own lawsuit**.  The exclusion deadline is [DATE].

108.     If you request exclusion from the Settlement Classes and later seek to pursue an action against the Released Defendant Parties and to obtain discovery taken by Lead Counsel, Lead Plaintiffs will likely seek advance payment on behalf of their respective classes for the reasonable costs (including the value of Lead Counsel's time, *i.e.*, "lodestar") related to such discovery.  If you and the Lead Plaintiffs are unable to agree upon the amount of such compensation, Lead Plaintiffs will likely make a motion requesting payment.  If Lead Plaintiffs elect to do so, they will request, for example, an order from the Court providing that you shall be required to compensate the Settlement Classes for the costs (including lodestar) associated with any deposition transcripts (including exhibits) you receive in connection with such legal proceeding, if the depositions were taken as part of discovery in the Action.  Likewise, if you seek access to the electronic document repository, currently hosting more than 75 million pages of documents, that was established and maintained in significant part by Lead Counsel, Lead Plaintiffs may seek an order requiring you to compensate the Settlement Classes a reasonable amount for the costs (including lodestar) associated with establishing and maintaining this electronic document repository.  Lead Plaintiffs may request that the amount of such compensation be determined by the Court based on the size of the claim you are asserting and the cost to the Settlement Classes of obtaining the discovery being sought, which shall include Lead Counsel's lodestar and expenses directly or indirectly related to that discovery.  Discovery in the Action included 21 depositions, based upon, *inter alia*, the receipt, review, and/or analysis of the 75 million pages of documents mentioned above.

109.     If you exclude yourself, you are not entitled to receive any funds as part of this Settlement.  If you exclude yourself, do not send in a Claim Form to ask for any money.  But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Released Defendant Parties.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**HOW DO I OBJECT? DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

110.     Members of the Settlement Classes do not need to attend the Settlement Hearing.  The Court will consider any objections made in accordance with the provisions below even if a Member of the Settlement Classes does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

111.     The Settlement Hearing will be held on **[DATE AND TIME]** before the Honorable Paul A. Crotty, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14C, New York, NY 10007.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's requests for attorneys' fees and litigation expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the Members of the Settlement Classes.

112.     Any Member of the Settlement Classes who does not submit a request for exclusion in connection with the Notice may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's requests for attorneys' fees and litigation expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers, exhibits, and briefs supporting the objection, with the Clerk's Office of the Court at the address set forth below on or before [DATE].  You must also serve the papers on Lead Counsel for the Settlement Classes and counsel for Fannie Mae and FHFA at the addresses set forth below so that the papers are *received* on or before [DATE].

| | | |
|---|---|---|
| **Clerk's Office** | **Lead Counsel** | **Counsel for Fannie Mae** |
| | **Kaplan Fox & Kilsheimer LLP** | **O'Melveny & Myers LLP** |
| United States District Court | Frederic S. Fox, Esq. | Jeffrey W. Kilduff, Esq. |
| Southern District of New York | Donald Hall, Esq. | 1625 Eye Street, N.W. |
| Clerk of the Court | 850 Third Avenue, 14th Floor | Washington, DC 20006 |
| Daniel Patrick Moynihan | New York, NY 10022 | |
| United States Courthouse | | **Counsel for FHFA** |
| 500 Pearl Street | **Labaton Sucharow LLP** | **Duane Morris LLP** |
| New York, NY 10007-1312 | Thomas A. Dubbs, Esq. | Joseph J. Aronica, Esq. |
| | Louis Gottlieb, Esq, | 505 9th Street, N.W. Suite 1000 |
| | 140 Broadway | Washington, DC 20004 |
| | New York, NY 10005 | |
| | | |
| | **Berman DeValerio** | |
| | Glen DeValerio, Esq. | |
| | Daniel E. Barenbaum, Esq. | |
| | One Liberty Square | |
| | Boston, MA 02109 | |

113.     Any objection to the Settlement (i) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) must contain a statement of the objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Member of the Settlement Classes wishes to bring to the Court's attention; and (iii) must include documents sufficient to prove the objector's membership in the Common Stock Class and/or Preferred Stock Class, such as the number of shares of Fannie Mae common stock, common stock call options, common stock put options, or shares of preferred stock that the objecting Member of the Settlement Classes purchased, otherwise acquired, held, and/or sold during the relevant period, as well as the dates and prices of each such purchase, acquisition, and/or sale.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's requests for attorneys' fees and litigation expenses if you request exclusion from the Settlement Classes or if you are not a member of the Settlement Classes.

114.     You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

115.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's requests for attorneys' fees and litigation expenses, and you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and counsel for Fannie Mae and FHFA at the addresses set forth above so that it is *received* on or before DATE.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

116.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and counsel for Fannie Mae and FHFA at the addresses set forth above so that the notice is *received* on or before DATE.

117.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Classes.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

118.     **Unless the Court orders otherwise, any Member of the Settlement Classes who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's requests for attorneys' fees and litigation expenses. Members of the Settlement Classes do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT HAPPENS IF I DO NOTHING AT ALL?

119.     If you do nothing and the Settlement is approved and you are a member of the Settlement Classes, you will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Class Claims, ever again.  To share in the Net Settlement Fund, you must submit a Claim Form.  To start, continue, or be a part of any *other* lawsuit against the Defendants and the Released Defendant Parties about the Released Class Claims, you *must* exclude yourself from the Settlement Classes.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF OR AM A BROKER AND/OR NOMINEE?

120.     If, for the beneficial interest of any person or entity other than yourself, you purchased or otherwise acquired Fannie Mae common stock, common stock call options, or preferred stock, and/or sold common stock put options, during the period from November 8, 2006 through September 5, 2008, inclusive, the Court has ordered that you must either: (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of the copies of the Notice Packet, forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Fannie Mae 2008 Securities Litigation*, c/o A.B. Data, Ltd.

121.     If you choose the first option, *i.e.*, you elect to mail the Notice Packet directly to beneficial owners, you must retain the mailing records for use in connection with any further notices that may be provided in the Action and send a statement to the Claims Administrator confirming that the mailing was done.  Upon mailing of the Notice Packets, you may seek reimbursement of your reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

122.     If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners whose names and addresses you supply.  Upon full compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website for this Settlement, www.FannieMae2008Litigation.com or by calling the claims administrator, A.B. Data, Ltd. at 800-949-0192.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

123.     This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the Settlement and matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website for this Settlement, www.FannieMae2008Litigation.com. All inquiries concerning this Notice or the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

FANNIE MAE 2008 SECURITIES LITIGATION
c/o A.B. DATA, LTD.
PO BOX 173002
MILWAUKEE, WI  53217
Phone: 800-949-0192
Email: info@FannieMae2008Litigation.com

and/or

| **Kaplan Fox & Kilsheimer LLP** | **Labaton Sucharow LLP** | **Berman DeValerio** |
|---|---|---|
| Frederic S. Fox, Esq. | Thomas A. Dubbs, Esq. | Glen DeValerio, Esq. |
| Donald Hall, Esq. | Louis Gottlieb, Esq. | Daniel E. Barenbaum, Esq. |
| 850 Third Avenue, 14th Floor | 140 Broadway | One Liberty Square |
| New York, NY 10022 | New York, NY 10005 | Boston, MA 02109 |
| (800) 290-1952 | (888) 219-6877 | (617) 542-8300 |
| mail@kaplanfox.com | settlementquestions@labaton.com | fannie@bermandevalerio.com |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.
DO NOT CALL OR WRITE FANNIE MAE OR FHFA REGARDING THIS NOTICE.**

Dated:  [DATE]

By Order of the Clerk of Court
United States District Court
Southern District of New York

**TABLE 1 - Fannie Mae Common Stock Artificial Inflation per Share. Artificial Inflation per Share During Trading Periods.**

| Security | 11/8/2006 through 1/25/2007 | 1/26/2007 through 2/20/2007 | 2/21/2007 through 6/13/2007 | 6/14/2007 through 7/9/2007 | 7/10/2007 through 7/19/2007 | 7/20/2007 through 7/25/2007 | 7/26/2007 through 9/20/2007 |
|---|---|---|---|---|---|---|---|
| Common Stock | $0.15 | $1.46 | $2.92 | $4.38 | $5.84 | $7.29 | $8.75 |

| Security | 9/21/2007 through 10/15/2007 | 10/16/2007 through 1/3/2008 | 1/4/2008 through 4/15/2008 | 4/16/2008 through 7/9/2008 | 7/10/2008 through 7/25/2008 | 8/8/2008 through 8/19/2008 | 8/20/2008 through 9/5/2008 |
|---|---|---|---|---|---|---|---|
| Common Stock | $10.21 | $11.67 | $13.13 | $14.59 | $12.81 | $10.44 | $7.06 |

**TABLE 2 - Fannie Mae Common Stock Average Closing Price from September 8, 2008 through Date Shown (90-Day Look-Back Period)**

| Date | Average Closing Price Between September 8, 2008 and Date Shown | Date | Average Closing Price Between September 8, 2008 and Date Shown | Date | Average Closing Price Between September 8, 2008 and Date Shown |
|---|---|---|---|---|---|
| 09/08/08 | $0.73 | 09/23/08 | $0.73 | 11/07/08 | $1.06 |
| 09/09/08 | $0.86 | 09/24/08 | $0.81 | 11/10/08 | $1.05 |
| 09/10/08 | $0.82 | 09/25/08 | $0.89 | 11/11/08 | $1.04 |
| 09/11/08 | $0.81 | 09/26/08 | $0.95 | 11/12/08 | $1.03 |
| 09/12/08 | $0.80 | 09/29/08 | $0.99 | 11/13/08 | $1.03 |
| 09/15/08 | $0.77 | 09/30/08 | $1.02 | 11/14/08 | $1.03 |
| 09/16/08 | $0.72 | 10/01/08 | $1.06 | 11/17/08 | $1.03 |
| 09/17/08 | $0.69 | 10/02/08 | $1.08 | 11/18/08 | $1.02 |
| 09/18/08 | $0.67 | 10/03/08 | $1.10 | 11/19/08 | $1.02 |
| 09/19/08 | $0.68 | 10/07/08 | $1.11 | 11/20/08 | $1.02 |
| 09/22/08 | | 10/22/08 | $1.07 | 11/21/08 | $1.01 |

| Date | Average Closing Price Between September 8, 2008 and Date Shown |
|---|---|
| 10/08/08 | $1.11 |
| 10/09/08 | $1.11 |
| 10/10/08 | $1.10 |
| 10/13/08 | $1.11 |
| 10/14/08 | $1.11 |
| 10/15/08 | $1.11 |
| 10/16/08 | $1.10 |
| 10/17/08 | $1.09 |
| 10/20/08 | $1.09 |
| 10/21/08 | $1.08 |
| 10/23/08 | $1.07 |

| Date | Average Closing Price Between September 8, 2008 and Date Shown |
|---|---|
| 10/23/08 | $1.06 |
| 10/24/08 | $1.05 |
| 10/27/08 | $1.04 |
| 10/28/08 | $1.03 |
| 10/29/08 | $1.03 |
| 10/30/08 | $1.03 |
| 10/31/08 | $1.03 |
| 11/03/08 | $1.03 |
| 11/04/08 | $1.02 |
| 11/05/08 | $1.02 |
| 11/06/08 | $1.01 |

| Date | Average Closing Price Between September 8, 2008 and Date Shown |
|---|---|
| 11/24/08 | $1.00 |
| 11/25/08 | $1.00 |
| 11/26/08 | $0.99 |
| 11/28/08 | $0.98 |
| 12/01/08 | $0.98 |
| 12/02/08 | $0.97 |
| 12/03/08 | $0.96 |
| 12/04/08 | $0.95 |
| 12/05/08 | $0.94 |

**TABLE 3 - Fannie Mae Call Option Daily Artificial Inflation per Share and Holding Values**

Call Option Artificial Inflation per Share During Trading Periods

| Expiration Date | Strike Price | 11/8/2006 through 1/25/2007 | 1/26/2007 through 2/20/2007 | 2/21/2007 through 6/13/2007 | 6/14/2007 through 7/9/2007 | 7/10/2007 through 7/19/2007 | 7/20/2007 through 7/25/2007 | 7/26/2007 through 9/20/2007 | 9/21/2007 through 10/15/2007 | 10/16/2007 through 1/3/2008 | 1/4/2008 through 4/15/2008 | 4/16/2008 through 7/9/2008 | 7/10/2008 | 7/11/2008 through 8/7/2008 | 8/8/2008 through 8/19/2008 | 8/20/2008 through 9/5/2008 | Holding Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/19/2008 | $5.00 | $0.04 | $0.38 | $0.75 | $1.13 | $1.51 | $1.89 | $2.26 | $2.64 | $3.02 | $3.39 | $3.77 | $2.17 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $7.50 | $0.03 | $0.32 | $0.65 | $0.97 | $1.30 | $1.62 | $1.95 | $2.27 | $2.60 | $2.92 | $3.24 | $1.73 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $10.00 | $0.03 | $0.26 | $0.52 | $0.77 | $1.03 | $1.29 | $1.55 | $1.81 | $2.06 | $2.32 | $2.58 | $1.10 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $11.00 | $0.02 | $0.24 | $0.47 | $0.71 | $0.94 | $1.18 | $1.41 | $1.65 | $1.89 | $2.12 | $2.36 | $0.90 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $12.00 | $0.02 | $0.20 | $0.40 | $0.60 | $0.80 | $1.01 | $1.21 | $1.41 | $1.61 | $1.81 | $2.01 | $0.62 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $13.00 | $0.02 | $0.16 | $0.32 | $0.48 | $0.64 | $0.80 | $0.96 | $1.13 | $1.29 | $1.45 | $1.61 | $0.32 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $14.00 | $0.01 | $0.13 | $0.26 | $0.40 | $0.53 | $0.66 | $0.79 | $0.92 | $1.05 | $1.19 | $1.32 | $0.20 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $15.00 | $0.01 | $0.11 | $0.21 | $0.32 | $0.43 | $0.53 | $0.64 | $0.75 | $0.85 | $0.96 | $1.07 | $0.20 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $16.00 | $0.01 | $0.07 | $0.13 | $0.20 | $0.27 | $0.34 | $0.40 | $0.47 | $0.54 | $0.61 | $0.67 | $0.04 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $17.00 | $0.00 | $0.04 | $0.09 | $0.13 | $0.18 | $0.22 | $0.26 | $0.31 | $0.35 | $0.40 | $0.44 | $0.04 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $18.00 | $0.00 | $0.03 | $0.06 | $0.09 | $0.13 | $0.16 | $0.19 | $0.22 | $0.25 | $0.28 | $0.32 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $19.00 | $0.00 | $0.01 | $0.03 | $0.04 | $0.06 | $0.07 | $0.09 | $0.10 | $0.12 | $0.13 | $0.15 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $20.00 | $0.00 | $0.01 | $0.02 | $0.03 | $0.04 | $0.05 | $0.05 | $0.06 | $0.07 | $0.07 | $0.08 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $21.00 | $0.00 | $0.01 | $0.02 | $0.03 | $0.03 | $0.04 | $0.05 | $0.06 | $0.07 | $0.08 | $0.08 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $22.00 | $0.00 | $0.01 | $0.01 | $0.02 | $0.02 | $0.03 | $0.03 | $0.04 | $0.05 | $0.05 | $0.06 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $23.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.02 | $0.02 | $0.03 | $0.01 | $0.01 | $0.02 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $24.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.01 | $0.02 | $0.01 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $25.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.01 | $0.01 | $0.01 | $0.02 | $0.02 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $26.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.01 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $27.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.02 | $0.02 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $28.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $29.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $30.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $31.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $32.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $33.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $35.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $5.00 | $0.04 | $0.39 | $0.77 | $1.16 | $1.54 | $1.93 | $2.31 | $2.70 | $3.08 | $3.47 | $3.85 | $2.67 | $1.23 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $7.50 | $0.03 | $0.31 | $0.63 | $0.94 | $1.25 | $1.57 | $1.88 | $2.19 | $2.51 | $2.82 | $3.13 | $2.04 | $0.78 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $10.00 | $0.03 | $0.25 | $0.49 | $0.74 | $0.99 | $1.23 | $1.48 | $1.73 | $1.98 | $2.22 | $2.47 | $1.46 | $0.60 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $11.00 | $0.02 | $0.20 | $0.41 | $0.61 | $0.81 | $1.01 | $1.22 | $1.42 | $1.62 | $1.83 | $2.03 | $1.10 | $0.28 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $12.00 | $0.01 | $0.15 | $0.30 | $0.45 | $0.60 | $0.75 | $0.90 | $1.05 | $1.20 | $1.35 | $1.50 | $0.68 | $0.18 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $13.00 | $0.01 | $0.12 | $0.23 | $0.35 | $0.47 | $0.59 | $0.70 | $0.82 | $0.94 | $1.06 | $1.17 | $0.46 | $0.10 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $14.00 | $0.01 | $0.09 | $0.17 | $0.26 | $0.35 | $0.44 | $0.52 | $0.61 | $0.70 | $0.78 | $0.87 | $0.28 | $0.05 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $15.00 | $0.00 | $0.06 | $0.13 | $0.20 | $0.26 | $0.33 | $0.39 | $0.46 | $0.53 | $0.59 | $0.66 | $0.15 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $16.00 | $0.01 | $0.06 | $0.11 | $0.17 | $0.22 | $0.28 | $0.33 | $0.39 | $0.45 | $0.50 | $0.56 | $0.08 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $17.00 | $0.01 | $0.04 | $0.07 | $0.11 | $0.14 | $0.18 | $0.22 | $0.25 | $0.29 | $0.32 | $0.36 | $0.08 | $0.00 | $0.00 | $0.00 | $0.00 |

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | | | | | | | | | | | Holding Value |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | 11/8/2006 through 1/25/2007 | 1/26/2007 through 2/20/2007 | 2/21/2007 through 6/13/2007 | 6/14/2007 through 7/9/2007 | 7/10/2007 through 7/19/2007 | 7/20/2007 through 7/25/2007 | 7/26/2007 through 9/20/2007 | 9/21/2007 through 10/15/2007 | 10/16/2007 through 1/3/2008 | 1/4/2008 through 4/15/2008 | 4/16/2008 through 7/9/2008 | 7/10/2008 | 7/11/2008 through 8/7/2008 | 8/2/2008 through 8/19/2008 | 8/20/2008 through 9/5/2008 | |
| 8/16/2008 | $19.00 | $0.00 | $0.00 | $0.05 | $0.06 | $0.08 | $0.13 | $0.15 | $0.18 | $0.20 | $0.23 | $0.21 | $0.25 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $20.00 | $0.00 | $0.00 | $0.04 | $0.06 | $0.08 | $0.11 | $0.13 | $0.15 | $0.17 | $0.19 | $0.21 | $0.21 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $21.00 | $0.00 | $0.00 | $0.03 | $0.04 | $0.06 | $0.09 | $0.11 | $0.13 | $0.15 | $0.19 | $0.21 | $0.19 | $0.03 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $22.00 | $0.00 | $0.00 | $0.03 | $0.04 | $0.06 | $0.08 | $0.09 | $0.12 | $0.12 | $0.13 | $0.15 | $0.19 | $0.03 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $23.00 | $0.00 | $0.00 | $0.03 | $0.03 | $0.05 | $0.05 | $0.08 | $0.07 | $0.09 | $0.11 | $0.13 | $0.13 | $0.03 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $24.00 | $0.00 | $0.00 | $0.02 | $0.02 | $0.03 | $0.04 | $0.04 | $0.05 | $0.05 | $0.08 | $0.08 | $0.11 | $0.02 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $25.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.03 | $0.02 | $0.02 | $0.04 | $0.05 | $0.06 | $0.06 | $0.08 | $0.02 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $26.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.02 | $0.02 | $0.03 | $0.06 | $0.07 | $0.08 | $0.04 | $0.08 | $0.02 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $27.00 | $0.00 | $0.00 | $0.01 | $0.00 | $0.01 | $0.01 | $0.02 | $0.03 | $0.02 | $0.04 | $0.06 | $0.04 | $0.02 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $28.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.02 | $0.02 | $0.04 | $0.04 | $0.02 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $30.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.02 | $0.02 | $0.00 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $5.00 | $0.05 | $0.75 | $1.51 | $2.26 | $3.01 | $3.77 | $4.52 | $5.27 | $6.03 | $6.78 | $7.53 | $5.97 | $4.13 | $3.13 | $2.35 | $0.00 |
| 9/20/2008 | $7.50 | $0.03 | $0.46 | $0.91 | $1.37 | $1.82 | $2.28 | $2.73 | $3.19 | $3.64 | $4.10 | $4.55 | $3.42 | $1.85 | $1.08 | $0.78 | $0.00 |
| 9/20/2008 | $10.00 | $0.03 | $0.31 | $0.62 | $0.93 | $1.23 | $1.54 | $1.85 | $2.16 | $2.47 | $2.78 | $3.09 | $2.07 | $0.95 | $0.20 | $0.15 | $0.00 |
| 9/20/2008 | $11.00 | $0.02 | $0.27 | $0.53 | $0.80 | $1.06 | $1.33 | $1.59 | $1.86 | $2.13 | $2.39 | $2.66 | $1.73 | $0.73 | $0.05 | $0.05 | $0.00 |
| 9/20/2008 | $12.50 | $0.02 | $0.20 | $0.40 | $0.60 | $0.80 | $1.00 | $1.20 | $1.40 | $1.60 | $1.80 | $2.00 | $1.33 | $0.53 | $0.03 | $0.05 | $0.00 |
| 9/20/2008 | $14.00 | $0.01 | $0.16 | $0.31 | $0.47 | $0.63 | $0.78 | $0.94 | $1.10 | $1.26 | $1.41 | $1.57 | $0.94 | $0.38 | $0.03 | $0.03 | $0.00 |
| 9/20/2008 | $15.00 | $0.01 | $0.14 | $0.27 | $0.41 | $0.55 | $0.68 | $0.82 | $0.96 | $1.09 | $1.23 | $1.37 | $0.78 | $0.28 | $0.03 | $0.00 | $0.00 |
| 9/20/2008 | $16.00 | $0.01 | $0.11 | $0.22 | $0.33 | $0.44 | $0.55 | $0.67 | $0.78 | $0.89 | $1.00 | $1.11 | $0.58 | $0.20 | $0.03 | $0.00 | $0.00 |
| 9/20/2008 | $17.50 | $0.01 | $0.08 | $0.16 | $0.24 | $0.32 | $0.40 | $0.48 | $0.56 | $0.64 | $0.72 | $0.80 | $0.42 | $0.10 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $19.00 | $0.00 | $0.06 | $0.11 | $0.17 | $0.23 | $0.28 | $0.34 | $0.40 | $0.45 | $0.51 | $0.57 | $0.27 | $0.05 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $20.00 | $0.00 | $0.05 | $0.10 | $0.15 | $0.20 | $0.25 | $0.30 | $0.35 | $0.41 | $0.46 | $0.51 | $0.30 | $0.08 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $21.00 | $0.00 | $0.04 | $0.07 | $0.11 | $0.14 | $0.18 | $0.22 | $0.25 | $0.29 | $0.32 | $0.36 | $0.19 | $0.05 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $22.50 | $0.00 | $0.02 | $0.06 | $0.06 | $0.12 | $0.15 | $0.18 | $0.21 | $0.23 | $0.26 | $0.29 | $0.15 | $0.03 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $24.00 | $0.00 | $0.02 | $0.04 | $0.05 | $0.08 | $0.11 | $0.13 | $0.15 | $0.17 | $0.19 | $0.21 | $0.11 | $0.03 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $25.00 | $0.00 | $0.02 | $0.03 | $0.04 | $0.07 | $0.10 | $0.10 | $0.12 | $0.13 | $0.15 | $0.16 | $0.08 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $26.00 | $0.00 | $0.01 | $0.03 | $0.04 | $0.06 | $0.09 | $0.09 | $0.10 | $0.11 | $0.13 | $0.14 | $0.08 | $0.03 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $27.00 | $0.00 | $0.01 | $0.02 | $0.04 | $0.04 | $0.07 | $0.07 | $0.10 | $0.10 | $0.13 | $0.12 | $0.08 | $0.03 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $28.00 | $0.00 | $0.01 | $0.02 | $0.03 | $0.03 | $0.06 | $0.07 | $0.08 | $0.10 | $0.11 | $0.10 | $0.11 | $0.03 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $29.00 | $0.00 | $0.01 | $0.02 | $0.03 | $0.04 | $0.05 | $0.06 | $0.07 | $0.08 | $0.09 | $0.10 | $0.08 | $0.03 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $30.00 | $0.00 | $0.01 | $0.02 | $0.02 | $0.03 | $0.04 | $0.05 | $0.06 | $0.07 | $0.07 | $0.04 | $0.04 | $0.03 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $31.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.03 | $0.03 | $0.04 | $0.04 | $0.05 | $0.06 | $0.06 | $0.04 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $32.00 | $0.00 | $0.01 | $0.01 | $0.02 | $0.03 | $0.03 | $0.05 | $0.06 | $0.07 | $0.04 | $0.08 | $0.04 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $33.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.02 | $0.02 | $0.03 | $0.03 | $0.03 | $0.04 | $0.04 | $0.00 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $34.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.02 | $0.02 | $0.03 | $0.03 | $0.03 | $0.04 | $0.04 | $0.04 | $0.03 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $35.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.02 | $0.02 | $0.02 | $0.03 | $0.03 | $0.04 | $0.04 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $36.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.01 | $0.01 | $0.02 | $0.02 | $0.02 | $0.02 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $37.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.01 | $0.02 | $0.02 | $0.02 | $0.02 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $38.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $0.01 | $0.01 | $0.02 | $0.02 | $0.02 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $40.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.01 | $0.01 | $0.02 | $0.02 | $0.06 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $45.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.01 | $0.02 | $0.02 | $0.06 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $50.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.01 | $0.01 | $0.00 | $0.02 | $0.00 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $55.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $0.02 | $0.00 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9/20/2008 | $60.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/20/2008 | $5.00 | $0.08 | $0.87 | $1.73 | $2.60 | $3.47 | $4.34 | $5.20 | $6.07 | $6.94 | $7.81 | $8.67 | $7.20 | $5.35 | $4.55 | $3.73 | $0.03 |
| 12/20/2008 | $7.50 | $0.07 | $0.68 | $1.35 | $2.03 | $2.70 | $3.38 | $4.06 | $4.73 | $5.41 | $6.09 | $6.76 | $5.58 | $3.98 | $3.23 | $2.70 | $0.03 |
| 12/20/2008 | $10.00 | $0.05 | $0.50 | $1.00 | $1.50 | $1.99 | $2.49 | $2.99 | $3.49 | $3.99 | $4.49 | $4.99 | $4.10 | $2.78 | $2.15 | $1.93 | $0.03 |
| 12/20/2008 | $11.00 | $0.04 | $0.45 | $0.89 | $1.34 | $1.79 | $2.23 | $2.68 | $3.13 | $3.57 | $4.02 | $4.47 | $3.66 | $2.50 | $1.90 | $1.70 | $0.03 |
| 12/20/2008 | $12.00 | $0.04 | $0.39 | $0.77 | $1.16 | $1.55 | $1.93 | $2.32 | $2.71 | $3.09 | $3.48 | $3.87 | $3.23 | $2.15 | $1.65 | $1.50 | $0.03 |
| 12/20/2008 | $13.00 | $0.03 | $0.34 | $0.69 | $1.03 | $1.37 | $1.71 | $2.06 | $2.40 | $2.74 | $3.08 | $3.43 | $2.88 | $1.88 | $1.43 | $1.30 | $0.03 |
| 12/20/2008 | $14.00 | $0.03 | $0.30 | $0.60 | $0.90 | $1.20 | $1.50 | $1.80 | $2.09 | $2.39 | $2.69 | $2.99 | $2.53 | $1.63 | $1.23 | $1.15 | $0.03 |
| 12/20/2008 | $15.00 | $0.03 | $0.26 | $0.52 | $0.78 | $1.04 | $1.30 | $1.56 | $1.82 | $2.08 | $2.34 | $2.60 | $2.22 | $1.38 | $1.00 | $0.95 | $0.03 |
| 12/20/2008 | $16.00 | $0.02 | $0.23 | $0.45 | $0.68 | $0.91 | $1.13 | $1.36 | $1.59 | $1.81 | $2.04 | $2.27 | $2.01 | $1.25 | $0.88 | $0.85 | $0.03 |
| 12/20/2008 | $17.00 | $0.02 | $0.19 | $0.37 | $0.56 | $0.75 | $0.94 | $1.12 | $1.31 | $1.50 | $1.69 | $1.87 | $1.64 | $1.00 | $0.75 | $0.75 | $0.03 |
| 12/20/2008 | $18.00 | $0.02 | $0.16 | $0.33 | $0.49 | $0.66 | $0.82 | $0.99 | $1.15 | $1.32 | $1.48 | $1.65 | $1.50 | $0.90 | $0.65 | $0.65 | $0.03 |
| 12/20/2008 | $19.00 | $0.01 | $0.14 | $0.28 | $0.42 | $0.56 | $0.70 | $0.84 | $0.98 | $1.12 | $1.26 | $1.40 | $1.28 | $0.78 | $0.55 | $0.55 | $0.03 |
| 12/20/2008 | $20.00 | $0.01 | $0.12 | $0.24 | $0.36 | $0.49 | $0.61 | $0.73 | $0.85 | $0.97 | $1.09 | $1.22 | $1.13 | $0.65 | $0.50 | $0.50 | $0.03 |
| 12/20/2008 | $21.00 | $0.01 | $0.10 | $0.20 | $0.30 | $0.40 | $0.50 | $0.60 | $0.70 | $0.80 | $0.90 | $1.00 | $0.96 | $0.50 | $0.40 | $0.38 | $0.03 |
| 12/20/2008 | $22.00 | $0.01 | $0.09 | $0.19 | $0.28 | $0.37 | $0.46 | $0.55 | $0.64 | $0.74 | $0.83 | $0.88 | $0.88 | $0.48 | $0.35 | $0.35 | $0.03 |
| 12/20/2008 | $23.00 | $0.01 | $0.08 | $0.16 | $0.25 | $0.33 | $0.41 | $0.49 | $0.58 | $0.66 | $0.74 | $0.82 | $0.82 | $0.48 | $0.30 | $0.30 | $0.03 |
| 12/20/2008 | $24.00 | $0.01 | $0.07 | $0.14 | $0.21 | $0.27 | $0.34 | $0.41 | $0.48 | $0.55 | $0.62 | $0.69 | $0.69 | $0.33 | $0.30 | $0.28 | $0.03 |
| 12/20/2008 | $25.00 | $0.01 | $0.06 | $0.12 | $0.18 | $0.25 | $0.31 | $0.37 | $0.43 | $0.49 | $0.55 | $0.62 | $0.62 | $0.28 | $0.23 | $0.23 | $0.03 |

**Call Option Artificial Inflation per Share During Trading Periods**

| Expiration Date | Strike Price | 11/8/2006 through 1/25/2007 | 1/26/2007 through 2/20/2007 | 2/21/2007 through 6/13/2007 | 6/14/2007 through 7/9/2007 | 7/10/2007 through 7/19/2007 | 7/20/2007 through 7/25/2007 | 7/26/2007 through 9/20/2007 | 9/21/2007 through 10/15/2007 | 10/16/2007 through 1/3/2008 | 1/4/2008 through 4/15/2008 | 4/16/2008 through 7/9/2008 | 7/10/2008 | 7/11/2008 through 8/7/2008 | 8/8/2008 through 8/19/2008 | 8/20/2008 through 9/5/2008 | Holding Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/20/2008 | $26.00 | $0.01 | $0.06 | $0.18 | $0.18 | $0.29 | $0.29 | $0.35 | $0.41 | $0.47 | $0.53 | $0.59 | $0.59 | $0.23 | $0.23 | $0.20 | $0.03 |
| 12/20/2008 | $27.00 | $0.01 | $0.05 | $0.10 | $0.15 | $0.20 | $0.26 | $0.31 | $0.36 | $0.41 | $0.46 | $0.51 | $0.51 | $0.15 | $0.15 | $0.15 | $0.03 |
| 12/20/2008 | $28.00 | $0.01 | $0.05 | $0.10 | $0.15 | $0.21 | $0.26 | $0.31 | $0.36 | $0.41 | $0.46 | $0.52 | $0.52 | $0.15 | $0.13 | $0.15 | $0.03 |
| 12/20/2008 | $29.00 | $0.00 | $0.05 | $0.10 | $0.15 | $0.21 | $0.26 | $0.30 | $0.34 | $0.34 | $0.39 | $0.43 | $0.43 | $0.13 | $0.10 | $0.13 | $0.03 |
| 12/20/2008 | $30.00 | $0.00 | $0.04 | $0.09 | $0.11 | $0.14 | $0.18 | $0.24 | $0.28 | $0.28 | $0.32 | $0.36 | $0.36 | $0.10 | $0.10 | $0.10 | $0.03 |
| 12/20/2008 | $31.00 | $0.00 | $0.04 | $0.08 | $0.11 | $0.16 | $0.17 | $0.21 | $0.24 | $0.28 | $0.32 | $0.36 | $0.36 | $0.10 | $0.08 | $0.10 | $0.03 |
| 12/20/2008 | $32.00 | $0.00 | $0.03 | $0.08 | $0.09 | $0.14 | $0.15 | $0.18 | $0.21 | $0.25 | $0.27 | $0.30 | $0.30 | $0.08 | $0.08 | $0.08 | $0.03 |
| 12/20/2008 | $33.00 | $0.00 | $0.02 | $0.06 | $0.07 | $0.09 | $0.12 | $0.14 | $0.16 | $0.18 | $0.21 | $0.23 | $0.23 | $0.05 | $0.05 | $0.05 | $0.02 |
| 12/20/2008 | $40.00 | $0.11 | $1.12 | $2.24 | $3.37 | $4.49 | $4.51 | $6.73 | $7.86 | $8.98 | $10.10 | $11.22 | $9.41 | $7.20 | $6.30 | $5.05 | $0.03 |
| 12/20/2008 | $45.00 | $0.09 | $0.90 | $1.80 | $2.71 | $3.61 | $3.54 | $5.41 | $6.32 | $7.22 | $8.12 | $5.28 | $7.51 | $5.70 | $4.85 | $3.93 | $0.03 |
| 1/17/2009 | $2.50 | $0.07 | $0.71 | $1.42 | $2.12 | $2.83 | $2.64 | $4.25 | $4.96 | $5.66 | $6.37 | $7.08 | $5.82 | $4.25 | $3.50 | $2.85 | $0.20 |
| 1/17/2009 | $5.00 | $0.04 | $0.53 | $1.06 | $1.59 | $2.11 | $1.97 | $3.17 | $3.70 | $4.23 | $4.76 | $5.28 | $4.23 | $3.03 | $2.43 | $2.00 | $0.18 |
| 1/17/2009 | $7.50 | $0.03 | $0.39 | $0.79 | $1.18 | $1.58 | $1.47 | $2.37 | $2.76 | $3.15 | $3.55 | $3.94 | $3.27 | $2.23 | $1.80 | $1.53 | $0.16 |
| 1/17/2009 | $10.00 | $0.02 | $0.29 | $0.59 | $0.88 | $1.18 | $1.02 | $1.77 | $2.06 | $2.35 | $2.65 | $2.94 | $2.48 | $1.58 | $1.25 | $1.13 | $0.14 |
| 1/17/2009 | $12.50 | $0.01 | $0.23 | $0.41 | $0.61 | $0.81 | $0.69 | $1.22 | $1.42 | $1.63 | $1.83 | $2.03 | $1.80 | $1.10 | $0.83 | $0.78 | $0.13 |
| 1/17/2009 | $15.00 | $0.01 | $0.14 | $0.28 | $0.41 | $0.55 | $0.41 | $0.83 | $0.97 | $1.11 | $1.24 | $1.38 | $1.36 | $0.80 | $0.60 | $0.58 | $0.11 |
| 1/17/2009 | $17.50 | $0.00 | $0.08 | $0.17 | $0.25 | $0.33 | $0.35 | $0.50 | $0.58 | $0.66 | $0.74 | $0.69 | $0.83 | $0.43 | $0.43 | $0.43 | $0.09 |
| 1/17/2009 | $20.00 | $0.00 | $0.07 | $0.14 | $0.21 | $0.28 | $0.24 | $0.41 | $0.48 | $0.55 | $0.62 | $0.69 | $0.69 | $0.35 | $0.28 | $0.28 | $0.08 |
| 1/17/2009 | $22.50 | $0.00 | $0.05 | $0.10 | $0.15 | $0.19 | $0.14 | $0.29 | $0.34 | $0.39 | $0.44 | $0.49 | $0.49 | $0.23 | $0.13 | $0.13 | $0.07 |
| 1/17/2009 | $25.00 | $0.00 | $0.04 | $0.06 | $0.09 | $0.11 | $0.14 | $0.17 | $0.19 | $0.23 | $0.25 | $0.29 | $0.29 | $0.13 | $0.08 | $0.03 | $0.05 |
| 1/17/2009 | $30.00 | $0.00 | $0.02 | $0.06 | $0.08 | $0.11 | $0.06 | $0.17 | $0.19 | $0.22 | $0.25 | $0.28 | $0.28 | $0.08 | $0.03 | $0.00 | $0.04 |
| 1/17/2009 | $35.00 | $0.00 | $0.00 | $0.03 | $0.06 | $0.05 | $0.02 | $0.08 | $0.00 | $0.10 | $0.11 | $0.13 | $0.13 | $0.03 | $0.00 | $0.00 | $0.03 |
| 1/17/2009 | $40.00 | $0.00 | $0.00 | $0.03 | $0.05 | $0.05 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 | $0.05 | $0.05 | $0.00 | $0.00 | $0.00 | $0.02 |
| 1/17/2009 | $45.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.05 | $0.05 | $0.00 | $0.00 | $0.00 | $0.01 |
| 1/17/2009 | $50.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.05 | $0.05 | $0.00 | $0.00 | $0.00 | $0.01 |
| 1/17/2009 | $55.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.04 | $0.04 | $0.00 | $0.00 | $0.00 | $0.01 |
| 1/17/2009 | $60.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/17/2009 | $65.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.02 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/17/2009 | $70.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/17/2009 | $80.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/17/2009 | $90.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/6/2010 | $2.50 | $0.11 | $1.11 | $2.22 | $3.33 | $4.45 | $5.56 | $6.67 | $7.78 | $8.89 | $10.00 | $11.11 | $7.84 | $7.13 | $6.43 | $5.23 | $0.11 |
| 1/6/2010 | $5.00 | $0.08 | $0.95 | $1.91 | $2.86 | $3.81 | $4.76 | $5.72 | $6.67 | $7.62 | $8.57 | $9.53 | $6.91 | $6.28 | $5.53 | $4.43 | $0.10 |
| 1/6/2010 | $7.50 | $0.06 | $0.79 | $1.58 | $2.38 | $3.17 | $3.96 | $4.75 | $5.54 | $6.33 | $7.13 | $7.92 | $5.82 | $5.30 | $4.70 | $3.68 | $0.09 |
| 1/6/2010 | $10.00 | $0.04 | $0.67 | $1.34 | $2.01 | $2.68 | $3.35 | $4.02 | $4.69 | $5.36 | $6.03 | $6.71 | $4.90 | $4.58 | $4.08 | $3.18 | $0.08 |
| 1/6/2010 | $12.50 | $0.03 | $0.56 | $1.12 | $1.68 | $2.25 | $2.81 | $3.37 | $3.93 | $4.49 | $5.05 | $5.62 | $4.07 | $3.78 | $3.38 | $2.68 | $0.07 |
| 1/6/2010 | $15.00 | $0.03 | $0.45 | $0.90 | $1.35 | $1.80 | $2.24 | $2.69 | $3.14 | $3.59 | $4.04 | $4.49 | $3.38 | $3.23 | $2.90 | $2.30 | $0.06 |
| 1/6/2010 | $17.50 | $0.02 | $0.36 | $0.71 | $1.07 | $1.42 | $1.78 | $2.13 | $2.49 | $2.84 | $3.20 | $3.55 | $2.70 | $2.70 | $2.35 | $1.85 | $0.04 |
| 1/6/2010 | $20.00 | $0.02 | $0.32 | $0.64 | $0.95 | $1.27 | $1.59 | $1.91 | $2.23 | $2.55 | $2.86 | $3.18 | $2.40 | $2.40 | $2.18 | $1.70 | $0.04 |
| 1/6/2010 | $22.50 | $0.01 | $0.26 | $0.51 | $0.77 | $1.02 | $1.28 | $1.53 | $1.79 | $2.05 | $2.30 | $2.56 | $2.18 | $2.08 | $1.73 | $1.40 | $0.03 |
| 1/6/2010 | $25.00 | $0.01 | $0.21 | $0.43 | $0.64 | $0.86 | $1.07 | $1.28 | $1.50 | $1.71 | $1.93 | $2.14 | $1.73 | $1.73 | $1.48 | $1.20 | $0.03 |
| 1/6/2010 | $30.00 | $0.01 | $0.16 | $0.31 | $0.47 | $0.62 | $0.78 | $0.94 | $1.09 | $1.25 | $1.40 | $1.56 | $1.13 | $1.30 | $1.13 | $0.95 | $0.02 |
| 1/6/2010 | $35.00 | $0.01 | $0.11 | $0.22 | $0.33 | $0.43 | $0.54 | $0.65 | $0.76 | $0.87 | $0.98 | $1.09 | $0.90 | $1.03 | $0.90 | $0.75 | $0.02 |
| 1/6/2010 | $40.00 | $0.00 | $0.09 | $0.18 | $0.26 | $0.35 | $0.44 | $0.53 | $0.61 | $0.70 | $0.79 | $0.88 | $0.75 | $0.90 | $0.68 | $0.55 | $0.01 |
| 1/6/2010 | $45.00 | $0.00 | $0.06 | $0.13 | $0.19 | $0.25 | $0.31 | $0.38 | $0.44 | $0.50 | $0.56 | $0.63 | $0.55 | $0.68 | $0.50 | $0.40 | $0.01 |
| 1/6/2010 | $50.00 | $0.00 | $0.04 | $0.09 | $0.18 | $0.24 | $0.30 | $0.36 | $0.42 | $0.48 | $0.54 | $0.60 | $0.40 | $0.50 | $0.50 | $0.40 | $0.01 |
| 1/6/2010 | $55.00 | $0.00 | $0.03 | $0.06 | $0.13 | $0.17 | $0.21 | $0.26 | $0.30 | $0.34 | $0.38 | $0.43 | $0.40 | $0.50 | $0.30 | $0.25 | $0.01 |
| 1/6/2010 | $60.00 | $0.00 | $0.03 | $0.06 | $0.09 | $0.12 | $0.15 | $0.19 | $0.22 | $0.27 | $0.27 | $0.30 | $0.25 | $0.28 | $0.30 | $0.25 | $0.00 |
| 1/6/2010 | $65.00 | $0.00 | $0.02 | $0.03 | $0.08 | $0.11 | $0.14 | $0.17 | $0.19 | $0.22 | $0.25 | $0.28 | $0.25 | $0.28 | $0.15 | $0.13 | $0.00 |
| 1/6/2010 | $70.00 | $0.00 | $0.02 | $0.03 | $0.08 | $0.09 | $0.11 | $0.14 | $0.16 | $0.18 | $0.20 | $0.23 | $0.13 | $0.23 | $0.18 | $0.18 | $0.00 |
| 1/6/2010 | $80.00 | $0.00 | $0.00 | $0.02 | $0.07 | $0.09 | $0.11 | $0.14 | $0.16 | $0.18 | $0.20 | $0.23 | $0.10 | $0.13 | $0.10 | $0.10 | $0.00 |
| 1/6/2010 | $90.00 | $0.00 | $0.00 | $0.00 | $0.05 | $0.09 | $0.11 | $0.14 | $0.16 | $0.18 | $0.20 | $0.23 | $0.05 | $0.13 | $0.05 | $0.05 | $0.00 |

24

**TABLE 4 – Fannie Mae Put Option Daily Artificial Deflation per Share and Holding Values**

| Expiration Date | Strike Price | 11/8/2006 through 1/25/2007 | 1/26/2007 through 2/20/2007 | 2/21/2007 through 6/13/2007 | 6/14/2007 through 7/9/2007 | 7/10/2007 through 7/19/2007 | 7/20/2007 through 7/25/2007 | 7/26/2007 through 9/20/2007 | 9/21/2007 through 10/15/2007 | 10/16/2007 through 1/3/2008 | 1/4/2008 through 4/15/2008 | 4/16/2008 through 7/9/2008 | 7/10/2008 | 7/11/2008 through 8/7/2008 | 8/8/2008 through 8/19/2008 | 8/20/2008 through 9/5/2008 | Holding Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/19/2008 | $5.00 | $0.00 | $0.10 | $0.13 | $0.30 | $0.40 | $0.51 | $0.51 | $0.61 | $0.71 | $0.81 | $0.45 | $0.36 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $7.50 | $0.01 | $0.17 | $0.34 | $0.51 | $0.68 | $0.85 | $1.02 | $1.19 | $1.36 | $1.53 | $1.70 | $0.86 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $10.00 | $0.02 | $0.20 | $0.40 | $0.60 | $0.79 | $0.99 | $1.19 | $1.39 | $1.59 | $1.79 | $1.98 | $1.41 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $11.00 | $0.02 | $0.20 | $0.48 | $0.72 | $0.95 | $1.19 | $1.43 | $1.67 | $1.91 | $2.15 | $1.98 | $1.63 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $12.00 | $0.02 | $0.24 | $0.48 | $0.72 | $0.95 | $1.19 | $1.43 | $1.67 | $1.91 | $2.15 | $2.39 | $2.03 | $0.00 | $0.00 | $0.00 | $0.00 |

| Expiration Date | Strike Price | Put Option Artificial Deflation per Share During Trading Periods | | | | | | | | | | | | | | | Holding Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 11/8/2006 through 1/25/2007 | 1/26/2007 through 2/20/2007 | 2/21/2007 through 6/13/2007 | 6/14/2007 through 7/9/2007 | 7/10/2007 through 7/19/2007 | 7/20/2007 through 7/25/2007 | 7/26/2007 through 9/20/2007 | 9/21/2007 through 10/15/2007 | 10/16/2007 through 1/3/2008 | 1/4/2008 through 4/15/2008 | 4/16/2008 through 7/9/2008 | 7/10/2008 | 7/11/2008 through 8/7/2008 | 8/8/2008 through 8/19/2008 | 8/20/2008 through 9/5/2008 | |
| 7/19/2008 | $13.00 | $0.03 | $0.27 | $0.54 | $0.81 | $1.09 | $1.36 | $1.63 | $1.90 | $2.17 | $2.44 | $2.72 | $2.17 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $14.00 | $0.03 | $0.30 | $0.60 | $0.89 | $1.19 | $1.49 | $1.79 | $2.09 | $2.39 | $2.68 | $2.98 | $2.31 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $15.00 | $0.03 | $0.33 | $0.67 | $0.97 | $1.33 | $1.67 | $2.00 | $2.34 | $2.67 | $3.00 | $3.34 | $2.41 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $16.00 | $0.04 | $0.36 | $0.72 | $1.08 | $1.44 | $1.80 | $2.17 | $2.53 | $2.89 | $3.25 | $3.61 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $17.00 | $0.04 | $0.38 | $0.76 | $1.14 | $1.52 | $1.90 | $2.28 | $2.66 | $3.04 | $3.42 | $3.80 | $2.49 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $18.00 | $0.04 | $0.40 | $0.80 | $1.20 | $1.60 | $2.00 | $2.40 | $2.80 | $3.20 | $3.60 | $4.01 | $2.53 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $19.00 | $0.04 | $0.41 | $0.82 | $1.23 | $1.64 | $2.04 | $2.45 | $2.86 | $3.27 | $3.68 | $4.09 | $2.53 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $20.00 | $0.04 | $0.42 | $0.83 | $1.25 | $1.67 | $2.09 | $2.50 | $2.92 | $3.34 | $3.76 | $4.17 | $2.53 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $21.00 | $0.04 | $0.42 | $0.84 | $1.25 | $1.67 | $2.09 | $2.51 | $2.92 | $3.34 | $3.75 | $4.17 | $2.49 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $22.00 | $0.04 | $0.42 | $0.84 | $1.25 | $1.69 | $2.11 | $2.53 | $2.92 | $3.34 | $3.76 | $4.18 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $23.00 | $0.04 | $0.42 | $0.84 | $1.27 | $1.70 | $2.13 | $2.56 | $2.95 | $3.37 | $3.80 | $4.22 | $2.49 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $24.00 | $0.04 | $0.43 | $0.85 | $1.28 | $1.70 | $2.13 | $2.56 | $2.98 | $3.41 | $3.83 | $4.26 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $25.00 | $0.04 | $0.43 | $0.85 | $1.28 | $1.70 | $2.13 | $2.56 | $2.98 | $3.41 | $3.83 | $4.26 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $26.00 | $0.04 | $0.42 | $0.84 | $1.27 | $1.69 | $2.11 | $2.53 | $2.95 | $3.38 | $3.80 | $4.22 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $27.00 | $0.04 | $0.43 | $0.85 | $1.28 | $1.70 | $2.13 | $2.56 | $2.98 | $3.41 | $3.84 | $4.26 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $28.00 | $0.04 | $0.42 | $0.84 | $1.27 | $1.69 | $2.11 | $2.53 | $2.95 | $3.38 | $3.80 | $4.22 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $29.00 | $0.04 | $0.42 | $0.84 | $1.27 | $1.69 | $2.11 | $2.53 | $2.95 | $3.38 | $3.80 | $4.22 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $30.00 | $0.04 | $0.43 | $0.85 | $1.28 | $1.70 | $2.13 | $2.56 | $2.98 | $3.41 | $3.84 | $4.26 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $31.00 | $0.04 | $0.43 | $0.84 | $1.28 | $1.69 | $2.11 | $2.53 | $2.98 | $3.38 | $3.80 | $4.26 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $32.00 | $0.04 | $0.43 | $0.84 | $1.27 | $1.69 | $2.11 | $2.53 | $2.95 | $3.38 | $3.80 | $4.26 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/19/2008 | $35.00 | $0.04 | $0.43 | $0.85 | $1.28 | $1.70 | $2.13 | $2.56 | $2.98 | $3.41 | $3.84 | $4.26 | $2.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/16/2008 | $5.00 | $0.01 | $0.10 | $0.20 | $0.29 | $0.39 | $0.49 | $0.59 | $0.68 | $0.78 | $0.88 | $0.98 | $0.68 | $0.03 | $4.83 | $0.00 | $0.00 |
| 8/16/2008 | $7.50 | $0.02 | $0.16 | $0.31 | $0.47 | $0.63 | $0.78 | $0.94 | $1.10 | $1.25 | $1.41 | $1.57 | $1.10 | $0.23 | $6.95 | $0.00 | $0.00 |
| 8/16/2008 | $10.00 | $0.02 | $0.23 | $0.46 | $0.69 | $0.92 | $1.14 | $1.37 | $1.60 | $1.83 | $2.06 | $2.29 | $1.57 | $0.53 | $7.80 | $0.00 | $0.00 |
| 8/16/2008 | $11.00 | $0.03 | $0.27 | $0.55 | $0.82 | $1.10 | $1.37 | $1.65 | $1.92 | $2.20 | $2.47 | $2.75 | $2.01 | $0.75 | $8.00 | $0.00 | $0.00 |
| 8/16/2008 | $12.00 | $0.03 | $0.30 | $0.66 | $0.99 | $1.33 | $1.65 | $1.99 | $2.32 | $2.65 | $2.98 | $3.32 | $2.47 | $0.80 | $8.33 | $0.00 | $0.00 |
| 8/16/2008 | $13.00 | $0.03 | $0.33 | $0.75 | $1.12 | $1.50 | $1.87 | $2.25 | $2.62 | $3.00 | $3.37 | $3.75 | $2.78 | $0.90 | $8.65 | $0.00 | $0.00 |
| 8/16/2008 | $14.00 | $0.04 | $0.37 | $0.75 | $1.12 | $1.50 | $1.87 | $2.25 | $2.66 | $3.00 | $3.38 | $3.81 | $2.81 | $0.95 | $7.95 | $0.00 | $0.00 |
| 8/16/2008 | $15.00 | $0.04 | $0.39 | $0.82 | $1.23 | $1.64 | $2.04 | $2.45 | $2.86 | $3.27 | $4.00 | $4.45 | $3.27 | $0.95 | $7.95 | $0.00 | $0.00 |
| 8/16/2008 | $16.00 | $0.04 | $0.42 | $0.89 | $1.33 | $1.78 | $2.22 | $2.67 | $3.00 | $3.63 | $4.08 | $4.53 | $3.31 | $0.95 | $7.95 | $0.00 | $0.00 |
| 8/16/2008 | $17.00 | $0.05 | $0.44 | $0.91 | $1.36 | $1.81 | $2.27 | $2.72 | $3.17 | $3.76 | $4.23 | $4.70 | $3.52 | $1.05 | $7.95 | $0.00 | $0.00 |
| 8/16/2008 | $18.00 | $0.05 | $0.45 | $0.94 | $1.41 | $1.88 | $2.35 | $2.82 | $3.29 | $3.93 | $4.42 | $4.91 | $3.48 | $1.05 | $7.95 | $0.00 | $0.00 |
| 8/16/2008 | $19.00 | $0.05 | $0.47 | $0.98 | $1.47 | $1.97 | $2.46 | $2.95 | $3.44 | $4.04 | $4.55 | $5.05 | $3.62 | $1.05 | $7.95 | $0.00 | $0.00 |
| 8/16/2008 | $20.00 | $0.05 | $0.49 | $1.01 | $1.52 | $2.02 | $2.53 | $3.03 | $3.54 | $4.03 | $4.54 | $5.04 | $3.44 | $1.05 | $7.95 | $0.00 | $0.00 |
| 8/16/2008 | $21.00 | $0.05 | $0.51 | $1.01 | $1.52 | $2.02 | $2.52 | $3.03 | $3.53 | $4.14 | $4.66 | $5.18 | $3.62 | $1.05 | $7.95 | $0.00 | $0.00 |
| 8/16/2008 | $22.00 | $0.05 | $0.50 | $1.04 | $1.55 | $2.07 | $2.59 | $3.11 | $3.63 | $4.15 | $4.66 | $5.18 | $3.58 | $1.05 | $8.00 | $0.00 | $0.00 |
| 8/16/2008 | $23.00 | $0.05 | $0.52 | $1.04 | $1.55 | $2.07 | $2.59 | $3.11 | $3.63 | $4.18 | $4.71 | $5.22 | $3.62 | $1.05 | $8.00 | $0.00 | $0.00 |
| 8/16/2008 | $24.00 | $0.05 | $0.52 | $1.04 | $1.57 | $2.09 | $2.61 | $3.13 | $3.66 | $4.18 | $4.71 | $5.23 | $3.58 | $1.05 | $8.00 | $0.00 | $0.00 |
| 8/16/2008 | $25.00 | $0.05 | $0.52 | $1.05 | $1.57 | $2.09 | $2.61 | $3.14 | $3.75 | $4.28 | $4.82 | $5.35 | $3.54 | $1.05 | $8.00 | $0.00 | $0.00 |
| 8/16/2008 | $26.00 | $0.05 | $0.54 | $1.07 | $1.61 | $2.14 | $2.68 | $3.21 | $3.75 | $4.28 | $4.82 | $5.35 | $3.50 | $1.05 | $8.00 | $0.00 | $0.00 |
| 8/16/2008 | $27.00 | $0.05 | $0.53 | $1.06 | $1.59 | $2.12 | $2.66 | $3.19 | $3.72 | $4.25 | $4.78 | $5.31 | $3.54 | $1.05 | $7.95 | $0.00 | $0.00 |
| 8/16/2008 | $28.00 | $0.05 | $0.54 | $1.07 | $1.61 | $2.14 | $2.68 | $3.21 | $3.75 | $4.28 | $4.82 | $5.35 | $3.50 | $1.05 | $8.00 | $0.00 | $0.00 |
| 8/16/2008 | $30.00 | $0.05 | $0.54 | $1.07 | $1.61 | $2.14 | $2.68 | $3.21 | $3.75 | $4.28 | $4.82 | $5.35 | $3.54 | $1.05 | $8.00 | $0.00 | $0.00 |
| 9/20/2008 | $5.00 | $0.05 | $0.50 | $1.00 | $1.50 | $2.00 | $2.50 | $3.00 | $3.50 | $4.00 | $4.50 | $5.00 | $5.00 | $4.83 | $4.83 | $4.03 | $0.00 |
| 9/20/2008 | $7.50 | $0.08 | $0.75 | $1.50 | $2.25 | $3.00 | $3.75 | $4.50 | $5.25 | $6.00 | $6.75 | $7.50 | $7.50 | $5.00 | $6.95 | $5.65 | $0.00 |
| 9/20/2008 | $10.00 | $0.10 | $1.00 | $2.00 | $3.00 | $4.00 | $5.00 | $6.00 | $7.00 | $8.00 | $9.00 | $10.00 | $9.36 | $7.50 | $7.80 | $6.25 | $0.00 |
| 9/20/2008 | $11.00 | $0.11 | $1.07 | $2.14 | $3.21 | $4.28 | $5.35 | $6.42 | $7.49 | $8.56 | $9.62 | $10.69 | $9.80 | $7.98 | $7.98 | $6.35 | $0.00 |
| 9/20/2008 | $12.50 | $0.11 | $1.12 | $2.23 | $3.33 | $4.46 | $5.58 | $6.69 | $7.81 | $8.56 | $9.04 | $10.69 | $9.86 | $8.33 | $8.33 | $6.40 | $0.00 |
| 9/20/2008 | $13.00 | $0.12 | $1.18 | $2.36 | $3.54 | $4.72 | $5.90 | $7.08 | $8.16 | $9.32 | $10.49 | $11.79 | $10.06 | $8.33 | $8.65 | $6.40 | $0.00 |
| 9/20/2008 | $14.00 | $0.12 | $1.22 | $2.43 | $3.67 | $4.86 | $6.08 | $7.29 | $8.25 | $9.43 | $10.61 | $12.15 | $10.54 | $8.60 | $8.70 | $6.40 | $0.00 |
| 9/20/2008 | $15.00 | $0.12 | $1.22 | $2.44 | $3.67 | $4.89 | $6.11 | $7.33 | $8.51 | $9.72 | $10.94 | $12.22 | $10.53 | $8.70 | $8.80 | $6.40 | $10.65 |
| 9/20/2008 | $16.00 | $0.12 | $1.25 | $2.51 | $3.76 | $5.01 | $6.27 | $7.52 | $8.55 | $9.77 | $11.00 | $12.52 | $10.89 | $8.80 | $8.85 | $6.40 | $15.65 |
| 9/20/2008 | $17.50 | $0.13 | $1.26 | $2.50 | $3.79 | $5.06 | $6.26 | $7.51 | $8.77 | $10.03 | $11.28 | $12.52 | $10.87 | $8.85 | $8.80 | $6.40 | $17.65 |
| 9/20/2008 | $19.00 | $0.13 | $1.27 | $2.55 | $3.82 | $5.11 | $6.37 | $7.64 | $8.85 | $10.11 | $11.27 | $12.64 | $11.10 | $8.80 | $8.75 | $6.40 | $18.75 |
| 9/20/2008 | $20.00 | $0.13 | $1.28 | $2.55 | $3.83 | $5.11 | $6.43 | $7.66 | $8.91 | $10.02 | $11.38 | $12.73 | $11.05 | $8.75 | $8.80 | $6.40 | $19.65 |
| 9/20/2008 | $21.00 | $0.13 | $1.29 | $2.57 | $3.86 | $5.15 | $6.48 | $7.72 | $8.94 | $10.11 | $11.46 | $12.77 | $11.04 | $8.80 | $8.85 | $6.40 | $20.30 |
| 9/20/2008 | $22.50 | $0.13 | $1.30 | $2.59 | $3.89 | $5.18 | $6.50 | $7.77 | $9.01 | $10.18 | $11.49 | $12.87 | $11.13 | $8.85 | $8.85 | $6.40 | $21.80 |
| 9/20/2008 | $24.00 | $0.13 | $1.30 | $2.60 | $3.90 | $5.20 | $6.57 | $7.80 | $9.07 | $10.21 | $11.58 | $12.97 | $11.18 | $8.85 | $8.90 | $6.40 | $23.30 |
| 9/20/2008 | $25.00 | $0.13 | $1.31 | $2.63 | $3.94 | $5.25 | $6.57 | $7.88 | $9.10 | $10.29 | $11.66 | $13.01 | $11.18 | $8.90 | $8.95 | $6.40 | $24.30 |
| 9/20/2008 | $26.00 | $0.13 | $1.31 | $2.63 | $3.94 | $5.25 | $6.57 | $7.88 | $9.19 | $10.36 | $11.71 | $13.11 | $11.31 | $8.95 | $8.95 | $6.40 | $25.30 |
| 9/20/2008 | $27.00 | $0.13 | $1.31 | $2.63 | $3.94 | $5.25 | $6.57 | $7.88 | $9.19 | $10.40 | $11.82 | $13.13 | $11.32 | $8.95 | $8.95 | $6.40 | $26.30 |
| 9/20/2008 | $28.00 | $0.13 | $1.31 | $2.63 | $3.94 | $5.25 | $6.57 | $7.88 | $9.19 | $10.51 | $11.82 | $13.13 | $11.32 | $8.95 | $8.95 | $6.40 | $27.30 |

Case 1:08-cv-07831-PAC Document 521 Filed 10/24/14 Page 42 of 65

Put Option Artificial Deflation per Share During Trading Periods

| Expiration Date | Strike Price | 11/8/2006 through 1/25/2007 | 1/26/2007 through 2/20/2007 | 2/21/2007 through 6/13/2007 | 6/14/2007 through 7/9/2007 | 7/10/2007 through 7/19/2007 | 7/20/2007 through 7/25/2007 | 7/26/2007 through 9/20/2007 | 9/21/2007 through 10/15/2007 | 10/16/2007 through 1/3/2008 | 1/4/2008 through 4/15/2008 | 4/16/2008 through 7/9/2008 | 7/10/2008 | 7/11/2008 through 8/7/2008 | 8/8/2008 through 8/19/2008 | 8/20/2008 through 9/5/2008 | Holding Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/20/2008 | $29.00 | $0.13 | $1.31 | $2.63 | $3.94 | $5.25 | $6.56 | $7.88 | $9.13 | $10.50 | $11.81 | $13.11 | $11.23 | $8.90 | $7.95 | $6.40 | $28.30 |
| 9/20/2008 | $30.00 | $0.13 | $1.30 | $2.61 | $3.91 | $5.22 | $6.52 | $7.82 | $9.13 | $10.43 | $11.73 | $13.04 | $11.31 | $8.90 | $7.95 | $6.40 | $29.30 |
| 9/20/2008 | $31.00 | $0.13 | $1.32 | $2.64 | $3.96 | $5.28 | $6.60 | $7.92 | $9.24 | $10.57 | $11.89 | $13.21 | $11.31 | $8.90 | $7.95 | $6.40 | $30.30 |
| 9/20/2008 | $32.00 | $0.13 | $1.32 | $2.64 | $3.96 | $5.28 | $6.60 | $7.92 | $9.24 | $10.57 | $11.89 | $13.21 | $11.31 | $8.90 | $7.95 | $6.40 | $31.30 |
| 9/20/2008 | $33.00 | $0.13 | $1.33 | $2.66 | $3.99 | $5.34 | $6.67 | $8.00 | $9.34 | $10.63 | $11.96 | $13.29 | $11.36 | $8.95 | $7.95 | $6.40 | $32.30 |
| 9/20/2008 | $34.00 | $0.13 | $1.33 | $2.67 | $4.00 | $5.34 | $6.64 | $7.97 | $9.34 | $10.67 | $12.01 | $13.34 | $11.39 | $8.95 | $7.95 | $6.40 | $33.30 |
| 9/20/2008 | $35.00 | $0.13 | $1.34 | $2.67 | $4.00 | $5.31 | $6.69 | $8.00 | $9.30 | $10.67 | $12.01 | $13.34 | $11.36 | $8.95 | $7.95 | $6.40 | $34.30 |
| 9/20/2008 | $36.00 | $0.13 | $1.33 | $2.68 | $4.01 | $5.35 | $6.69 | $8.03 | $9.37 | $10.70 | $12.04 | $13.38 | $11.44 | $8.95 | $8.00 | $6.40 | $35.30 |
| 9/20/2008 | $37.00 | $0.13 | $1.33 | $2.68 | $4.01 | $5.35 | $6.69 | $8.03 | $9.37 | $10.70 | $12.04 | $13.38 | $11.44 | $8.95 | $8.00 | $6.40 | $36.30 |
| 9/20/2008 | $38.00 | $0.13 | $1.33 | $2.65 | $3.98 | $5.30 | $6.63 | $7.95 | $9.28 | $10.67 | $11.93 | $13.25 | $11.30 | $8.85 | $8.00 | $6.40 | $37.30 |
| 9/20/2008 | $40.00 | $0.13 | $1.33 | $2.65 | $3.95 | $5.30 | $6.63 | $7.95 | $9.28 | $10.60 | $11.93 | $13.25 | $11.40 | $8.95 | $7.95 | $6.40 | $39.30 |
| 9/20/2008 | $45.00 | $0.13 | $1.32 | $2.63 | $3.95 | $5.27 | $6.59 | $7.90 | $9.22 | $10.61 | $11.86 | $13.17 | $11.36 | $8.90 | $8.00 | $6.40 | $44.30 |
| 9/20/2008 | $50.00 | $0.13 | $1.31 | $2.63 | $3.93 | $5.27 | $6.58 | $7.90 | $9.22 | $10.54 | $11.85 | $13.17 | $11.27 | $8.85 | $7.95 | $6.40 | $49.30 |
| 9/20/2008 | $55.00 | $0.13 | $1.31 | $2.62 | $3.94 | $5.26 | $6.56 | $7.87 | $9.18 | $10.53 | $11.80 | $13.12 | $11.22 | $8.85 | $7.95 | $6.40 | $54.30 |
| 9/20/2008 | $60.00 | $0.13 | $1.31 | $2.61 | $3.94 | $5.24 | $6.53 | $7.84 | $9.24 | $10.49 | $11.80 | $13.20 | $11.22 | $8.85 | $7.95 | $6.40 | $59.30 |
| 12/20/2008 | $5.00 | $0.04 | $0.42 | $0.83 | $1.25 | $1.66 | $2.08 | $2.50 | $2.91 | $3.33 | $3.75 | $4.16 | $3.76 | $3.30 | $3.30 | $2.55 | $4.30 |
| 12/20/2008 | $7.50 | $0.06 | $0.62 | $1.25 | $1.87 | $2.50 | $3.12 | $3.75 | $4.37 | $5.00 | $5.62 | $6.25 | $5.61 | $4.70 | $4.70 | $3.70 | $6.80 |
| 12/20/2008 | $10.00 | $0.08 | $0.80 | $1.59 | $2.39 | $3.19 | $3.98 | $4.78 | $5.58 | $6.37 | $7.17 | $7.97 | $7.10 | $6.00 | $5.80 | $4.70 | $9.30 |
| 12/20/2008 | $11.00 | $0.08 | $0.85 | $1.69 | $2.54 | $3.39 | $4.23 | $5.08 | $5.93 | $6.77 | $7.62 | $8.47 | $7.45 | $6.25 | $6.05 | $4.90 | $10.30 |
| 12/20/2008 | $12.00 | $0.09 | $0.90 | $1.80 | $2.70 | $3.60 | $4.50 | $5.40 | $6.30 | $7.20 | $8.10 | $9.00 | $7.92 | $6.60 | $6.35 | $5.10 | $11.30 |
| 12/20/2008 | $13.00 | $0.09 | $0.96 | $1.91 | $2.87 | $3.82 | $4.78 | $5.73 | $6.69 | $7.65 | $8.60 | $9.56 | $8.36 | $6.95 | $6.60 | $5.25 | $12.30 |
| 12/20/2008 | $14.00 | $0.10 | $1.00 | $2.00 | $2.99 | $3.99 | $4.99 | $5.99 | $6.99 | $7.99 | $8.98 | $9.98 | $8.68 | $7.15 | $6.75 | $5.40 | $13.30 |
| 12/20/2008 | $15.00 | $0.10 | $1.04 | $2.08 | $3.12 | $4.16 | $5.20 | $6.24 | $7.28 | $8.32 | $9.36 | $10.40 | $8.97 | $7.40 | $6.90 | $5.55 | $14.30 |
| 12/20/2008 | $16.00 | $0.11 | $1.06 | $2.12 | $3.19 | $4.25 | $5.31 | $6.37 | $7.44 | $8.50 | $9.56 | $10.62 | $9.15 | $7.50 | $7.05 | $5.65 | $15.30 |
| 12/20/2008 | $17.00 | $0.11 | $1.10 | $2.19 | $3.29 | $4.38 | $5.48 | $6.57 | $7.67 | $8.76 | $9.86 | $10.95 | $9.44 | $7.75 | $7.25 | $5.75 | $16.30 |
| 12/20/2008 | $18.00 | $0.11 | $1.12 | $2.23 | $3.35 | $4.47 | $5.58 | $6.70 | $7.82 | $8.93 | $10.05 | $11.17 | $9.61 | $7.80 | $7.25 | $5.85 | $17.30 |
| 12/20/2008 | $19.00 | $0.11 | $1.14 | $2.29 | $3.43 | $4.58 | $5.72 | $6.87 | $8.01 | $9.16 | $10.30 | $11.45 | $9.85 | $8.00 | $7.40 | $5.95 | $18.30 |
| 12/20/2008 | $20.00 | $0.12 | $1.17 | $2.35 | $3.52 | $4.69 | $5.87 | $7.04 | $8.21 | $9.39 | $10.56 | $11.73 | $10.05 | $8.20 | $7.55 | $6.00 | $19.30 |
| 12/20/2008 | $21.00 | $0.12 | $1.19 | $2.39 | $3.59 | $4.84 | $6.05 | $7.26 | $8.47 | $9.68 | $10.75 | $12.05 | $10.22 | $8.25 | $7.65 | $6.15 | $20.30 |
| 12/20/2008 | $22.00 | $0.12 | $1.21 | $2.42 | $3.63 | $4.84 | $6.05 | $7.26 | $8.47 | $9.68 | $10.89 | $12.10 | $10.37 | $8.40 | $7.65 | $6.15 | $21.30 |
| 12/20/2008 | $23.00 | $0.12 | $1.21 | $2.42 | $3.63 | $4.93 | $6.17 | $7.40 | $8.63 | $9.86 | $10.89 | $12.10 | $10.33 | $8.40 | $7.70 | $6.25 | $22.30 |
| 12/20/2008 | $24.00 | $0.12 | $1.23 | $2.47 | $3.70 | $5.01 | $6.26 | $7.51 | $8.76 | $10.01 | $11.10 | $12.33 | $10.52 | $8.55 | $7.85 | $6.25 | $23.30 |
| 12/20/2008 | $25.00 | $0.13 | $1.25 | $2.50 | $3.75 | $5.02 | $6.28 | $7.53 | $8.79 | $10.04 | $11.26 | $12.56 | $10.66 | $8.65 | $7.85 | $6.30 | $24.30 |
| 12/20/2008 | $26.00 | $0.13 | $1.25 | $2.51 | $3.77 | $5.10 | $6.37 | $7.65 | $8.92 | $10.20 | $11.30 | $12.51 | $10.66 | $8.65 | $7.85 | $6.35 | $25.30 |
| 12/20/2008 | $27.00 | $0.13 | $1.26 | $2.55 | $3.82 | $5.14 | $6.42 | $7.71 | $9.03 | $10.27 | $11.47 | $12.75 | $10.81 | $8.80 | $7.90 | $6.35 | $26.30 |
| 12/20/2008 | $28.00 | $0.13 | $1.25 | $2.57 | $3.85 | $5.16 | $6.45 | $7.74 | $9.03 | $10.31 | $11.56 | $12.84 | $10.99 | $8.90 | $7.95 | $6.35 | $27.30 |
| 12/20/2008 | $29.00 | $0.13 | $1.27 | $2.60 | $3.87 | $5.13 | $6.42 | $7.70 | $9.11 | $10.27 | $11.60 | $12.89 | $11.04 | $8.85 | $7.95 | $6.35 | $28.30 |
| 12/20/2008 | $30.00 | $0.13 | $1.28 | $2.61 | $3.91 | $5.21 | $6.51 | $7.81 | $9.14 | $10.42 | $11.55 | $12.83 | $10.98 | $8.85 | $7.95 | $6.35 | $29.30 |
| 12/20/2008 | $31.00 | $0.13 | $1.29 | $2.68 | $3.92 | $5.23 | $6.53 | $7.84 | $9.36 | $10.45 | $11.72 | $13.02 | $11.21 | $9.00 | $8.00 | $6.45 | $30.30 |
| 12/20/2008 | $32.00 | $0.13 | $1.30 | $2.68 | $4.01 | $5.35 | $6.69 | $8.03 | $9.36 | $10.70 | $11.76 | $13.06 | $11.21 | $9.00 | $8.00 | $6.45 | $31.30 |
| 12/20/2008 | $35.00 | $0.13 | $1.31 | $2.70 | $4.05 | $5.35 | $6.75 | $8.10 | $9.46 | $10.70 | $12.04 | $13.38 | $11.48 | $9.15 | $8.05 | $6.45 | $34.30 |
| 12/20/2008 | $40.00 | $0.13 | $1.34 | $2.70 | $4.05 | $5.40 | $6.75 | $8.10 | $9.46 | $10.80 | $12.04 | $13.38 | $11.48 | $9.15 | $8.05 | $6.45 | $39.30 |
| 12/20/2008 | $45.00 | $0.13 | $1.34 | $2.68 | $4.02 | $5.36 | $6.71 | $8.05 | $9.39 | $10.73 | $12.16 | $13.51 | $11.64 | $9.15 | $8.05 | $6.45 | $44.30 |
| 1/17/2009 | $2.50 | $0.02 | $0.20 | $0.41 | $0.61 | $0.82 | $1.02 | $1.23 | $1.43 | $1.63 | $1.84 | $2.04 | $1.90 | $1.68 | $1.58 | $1.20 | $1.80 |
| 1/17/2009 | $5.00 | $0.04 | $0.40 | $0.80 | $1.20 | $1.60 | $2.00 | $2.40 | $2.81 | $3.21 | $3.61 | $4.01 | $3.71 | $3.15 | $3.10 | $2.50 | $4.30 |
| 1/17/2009 | $7.50 | $0.06 | $0.59 | $1.19 | $1.78 | $2.37 | $2.96 | $3.56 | $4.15 | $4.74 | $5.33 | $5.93 | $5.36 | $4.58 | $4.40 | $3.45 | $6.80 |
| 1/17/2009 | $10.00 | $0.08 | $0.76 | $1.51 | $2.27 | $3.03 | $3.79 | $4.54 | $5.30 | $6.06 | $6.82 | $7.57 | $6.79 | $5.75 | $5.45 | $4.30 | $9.30 |
| 1/17/2009 | $12.50 | $0.09 | $0.90 | $1.81 | $2.71 | $3.62 | $4.52 | $5.42 | $6.33 | $7.23 | $8.13 | $9.04 | $8.01 | $6.60 | $6.15 | $4.90 | $11.80 |
| 1/17/2009 | $15.00 | $0.10 | $1.01 | $2.01 | $3.02 | $4.03 | $5.03 | $6.03 | $7.05 | $8.06 | $9.06 | $10.07 | $8.68 | $7.35 | $6.75 | $5.15 | $14.30 |
| 1/17/2009 | $17.50 | $0.11 | $1.16 | $2.23 | $3.34 | $4.43 | $5.57 | $6.68 | $7.80 | $8.91 | $10.02 | $11.14 | $9.58 | $8.10 | $7.35 | $5.65 | $16.80 |
| 1/17/2009 | $20.00 | $0.12 | $1.22 | $2.33 | $3.49 | $4.65 | $5.82 | $6.98 | $8.14 | $9.31 | $10.47 | $11.63 | $9.95 | $8.45 | $7.65 | $5.85 | $19.30 |
| 1/17/2009 | $22.50 | $0.12 | $1.24 | $2.45 | $3.67 | $4.89 | $6.12 | $7.34 | $8.56 | $9.79 | $11.01 | $12.23 | $10.38 | $8.85 | $7.70 | $6.05 | $21.80 |
| 1/17/2009 | $25.00 | $0.12 | $1.30 | $2.47 | $3.71 | $4.94 | $6.18 | $7.41 | $8.65 | $9.88 | $11.12 | $12.33 | $10.54 | $8.95 | $7.90 | $6.15 | $24.30 |
| 1/17/2009 | $30.00 | $0.13 | $1.34 | $2.60 | $3.90 | $5.20 | $6.50 | $7.80 | $9.14 | $10.40 | $11.75 | $13.05 | $11.07 | $9.05 | $8.00 | $6.35 | $29.30 |
| 1/17/2009 | $35.00 | $0.13 | $1.31 | $2.67 | $4.01 | $5.34 | $6.68 | $8.01 | $9.10 | $10.44 | $11.70 | $13.00 | $11.10 | $8.95 | $8.00 | $6.35 | $34.30 |
| 1/17/2009 | $40.00 | $0.13 | $1.34 | $2.63 | $4.02 | $5.25 | $6.56 | $7.88 | $9.35 | $10.69 | $11.97 | $13.36 | $11.32 | $9.05 | $8.05 | $6.45 | $39.30 |
| 1/17/2009 | $45.00 | $0.13 | $1.34 | $2.65 | $3.94 | $5.32 | $6.68 | $8.01 | $9.38 | $10.72 | $12.02 | $13.13 | $11.46 | $8.95 | $8.05 | $6.45 | $44.30 |
| 1/17/2009 | $50.00 | $0.13 | $1.35 | $2.70 | $4.05 | $5.25 | $6.56 | $7.88 | $9.19 | $10.50 | $11.82 | $12.89 | $11.50 | $9.20 | $8.05 | $6.45 | $49.30 |
| 1/17/2009 | $55.00 | $0.13 | $1.35 | $2.70 | $4.05 | $5.40 | $6.75 | $8.11 | $9.46 | $10.80 | $12.15 | $13.50 | $11.65 | $9.20 | $8.05 | $6.45 | $54.30 |
| 1/17/2009 | $60.00 | $0.14 | $1.34 | $2.68 | $4.02 | $5.36 | $6.71 | $8.05 | $9.39 | $10.73 | $12.16 | $13.41 | $11.57 | $9.15 | $8.05 | $6.45 | $59.30 |
| 1/17/2009 | $65.00 | $0.14 | $1.35 | $2.70 | $4.05 | $5.40 | $6.75 | $8.11 | $9.46 | $10.81 | $12.16 | $13.50 | $11.65 | $9.20 | $8.05 | $6.45 | $64.30 |
| 1/17/2009 | $70.00 | $0.13 | $1.36 | $2.68 | $4.02 | $5.36 | $6.71 | $8.05 | $9.39 | $10.73 | $12.07 | $13.41 | $11.64 | $9.15 | $8.05 | $6.45 | $69.30 |

**Put Option Artificial Deflation per Share During Trading Periods**

| Expiration Date | Strike Price | 11/8/2006 through 1/25/2007 | 1/26/2007 through 2/20/2007 | 2/21/2007 through 6/13/2007 | 6/14/2007 through 7/9/2007 | 7/10/2007 through 7/19/2007 | 7/20/2007 through 7/25/2007 | 7/26/2007 through 9/20/2007 | 9/21/2007 through 10/15/2007 | 10/16/2007 through 1/3/2008 | 1/4/2008 through 4/15/2008 | 4/16/2008 through 7/9/2008 | 7/10/2008 | 7/11/2008 through 8/7/2008 | 8/8/2008 through 8/19/2008 | 8/20/2008 through 9/5/2008 | Holding Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/17/2009 | $80.00 | $0.13 | $1.35 | $4.04 | $5.38 | $6.73 | $8.08 | $9.42 | $10.77 | $12.11 | $12.11 | $13.54 | $11.69 | $9.20 | $9.20 | $9.645 | $79.30 |
| 1/17/2009 | $90.00 | $0.14 | $1.35 | $4.06 | $5.42 | $6.77 | $8.12 | $9.48 | $10.83 | $12.19 | $12.19 | $13.54 | $11.77 | $9.20 | $8.05 | $9.645 | $89.30 |
| 1/16/2010 | $2.50 | $0.02 | $0.17 | $0.34 | $0.50 | $0.67 | $0.84 | $1.01 | $1.17 | $1.34 | $1.51 | $1.68 | $1.68 | $1.38 | $1.33 | $1.03 | $2.03 |
| 1/16/2010 | $5.00 | $0.03 | $0.34 | $0.67 | $1.01 | $1.34 | $1.68 | $2.01 | $2.35 | $2.68 | $3.02 | $3.35 | $2.91 | $2.35 | $2.35 | $1.85 | $4.40 |
| 1/16/2010 | $7.50 | $0.05 | $0.45 | $0.91 | $1.36 | $1.82 | $2.27 | $2.72 | $3.18 | $3.63 | $4.09 | $4.54 | $3.91 | $3.10 | $3.10 | $2.55 | $6.85 |
| 1/16/2010 | $10.00 | $0.05 | $0.58 | $1.17 | $1.75 | $2.33 | $2.92 | $3.50 | $4.08 | $4.67 | $5.25 | $5.83 | $5.07 | $3.91 | $3.43 | $3.30 | $9.35 |
| 1/16/2010 | $12.50 | $0.07 | $0.72 | $1.44 | $2.16 | $2.88 | $3.60 | $4.32 | $5.04 | $5.76 | $6.48 | $7.20 | $5.93 | $4.35 | $4.00 | $3.65 | $11.65 |
| 1/16/2010 | $15.00 | $0.08 | $0.83 | $1.66 | $2.49 | $3.32 | $4.15 | $4.98 | $5.81 | $6.64 | $7.48 | $8.31 | $6.91 | $5.93 | $5.15 | $4.20 | $14.15 |
| 1/16/2010 | $17.50 | $0.08 | $0.96 | $1.89 | $2.88 | $3.77 | $4.71 | $5.65 | $6.61 | $7.57 | $8.49 | $8.45 | $6.91 | $6.31 | $5.60 | $4.50 | $16.65 |
| 1/16/2010 | $20.00 | $0.09 | $1.03 | $2.07 | $3.10 | $4.14 | $5.17 | $6.21 | $7.24 | $8.27 | $9.31 | $10.34 | $8.45 | $6.80 | $6.15 | $4.90 | $19.15 |
| 1/16/2010 | $22.50 | $0.11 | $1.09 | $2.18 | $3.27 | $4.37 | $5.46 | $6.55 | $7.64 | $8.73 | $9.82 | $10.91 | $8.81 | $7.20 | $6.35 | $5.10 | $21.75 |
| 1/16/2010 | $25.00 | $0.12 | $1.16 | $2.33 | $3.49 | $4.66 | $5.82 | $6.98 | $8.15 | $9.31 | $10.48 | $11.64 | $9.45 | $7.80 | $6.90 | $5.45 | $24.15 |
| 1/16/2010 | $30.00 | $0.13 | $1.21 | $2.42 | $3.63 | $4.84 | $6.05 | $7.27 | $8.48 | $9.69 | $10.90 | $12.11 | $9.75 | $7.90 | $7.15 | $5.70 | $29.15 |
| 1/16/2010 | $35.00 | $0.12 | $1.30 | $2.60 | $3.90 | $5.19 | $6.49 | $7.79 | $9.09 | $10.39 | $11.69 | $12.99 | $10.75 | $8.50 | $7.50 | $6.00 | $34.15 |
| 1/16/2010 | $40.00 | $0.13 | $1.33 | $2.66 | $3.97 | $5.32 | $6.65 | $7.98 | $9.31 | $10.64 | $11.97 | $13.30 | $11.15 | $8.70 | $7.75 | $6.20 | $39.15 |
| 1/16/2010 | $45.00 | $0.13 | $1.32 | $2.64 | $3.97 | $5.29 | $6.61 | $7.93 | $9.25 | $10.57 | $11.90 | $13.22 | $11.11 | $8.90 | $7.90 | $6.35 | $44.15 |
| 1/16/2010 | $50.00 | $0.13 | $1.33 | $2.66 | $3.99 | $5.32 | $6.65 | $7.98 | $9.31 | $10.64 | $11.97 | $13.30 | $11.07 | $9.00 | $7.90 | $6.35 | $49.15 |
| 1/16/2010 | $55.00 | $0.13 | $1.34 | $2.69 | $4.03 | $5.37 | $6.72 | $8.06 | $9.41 | $10.75 | $12.09 | $13.44 | $11.33 | $9.00 | $7.95 | $6.45 | $54.15 |
| 1/16/2010 | $60.00 | $0.13 | $1.33 | $2.67 | $4.00 | $5.33 | $6.66 | $8.00 | $9.33 | $10.66 | $11.99 | $13.33 | $11.26 | $9.05 | $7.95 | $6.45 | $59.15 |
| 1/16/2010 | $65.00 | $0.13 | $1.33 | $2.67 | $4.00 | $5.34 | $6.67 | $8.01 | $9.34 | $10.68 | $12.01 | $13.35 | $11.28 | $9.05 | $7.95 | $6.45 | $64.15 |
| 1/16/2010 | $70.00 | $0.13 | $1.34 | $2.67 | $4.01 | $5.34 | $6.68 | $8.01 | $9.35 | $10.68 | $12.02 | $13.35 | $11.50 | $9.05 | $8.00 | $6.45 | $69.15 |
| 1/16/2010 | $80.00 | $0.13 | $1.33 | $2.66 | $3.99 | $5.31 | $6.64 | $7.97 | $9.30 | $10.63 | $11.96 | $13.29 | $11.39 | $9.55 | $7.95 | $6.35 | $79.15 |
| 1/16/2010 | $90.00 | $0.13 | $1.33 | $2.66 | $3.99 | $5.32 | $6.65 | $7.97 | $9.30 | $10.63 | $11.96 | $13.29 | $11.52 | $8.95 | $7.95 | $6.35 | $89.15 |

**TABLE 5 – Fannie Mae Preferred Stock Artificial Inflation per Share**

Artificial Inflation per Share During Trading Periods

| Preferred Stock Series | 11/8/2006 through 1/25/2007 | 1/26/2007 through 2/20/2007 | 2/21/2007 through 6/13/2007 | 6/14/2007 through 7/9/2007 | 7/10/2007 through 7/19/2007 | 7/20/2007 through 7/25/2007 | 7/26/2007 through 9/20/2007 | 9/21/2007 through 10/15/2007 | 10/16/2007 through 1/3/2008 | 1/4/2008 through 4/15/2008 | 4/16/2008 through 7/9/2008 | 7/10/2008 | 7/11/2008 through 8/19/2008 | 8/20/2008 through 9/5/2008 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| E | $1.94 | $3.88 | $5.82 | $7.75 | $9.69 | $11.63 | $13.57 | $15.51 | $16.77 | $17.45 | $19.39 | $17.56 | $15.92 | $14.14 |
| F | $0.91 | $1.82 | $2.73 | $3.65 | $4.56 | $5.47 | $6.38 | $7.29 | $7.29 | $8.20 | $9.11 | $8.19 | $8.80 | $8.19 |
| G | $1.18 | $2.37 | $3.55 | $4.73 | $5.92 | $7.10 | $8.28 | $9.46 | $10.65 | $11.83 | $11.83 | $10.33 | $10.33 | $8.98 |
| H | $2.25 | $4.49 | $6.74 | $8.98 | $11.23 | $13.47 | $15.72 | $17.96 | $20.21 | $20.26 | $22.45 | $20.26 | $17.51 | $14.51 |
| I | $2.01 | $4.03 | $6.04 | $8.06 | $10.07 | $12.09 | $14.10 | $16.12 | $18.13 | $18.80 | $20.15 | $18.80 | $16.78 | $13.98 |
| L | $1.73 | $3.45 | $5.18 | $6.90 | $8.63 | $10.36 | $12.08 | $13.81 | $15.53 | $15.19 | $17.26 | $15.19 | $15.19 | $13.91 |
| M | $1.70 | $3.41 | $5.11 | $6.82 | $8.52 | $10.23 | $11.93 | $13.64 | $15.34 | $14.66 | $17.05 | $14.66 | $13.54 | $13.48 |
| N | $2.00 | $4.00 | $6.01 | $8.01 | $10.01 | $12.01 | $14.01 | $14.01 | $18.02 | $18.90 | $20.02 | $18.90 | $16.59 | $14.80 |
| O | $3.20 | $6.40 | $9.60 | $12.80 | $16.00 | $19.20 | $22.40 | $25.60 | $28.80 | $29.55 | $32.00 | $29.55 | $16.73 | $16.73 |
| P | N/A | N/A | N/A | N/A | N/A | N/A | N/A | $6.29 | $7.18 | $8.08 | $8.98 | $7.37 | $6.64 | $5.82 |
| Q | N/A | N/A | N/A | N/A | N/A | N/A | N/A | $9.14 | $10.44 | $11.75 | $13.60 | $10.86 | $10.34 | $8.82 |
| R | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | $13.56 | $15.25 | $16.95 | $14.45 | $12.60 | $9.96 |
| S | N/A | N/A | N/A | N/A | N/A | N/A | N/A | $13.52 | $15.21 | $16.90 | $16.90 | $13.81 | $12.89 | $9.74 |
| T | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | $13.60 | $12.43 | $9.85 |
| 2004-1 | $388 | $3,877 | $7,755 | $11,632 | $15,509 | $19,387 | $23,264 | $27,141 | $31,018 | $34,896 | $38,773 | $35,129 | $31,843 | $28,270 |
| 2008-1 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | $25.11 | $25.11 | $19.28 | $15.74 |

**TABLE 6 – Fannie Mae Preferred Stock Average Closing Price From September 8, 2008 through Date Shown (90-Day Look-Back Period)**

Average Closing Price by Preferred Stock Series

| Date | E | F | G | H | I | L | M | N | O | P | Q | R | S | 2004-1 | 2008-1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/8/2008 | $7.00 | $3.25 | $3.05 | $3.70 | $3.50 | $3.40 | $3.50 | $3.57 | $3.57 | $1.81 | $2.26 | $2.70 | $3.42 | $7,950 | $1.45 |
| 9/9/2008 | $7.00 | $3.20 | $3.08 | $3.50 | $3.43 | $3.37 | $3.38 | $3.50 | $3.24 | $1.81 | $2.16 | $2.53 | $3.26 | $6,600 | $1.70 |
| 9/10/2008 | $7.00 | $3.14 | $3.13 | $3.48 | $3.42 | $3.36 | $3.36 | $3.46 | $2.89 | $1.79 | $2.15 | $2.41 | $3.14 | $6,133 | $1.77 |
| 9/11/2008 | $5.75 | $3.13 | $3.13 | $3.51 | $3.42 | $3.30 | $3.30 | $3.38 | $2.86 | $1.77 | $2.14 | $2.35 | $3.03 | $5,900 | $1.60 |
| 9/12/2008 | $5.00 | $3.30 | $3.27 | $3.66 | $3.49 | $3.40 | $3.40 | $3.51 | $2.84 | $1.80 | $2.20 | $2.39 | $3.02 | $5,420 | $1.50 |
| 9/15/2008 | $4.50 | $3.24 | $3.21 | $3.56 | $3.46 | $3.36 | $3.36 | $3.47 | $2.87 | $1.72 | $2.15 | $2.34 | $2.92 | $5,100 | $1.42 |
| 9/16/2008 | $4.14 | $3.13 | $3.12 | $3.46 | $3.31 | $3.28 | $3.24 | $3.33 | $2.78 | $1.61 | $2.05 | $2.23 | $2.79 | $4,657 | $1.32 |

Average Closing Price by Preferred Stock

| Date | E | F | G | H | I | L | M | N | O | P | Q | R | S | T | 2004-1 | 2008-1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/17/2008 | $3.88 | $3.01 | $2.97 | $3.34 | $3.18 | $3.12 | $3.05 | $3.15 | $2.74 | $1.50 | $1.92 | $2.12 | $2.68 | $2.30 | $4.325 | $1.24 |
| 9/18/2008 | $3.67 | $2.89 | $2.84 | $3.23 | $3.05 | $3.00 | $2.89 | $3.01 | $2.60 | $1.40 | $1.80 | $2.02 | $2.59 | $2.18 | $4.067 | $1.19 |
| 9/19/2008 | $3.55 | $2.88 | $2.79 | $3.21 | $3.01 | $2.97 | $2.86 | $2.97 | $2.49 | $1.37 | $1.76 | $2.01 | $2.60 | $2.15 | $3.860 | $1.17 |
| 9/22/2008 | $3.35 | $2.87 | $2.80 | $3.26 | $3.03 | $3.00 | $2.88 | $3.00 | $2.48 | $1.36 | $1.78 | $1.98 | $2.61 | $2.12 | $3.691 | $1.19 |
| 9/23/2008 | $3.19 | $2.92 | $2.86 | $3.40 | $3.07 | $3.06 | $2.98 | $3.04 | $2.48 | $1.40 | $1.76 | $1.99 | $2.64 | $2.15 | $3.653 | $1.25 |
| 9/24/2008 | $3.05 | $2.99 | $2.94 | $3.52 | $3.18 | $3.13 | $3.04 | $3.13 | $2.56 | $1.42 | $1.81 | $2.01 | $2.68 | $2.20 | $3.699 | $1.36 |
| 9/25/2008 | $2.94 | $3.04 | $2.99 | $3.59 | $3.29 | $3.20 | $3.15 | $3.21 | $2.59 | $1.46 | $1.76 | $2.04 | $2.72 | $2.26 | $3.738 | $1.48 |
| 9/26/2008 | $2.83 | $3.06 | $3.02 | $3.64 | $3.35 | $3.26 | $3.20 | $3.29 | $2.56 | $1.48 | $1.81 | $2.04 | $2.72 | $2.29 | $3.772 | $1.57 |
| 9/29/2008 | $2.75 | $3.08 | $3.04 | $3.63 | $3.37 | $3.27 | $3.19 | $3.31 | $2.59 | $1.48 | $1.78 | $2.02 | $2.67 | $2.27 | $3.802 | $1.62 |
| 9/30/2008 | $2.67 | $3.09 | $3.05 | $3.63 | $3.37 | $3.29 | $3.18 | $3.30 | $2.60 | $1.48 | $1.78 | $2.00 | $2.65 | $2.26 | $3.769 | $1.67 |
| 10/1/2008 | $2.60 | $3.13 | $3.08 | $3.66 | $3.41 | $3.32 | $3.22 | $3.33 | $2.61 | $1.51 | $1.81 | $2.02 | $2.63 | $2.27 | $3.741 | $1.72 |
| 10/2/2008 | $2.53 | $3.16 | $3.10 | $3.67 | $3.42 | $3.34 | $3.24 | $3.37 | $2.62 | $1.53 | $1.82 | $2.01 | $2.62 | $2.27 | $3.715 | $1.76 |
| 10/3/2008 | $2.48 | $3.18 | $3.14 | $3.67 | $3.43 | $3.34 | $3.25 | $3.39 | $2.62 | $1.54 | $1.82 | $2.03 | $2.62 | $2.27 | $3.804 | $1.78 |
| 10/6/2008 | $2.43 | $3.19 | $3.16 | $3.65 | $3.41 | $3.33 | $3.24 | $3.38 | $2.62 | $1.55 | $1.83 | $2.02 | $2.61 | $2.26 | $3.885 | $1.78 |
| 10/7/2008 | $2.38 | $3.19 | $3.17 | $3.66 | $3.41 | $3.31 | $3.23 | $3.36 | $2.63 | $1.56 | $1.83 | $2.01 | $2.60 | $2.24 | $3.958 | $1.78 |
| 10/8/2008 | $2.34 | $3.17 | $3.16 | $3.65 | $3.39 | $3.31 | $3.22 | $3.35 | $2.67 | $1.56 | $1.81 | $1.99 | $2.59 | $2.22 | $4.025 | $1.78 |
| 10/9/2008 | $2.30 | $3.15 | $3.15 | $3.62 | $3.38 | $3.30 | $3.21 | $3.33 | $2.68 | $1.55 | $1.80 | $1.97 | $2.56 | $2.19 | $4.087 | $1.76 |
| 10/10/2008 | $2.26 | $3.12 | $3.14 | $3.57 | $3.34 | $3.27 | $3.19 | $3.30 | $2.67 | $1.54 | $1.78 | $1.95 | $2.53 | $2.17 | $4.143 | $1.76 |
| 10/13/2008 | $2.23 | $3.10 | $3.11 | $3.54 | $3.33 | $3.24 | $3.16 | $3.28 | $2.64 | $1.53 | $1.78 | $1.94 | $2.51 | $2.15 | $4.195 | $1.76 |
| 10/14/2008 | $2.20 | $3.08 | $3.09 | $3.50 | $3.30 | $3.21 | $3.14 | $3.25 | $2.66 | $1.53 | $1.77 | $1.94 | $2.48 | $2.14 | $4.244 | $1.76 |
| 10/15/2008 | $2.17 | $3.06 | $3.07 | $3.48 | $3.27 | $3.20 | $3.12 | $3.23 | $2.66 | $1.53 | $1.76 | $1.94 | $2.47 | $2.14 | $4.289 | $1.75 |
| 10/16/2008 | $2.14 | $3.05 | $3.06 | $3.46 | $3.26 | $3.18 | $3.11 | $3.22 | $2.67 | $1.52 | $1.76 | $1.93 | $2.46 | $2.13 | $4.330 | $1.74 |
| 10/17/2008 | $2.12 | $3.04 | $3.05 | $3.44 | $3.25 | $3.17 | $3.10 | $3.21 | $2.68 | $1.51 | $1.75 | $1.92 | $2.45 | $2.13 | $4.353 | $1.73 |
| 10/20/2008 | $2.10 | $3.02 | $3.03 | $3.43 | $3.25 | $3.16 | $3.09 | $3.20 | $2.68 | $1.51 | $1.74 | $1.92 | $2.43 | $2.12 | $4.399 | $1.72 |
| 10/21/2008 | $2.07 | $3.01 | $3.01 | $3.41 | $3.24 | $3.15 | $3.08 | $3.19 | $2.67 | $1.51 | $1.74 | $1.91 | $2.41 | $2.12 | $4.443 | $1.71 |
| 10/22/2008 | $2.05 | $2.99 | $3.00 | $3.38 | $3.22 | $3.14 | $3.07 | $3.17 | $2.68 | $1.51 | $1.73 | $1.90 | $2.40 | $2.11 | $4.484 | $1.69 |
| 10/23/2008 | $2.04 | $2.97 | $2.98 | $3.36 | $3.21 | $3.13 | $3.05 | $3.16 | $2.68 | $1.50 | $1.72 | $1.89 | $2.38 | $2.11 | $4.523 | $1.67 |
| 10/24/2008 | $2.02 | $2.96 | $2.97 | $3.35 | $3.18 | $3.11 | $3.03 | $3.15 | $2.67 | $1.50 | $1.72 | $1.88 | $2.37 | $2.10 | $4.559 | $1.65 |
| 10/27/2008 | $2.00 | $2.94 | $2.95 | $3.33 | $3.17 | $3.10 | $3.02 | $3.13 | $2.67 | $1.49 | $1.71 | $1.87 | $2.36 | $2.09 | $4.594 | $1.64 |
| 10/28/2008 | $1.98 | $2.92 | $2.93 | $3.32 | $3.17 | $3.08 | $3.01 | $3.12 | $2.67 | $1.48 | $1.69 | $1.85 | $2.34 | $2.07 | $4.627 | $1.62 |
| 10/29/2008 | $1.97 | $2.90 | $2.92 | $3.30 | $3.16 | $3.07 | $3.00 | $3.10 | $2.67 | $1.48 | $1.68 | $1.84 | $2.34 | $2.07 | $4.636 | $1.62 |
| 10/30/2008 | $1.94 | $2.88 | $2.91 | $3.28 | $3.15 | $3.05 | $3.00 | $3.09 | $2.66 | $1.47 | $1.67 | $1.82 | $2.33 | $2.06 | $4.646 | $1.61 |
| 10/31/2008 | $1.94 | $2.88 | $2.89 | $3.28 | $3.15 | $3.04 | $2.98 | $3.08 | $2.66 | $1.47 | $1.66 | $1.81 | $2.33 | $2.05 | $4.655 | $1.61 |
| 11/3/2008 | $1.93 | $2.87 | $2.88 | $3.25 | $3.12 | $3.03 | $2.98 | $3.07 | $2.64 | $1.47 | $1.65 | $1.80 | $2.33 | $2.05 | $4.663 | $1.60 |
| 11/4/2008 | $1.91 | $2.84 | $2.87 | $3.24 | $3.12 | $3.02 | $2.97 | $3.07 | $2.63 | $1.47 | $1.65 | $1.79 | $2.33 | $2.05 | $4.671 | $1.60 |
| 11/5/2008 | $1.90 | $2.83 | $2.85 | $3.23 | $3.11 | $2.99 | $2.96 | $3.06 | $2.60 | $1.47 | $1.64 | $1.78 | $2.32 | $2.04 | $4.679 | $1.59 |
| 11/6/2008 | $1.89 | $2.81 | $2.83 | $3.22 | $3.11 | $2.98 | $2.95 | $3.05 | $2.60 | $1.46 | $1.64 | $1.77 | $2.32 | $2.04 | $4.686 | $1.58 |
| 11/7/2008 | $1.87 | $2.79 | $2.81 | $3.21 | $3.10 | $2.97 | $2.94 | $3.05 | $2.59 | $1.46 | $1.63 | $1.76 | $2.31 | $2.03 | $4.668 | $1.57 |
| 11/10/2008 | $1.85 | $2.77 | $2.79 | $3.20 | $3.09 | $2.96 | $2.93 | $3.04 | $2.57 | $1.45 | $1.62 | $1.75 | $2.30 | $2.02 | $4.652 | $1.56 |
| 11/12/2008 | $1.84 | $2.75 | $2.76 | $3.19 | $3.08 | $2.95 | $2.92 | $3.02 | $2.54 | $1.44 | $1.61 | $1.74 | $2.29 | $2.01 | $4.620 | $1.54 |
| 11/13/2008 | $1.83 | $2.70 | $2.71 | $3.16 | $3.07 | $2.93 | $2.91 | $3.01 | $2.52 | $1.43 | $1.60 | $1.73 | $2.28 | $1.99 | $4.606 | $1.53 |
| 11/14/2008 | $1.82 | $2.67 | $2.67 | $3.15 | $3.05 | $2.92 | $2.90 | $3.01 | $2.49 | $1.43 | $1.59 | $1.71 | $2.27 | $1.97 | $4.592 | $1.52 |
| 11/17/2008 | $1.82 | $2.64 | $2.65 | $3.14 | $3.04 | $2.90 | $2.88 | $2.99 | $2.47 | $1.42 | $1.58 | $1.70 | $2.25 | $1.95 | $4.578 | $1.49 |
| 11/18/2008 | $1.82 | $2.61 | $2.62 | $3.12 | $3.03 | $2.89 | $2.87 | $2.97 | $2.45 | $1.41 | $1.57 | $1.69 | $2.23 | $1.94 | $4.565 | $1.49 |
| 11/19/2008 | $1.81 | $2.57 | $2.58 | $3.11 | $3.01 | $2.88 | $2.86 | $2.96 | $2.44 | $1.39 | $1.56 | $1.67 | $2.21 | $1.91 | $4.552 | $1.47 |
| 11/20/2008 | $1.80 | $2.54 | $2.54 | $3.08 | $2.99 | $2.86 | $2.84 | $2.93 | $2.41 | $1.37 | $1.54 | $1.66 | $2.18 | $1.89 | $4.540 | $1.46 |
| 11/21/2008 | $1.79 | $2.50 | $2.50 | $3.05 | $2.96 | $2.85 | $2.82 | $2.91 | $2.38 | $1.35 | $1.53 | $1.64 | $2.15 | $1.86 | $4.529 | $1.44 |
| 11/24/2008 | $1.79 | $2.46 | $2.47 | $3.02 | $2.93 | $2.81 | $2.79 | $2.88 | $2.35 | $1.34 | $1.51 | $1.62 | $2.13 | $1.84 | $4.518 | $1.42 |
| 11/25/2008 | $1.78 | $2.42 | $2.43 | $2.99 | $2.90 | $2.79 | $2.77 | $2.85 | $2.32 | $1.33 | $1.49 | $1.60 | $2.11 | $1.82 | $4.507 | $1.41 |
| 11/26/2008 | $1.77 | $2.39 | $2.40 | $2.96 | $2.87 | $2.74 | $2.74 | $2.82 | $2.29 | $1.31 | $1.49 | $1.59 | $2.08 | $1.80 | $4.496 | $1.41 |
| 11/28/2008 | $1.75 | $2.34 | $2.37 | $2.95 | $2.85 | $2.74 | $2.71 | $2.81 | $2.27 | $1.30 | $1.48 | $1.58 | $2.07 | $1.79 | $4.486 | $1.41 |
| 12/1/2008 | $1.74 | $2.34 | $2.35 | $2.93 | $2.83 | $2.71 | $2.69 | $2.77 | $2.25 | $1.29 | $1.47 | $1.57 | $2.06 | $1.77 | $4.476 | $1.41 |
| 12/2/2008 | $1.73 | $2.32 | $2.32 | $2.91 | $2.81 | $2.69 | $2.67 | $2.77 | $2.22 | $1.28 | $1.46 | $1.56 | $2.03 | $1.76 | $4.467 | $1.41 |
| 12/3/2008 | $1.71 | $2.30 | $2.29 | $2.90 | $2.81 | $2.67 | $2.65 | $2.75 | $2.20 | $1.27 | $1.45 | $1.54 | $2.01 | $1.74 | $4.458 | $1.41 |
| 12/4/2008 | $1.69 | $2.26 | $2.27 | $2.89 | $2.76 | $2.67 | $2.63 | $2.73 | $2.18 | $1.26 | $1.43 | $1.53 | $1.99 | $1.72 | $4.449 | $1.41 |
| 12/5/2008 | $1.67 | $2.24 | $2.24 | $2.87 | $2.73 | $2.62 | $2.60 | $2.70 | $2.16 | $1.25 | $1.42 | $1.51 | $1.97 | $1.71 | $4.440 | $1.40 |

28

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|   |   |   |
|---|---|---|
|   | : |   |
| IN RE FANNIE MAE 2008 SECURITIES | : | Master File No. 08 Civ. 7831 (PAC) |
| LITIGATION | : | ECF Case |
|   | : |   |
|   | : | **SUMMARY NOTICE** |
|   | : |   |

_____

**TO:     ALL PERSONS AND ENTITIES THAT, DURING THE PERIOD BETWEEN NOVEMBER 8, 2006 AND SEPTEMBER 5, 2008, INCLUSIVE (THE "CLASS PERIOD"), EITHER ON THE SECONDARY MARKET OR THROUGH AN ORIGINAL OFFERING PURSUANT TO A REGISTRATION STATEMENT OR PROSPECTUS: (I) PURCHASED OR ACQUIRED FANNIE MAE COMMON STOCK AND/OR CALL OPTIONS AND/OR (II) SOLD FANNIE MAE COMMON STOCK PUT OPTIONS, AND WERE THEREBY DAMAGED (THE "COMMON STOCK CLASS"); AND/OR (III) PURCHASED OR ACQUIRED FANNIE MAE PREFERRED STOCK DURING THE CLASS PERIOD, AND WERE THEREBY DAMAGED (THE "PREFERRED STOCK CLASS") (TOGETHER, THE "SETTLEMENT CLASSES").**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an order of the Court, that the Settlement Classes in the above-captioned litigation ("Action") have been preliminarily certified for the purposes of settlement only and that a settlement between (i) the Massachusetts Pension Reserves Investment Management Board and State Boston Retirement Board, as co-lead plaintiffs for the Common Stock Class, and Tennessee Consolidated Retirement System, as lead plaintiff for the Preferred Stock Class (collectively, the "Lead Plaintiffs"); (ii) Federal National Mortgage Association ("Fannie Mae"); and (iii) the Federal Housing Finance Agency, as Conservator for Fannie Mae (together with Lead Plaintiffs and Fannie Mae, the "Settling Parties"), in the amount of $170,000,000 in cash, has been proposed by the Settling Parties.

A hearing will be held before the Honorable Paul A. Crotty of the United States District Court for the Southern District of New York in the Daniel Patrick Moynihan United States

Courthouse, 500 Pearl Street, New York, NY 10007-1312 at __:___ ____.m. on

_____, 2015 to, among other things: (1) determine whether the proposed

Settlement should be approved by the Court as fair, reasonable, and adequate; (2) determine

whether, thereafter, this Action should be dismissed with prejudice as set forth in the Stipulation

and Agreement of Settlement, dated as of _____, 2014; (3) determine whether the

proposed Plan of Allocation for distribution of the settlement proceeds should be approved as

fair and reasonable; (4) consider the application(s) of Lead Counsel for awards of attorneys' fees

and payment of expenses; and (5) determine such other matters as the Court may deem

appropriate.  The Court may change the date of the hearing without providing another notice.

**IF YOU ARE A MEMBER OF THE COMMON STOCK CLASS AND/OR THE
PREFERRED STOCK CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE
PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET
SETTLEMENT FUND.**  If you have not yet received (1) the full printed Notice of (I) Proposed

Class Action Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Requests for

Awards of Attorneys' Fees and Litigation Expenses (the "Notice") and (2) a Proof of Claim and

Release form ("Proof of Claim"), you may obtain copies of these documents by contacting the

Claims Administrator:

*Fannie Mae 2008 Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
PO Box 173002
Milwaukee, WI  53217
Phone:  800-949-0192;
Email: info@FannieMae2008Litigation.com
Website: www.FannieMae2008Litigation.com

Inquiries, other than requests for information about the status of a claim, may also be

made to Lead Counsel:

2

*Lead Counsel for the Common Stock Class*

**LABATON SUCHAROW LLP**
Thomas A. Dubbs, Esq.
Louis Gottlieb, Esq.
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
www.labaton.com

**BERMAN DEVALERIO**
Glen DeValerio, Esq.
Daniel E. Barenbaum, Esq.
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300
www.bermandevalerio.com

*Lead Counsel for the Preferred Stock Class*

**KAPLAN FOX &
KILSHEIMER LLP**
Frederic S. Fox, Esq.
Donald R. Hall, Esq.
850 Third Avenue, 14th Fl.
New York, NY 10022
Tel: (212) 687-1980
www.kaplanfox.com

If you are a Member of the Settlement Classes, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim *postmarked or received no later than _____, 20___*.  In addition to mailing your Proof of Claim, you can also visit www.FannieMae2008Litigation.com to complete and file a Proof of Claim online.

To exclude yourself from the Settlement Classes, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than _____, 20__*.  If you are a Member of the Settlement Classes and do not exclude yourself, you will be bound by the Final Order and Judgment.

Any objections to the proposed Settlement, Plan of Allocation, and/or application(s) for attorneys' fees and payment of expenses must be filed with the Court and served on counsel for the Settling Parties in accordance with the instructions set forth in the Notice, so that they are *received no later than _____, 20__*.

If you are a Member of the Settlement Classes and do not timely submit a valid Proof of Claim, you will not be eligible to share in the Net Settlement Fund, but you nevertheless will be bound by the Final Order and Judgment.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Lead Counsel at the addresses listed above.

DATED: _____, 2014     BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# Exhibit 3

**FANNIE MAE 2008 SECURITIES LITIGATION**
**c/o A.B. DATA, LTD.**
**PO BOX 173002**
**MILWAUKEE, WI  53217**
**800-949-0192**
**www.FannieMae2008Litigation.com**

# PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS **POSTMARKED NO LATER THAN _____, 201__, OR FILE IT ONLINE AT WWW.FANNIEMAE2008LITIGATION.COM NO LATER THAN _____, 201__.**

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

**TABLE OF CONTENTS**                                                                                    **PAGE #**

**PART I – GENERAL INSTRUCTIONS**

**PART II – CLAIMANT INFORMATION**

**PART III – SCHEDULES OF TRANSACTIONS IN ELIGIBLE FANNIE MAE SECURITIES**
      **A.  FANNIE MAE COMMON STOCK**
      **B.  FANNIE MAE PREFERRED STOCK**
      **C.  FANNIE MAE CALL OPTIONS**
      **D.  FANNIE MAE PUT OPTIONS**

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of (I) Proposed Class Action Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Requests for Awards of Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Members of the Settlement Classes are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice and Stipulation and Agreement of Settlement, dated as of October 24, 2014 (the "Stipulation") filed with the Court and posted at www.FannieMae2008Litigation.com, also contain the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, either by mail or online, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to the following persons and entities:  (i)  all persons and entities who, between November 8, 2006 and September 5, 2008, inclusive (the "Class Period"), either on the secondary market or through an original offering pursuant to a registration statement or prospectus, (a) purchased or acquired Fannie Mae common stock and/or call options and/or (b) sold Fannie Mae common stock put options, and were thereby damaged (the "Common Stock Class"); and (ii)  all persons and entities who, during the Class Period, either on the secondary market or through an original offering pursuant to a registration statement or prospectus, purchased or acquired Fannie Mae preferred stock, and were thereby damaged (the "Preferred Stock Class") (together, the "Settlement Classes").

3.      Excluded from the Settlement Classes by definition are:  Defendants and Former Defendants; members of the immediate family of any Non-Settling Individual Defendant or Former Individual Defendant; any person who was an officer or member of the Board of Directors of Fannie Mae during the Class Period; any firm, trust, corporation, officer, or other entity in which any Defendant or Former Defendant has or had a controlling interest; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  For avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by, or are under common control with one of the Defendants or Former Defendants, and include any employee benefit plan organized for the benefit of Fannie Mae's employees.  Any Investment Vehicle (as defined in the Stipulation and Notice) shall not be deemed an excluded person or entity by definition.  Also excluded from the Settlement Classes is any person who submits a valid and timely request for exclusion in accordance with the requirements in the Notice.

4.      IF YOU ARE NOT A MEMBER OF THE COMMON STOCK CLASS AND/OR THE PREFERRED STOCK CLASS, OR IF YOU OR SOMEONE ACTING ON YOUR BEHALF SUBMITS A REQUEST FOR EXCLUSION IN CONNECTION WITH THE NOTICE, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A MEMBER OF THE SETTLEMENT CLASSES**.  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASSES (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Member of the Common Stock Class and/or the Preferred Stock Class, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM**,** unless you submit a request for exclusion in accordance with the Notice.  As

described in the Notice, the Judgment will release and enjoin the filing or continued prosecution of the Released Class Claims against the Released Defendant Parties (as defined in the Stipulation).

6. You are eligible to participate in the distribution of the Net Settlement Fund only if you are a Member of the Common Stock Class and/or Preferred Stock Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.** The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

8. Use Section III of this Claim Form entitled "SCHEDULES OF TRANSACTIONS IN ELIGIBLE FANNIE MAE SECURITIES" **to supply all required details of your transaction(s) (including free transfers) in and holdings of the Fannie Mae securities eligible to participate in the Settlement. On these schedules, please provide *all* of the requested information with respect to your holdings, purchases, acquisitions, and sales of Fannie Mae common stock, common stock call options, common stock put options, and preferred stock, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim. Please note**: Only Fannie Mae common stock, common stock call options, and preferred stock purchased/acquired (or sold, with respect to common stock put options) during the Class Period are eligible to participate in the Settlement.

9. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the Fannie Mae common stock, common stock call and put options, and preferred stock set forth in the Schedules of Transactions in Part III of this form. Documentation may consist of copies of brokerage confirmations or monthly statements. The Parties and the Claims Administrator do not independently have information about your investments in Fannie Mae common stock, common stock call and put options, or preferred stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

10. If you are a participant in any employee benefit plan(s) organized for the benefit of Fannie Mae employees ("ERISA Plans"), you should not include Fannie Mae securities held through the ERISA Plan(s) on your Claim Form. Instead, you should include on your Claim Form ONLY Fannie Mae common stock, common stock call options, and preferred stock that you purchased or acquired, or common stock put options that you sold, *outside* of the ERISA Plan(s) (*see* Notice at ¶57). Unexercised stock options issued to employees of Fannie Mae in connection with their employment are also not eligible securities for purposes of a recovery from the Settlement and should not be included on this Claim Form. If an employee stock option is exercised and Fannie Mae common stock was purchased, then, in that event, that Fannie Mae common stock would be the eligible security and should be listed on this Claim Form at the exercise price of the employee stock option.

11. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual

should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.   This Claim Form must be signed by the beneficial owner(s), or a person duly authorized to sign on the beneficial owner's(s') behalf, of the Fannie Mae securities that are being identified.  Joint beneficial owners must each sign this Claim Form.  If you (i) purchased or acquired Fannie Mae common stock, call options or preferred stock and/or (ii) sold Fannie Mae common stock put options in your name or the securities were registered on your behalf in the name of a third party, such as a nominee or brokerage firm, then you are the beneficial owner and you must sign this Claim Form to participate in the Settlement.

13.   Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)   expressly state the capacity in which they are acting;

(b)   identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner (or other person or entity on whose behalf they are acting); and

(c)   furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.   By submitting a signed Claim Form, you will be swearing that you:

(a)   own(ed) the Fannie Mae common stock, common stock call and put options, and/or preferred stock; or

(b)   are expressly authorized to act on behalf of the owner thereof.

15.   By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.   NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.FannieMae2008Litigation.com or you may email the Claims Administrator's electronic filing department at fulfillment@abdata.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at fulfillment@abdata.com to inquire about your file and confirm it was received and acceptable.

17.   If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to

the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. As referenced in the Notice, there are several billion shares of Fannie Mae securities to which claims may be submitted and, thus, the claims process could take substantial time to complete fully and fairly. Please be patient.

18.     **PLEASE NOTE**:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his/her/its *pro rata* share of the Settlement proceeds.  If the pro-rated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

19.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address or by toll-free telephone call at 800-949-0192, or you may download the documents from www.FannieMae2008Litigation.com.

# PART II – CLAIMANT INFORMATION

LAST NAME (CLAIMANT)

FIRST NAME (CLAIMANT)

Last Name (Beneficial Owner if Different From Claimant)

First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Trust/Other Entity (If Claimant Is Not an Individual)

Contact Person

Trustee/Nominee/Other

Account Number (If Claimant Is Not an Individual)

Trust Date/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City

State

Zip Code

Foreign Province

Foreign Country

Foreign Zip Code

Telephone Number (Day)

(          )          -

Telephone Number (Night)

(          )          -

Beneficial Owner's Employer Identification Number or Social Security Number [1]

Email Address (*Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.*)

IDENTITY OF CLAIMANT(S) (check only one box)

○ Individual   ○ Joint Owners   ○ Estate   ○ Corporation   ○ Trust   ○ Partnership   ○ Private Pension Fund
○ IRA, Keogh, or other type of individual retirement plan (indicate type of plan, mailing address, and name of current custodian)   ○ Legal Representative   ○ Other (specify, describe on separate sheet)

---

[1]   The taxpayer identification number (TIN), consisting of a valid Social Security number (SSN) for individuals or employer identification number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

**PART III – SCHEDULES OF TRANSACTIONS IN ELIGIBLE FANNIE MAE SECURITIES**
Failure to provide proof of all holdings, purchases, acquisitions, and sales information requested below will impede proper processing of your claim and may result in the rejection of your claim.  Please include proper documentation with your Claim Form as described in detail in Part I – General Instructions, Paragraph 10, above.

**A.     Fannie Mae Common Stock:** *Do not include information regarding securities other than Fannie Mae common stock.*

| 1. BEGINNING HOLDINGS – State the total number of shares of Fannie Mae common stock held as of the opening of trading on November 8, 2006. If none, write "0" or "Zero." (Must be documented.) _____ | | | | Proof of Holdings Enclosed ○ Y  ○ N |
|---|---|---|---|---|
| **2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD AND 90 DAY LOOKBACK PERIOD** – Separately list each and every purchase/acquisition of Fannie Mae common stock from after the opening of trading on November 8, 2006 through and including the close of trading on December 5, 2008.  (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) | Proof of Purchase Enclosed |
| /          / | | $ | $ | ○ Y   ○ N |
| /          / | | $ | $ | ○ Y   ○ N |
| /          / | | $ | $ | ○ Y   ○ N |
| /          / | | $ | $ | ○ Y   ○ N |
| **3. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of Fannie Mae common stock from after the opening of trading on November 8, 2006 through and including the close of trading on December 5, 2008.  (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) | Proof of Sale Enclosed |
| /          / | | $ | $ | ○ Y   ○ N |
| /          / | | $ | $ | ○ Y   ○ N |
| /          / | | $ | $ | ○ Y   ○ N |
| /          / | | $ | $ | ○ Y   ○ N |
| **4. ENDING HOLDINGS** – State the total number of shares of Fannie Mae common stock held as of the close of trading on December 5, 2008. If none, write "0" or "Zero." (Must be documented.) _____ | | | | Proof Enclosed ○ Y   ○ N |

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ |
|---|

**B.  Fannie Mae Preferred Stock:** *Do not include information regarding securities other than Fannie Mae preferred stock.*

| 1.  **BEGINNING HOLDINGS** – State the total number of shares of Fannie Mae preferred stock held as of the opening of trading on November 8, 2006.  If none, write "0" or "Zero." (Must be documented.) _____ | | | | Proof of Holdings Enclosed ○ Y   ○ N |
|---|---|---|---|---|
| 2.  **PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD AND 90-DAY LOOKBACK PERIOD** – Separately list each and every purchase/acquisition of Fannie Mae preferred stock from after the opening of trading on November 8, 2006 through and including the close of trading on December 5, 2008.  (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) | Proof of Purchase Enclosed |
| /        / | | $ | $ | ○ Y    ○ N |
| /        / | | $ | $ | ○ Y    ○ N |
| /        / | | $ | $ | ○ Y    ○ N |
| /        / | | $ | $ | ○ Y    ○ N |
| 3.  **SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of Fannie Mae preferred stock from after the opening of trading on November 8, 2006 through and including the close of trading on December 5, 2008.  (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) | Proof of Sale Enclosed |
| /        / | | $ | $ | ○ Y    ○ N |
| /        / | | $ | $ | ○ Y    ○ N |
| /        / | | $ | $ | ○ Y    ○ N |
| /        / | | $ | $ | ○ Y    ○ N |
| 4.  **ENDING HOLDINGS** – State the total number of shares of Fannie Mae preferred stock held as of the close of trading on December 5, 2008.  If none, write "0" or "Zero." (Must be documented.) _____ | | | | Proof of Holdings Enclosed ○ Y   ○ N |

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ |
|---|

**C. Fannie Mae Call Options:** *Do not include information regarding securities other than Fannie Mae Call Options.*

| **1. BEGINNING HOLDINGS – For each of the following,** state the total number of Fannie Mae call option contracts held as of the opening of trading on November 8, 2006.  If none, write "0" or "Zero."  - (Must be documented.) | | | | | | |
|---|---|---|---|---|---|---|
| Strike Price of Fannie Mae Call Option Contract | Number of Call Option Contracts Held | Expiration Date of Call Option Contract (MM/YY) | Strike Price of Fannie Mae Call Option Contract | | Number of Call Option Contracts Held | Expiration Date of Call Option Contract (MM/YY) |
| $ | | / | $ | | | / |
| $ | | / | $ | | | / |
| $ | | / | $ | | | / |
| $ | | / | $ | | | / |
| $ | | / | $ | | | / |
| $ | | / | $ | | | / |
| $ | | / | $ | | | / |

| **2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of Fannie Mae call option contracts from after the opening of trading on November 8, 2006 through and including the close of trading on September 5, 2008.  (Must be documented.) | | | | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|---|---|---|
| Date of Purchase (List Chronologically) (Month/Day/Year) | Strike Price of Fannie Mae Call Option Contract | Number of Call Option Contracts Purchased | Purchase Price Per Call Option Contract | Total Purchase Price (excluding taxes, commissions and fees) | Insert "E" if Exercised. Insert "X" if Expired | Exercise Date (Month/Day/Year) | Expiration Date of Call Option Contract (MM/YY) |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |

| **3. SALES DURING THE CLASS PERIOD** – Separately list each and every sale of Fannie Mae call option contracts from after the opening of trading on November 8, 2006 through and including the close of trading on September 5, 2008.  (Must be documented.) | | | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Fannie Mae Call Option Contract | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions and fees) | Insert "A" if Assigned. Insert "X" if Expired | Expiration Date of Call Option Contract (MM/YY) |
| /    / | $ | | $ | $ | | / |
| /    / | $ | | $ | $ | | / |

| | | $ | | $ | | $ | | / |
| / | / | $ | | $ | | $ | | / |

**4.  ENDING HOLDINGS – For each of the following,** state the total number of Fannie Mae call option contracts held as of the close of trading on September 5, 2008.  If none, write "0" or "Zero."  If you wrote any call options, thereby having a short position in the options, please state the total short position(s) as a negative number.  (Must be documented.)

| Strike Price of Fannie Mae Call Option Contract | Number of Call Option Contracts Held | Expiration Date of Call Option Contract (MM/YY) | Strike Price of Fannie Mae Call Option Contract | Number of Call Option Contracts Held | Expiration Date of Call Option Contract (MM/YY) |
|---|---|---|---|---|---|
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |

| |
|---|
| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ |

**D. Fannie Mae Put Options:** *Do not include information regarding securities other than Fannie Mae Put Options.*

| **1. BEGINNING HOLDINGS – For each of the following,** state the total number of Fannie Mae put option contracts held as of the opening of trading on November 8, 2006. If none, write "0" or "Zero." (Must be documented.) | | | | | |
|---|---|---|---|---|---|
| Strike Price of Fannie Mae Put Option Contract | Number of Put Option Contracts Held | Expiration Date of Put Option Contract (MM/YY) | Strike Price of Fannie Mae Put Option Contract | Number of Put Option Contracts Held | Expiration Date of Put Option Contract (MM/YY) |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |

| **2. SALES (WRITING OF PUT OPTIONS) DURING THE CLASS PERIOD** – Separately list each and every sale (writing) of Fannie Mae put option contracts from after the opening of trading on November 8, 2006 through and including the close of trading on September 5, 2008. (Must be documented.) | | | | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|---|---|---|
| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Fannie Mae Put Option Contract | Number of Put Option Contracts Sold (Wrote) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions and fees) | Insert "A" if Assigned. Insert "X" if Expired. | Assign Date (Month/ Day/Year) | Expiration Date of Put Option Contract (MM/YY) |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |

| **3. RE-PURCHASES DURING THE CLASS PERIOD** – Separately list each and every re-purchase of Fannie Mae put option contracts listed in #2 above from after the opening of trading on November 8, 2006 through and including the close of trading on September 5, 2008. (Must be documented.) | | | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|---|---|
| Date of Re-Purchase (List Chronologically) (Month/Day/Year) | Strike Price of Fannie Mae Put Option Contract | Number of Put Option Contracts Purchased | Purchase Price Per Put Option Contract | Total Purchase Price (excluding taxes, commissions and fees) | Insert "E" if Exercised. Insert X if Expired | Expiration Date of Put Option Contract (MM/YY) |
| /    / | $ | | $ | $ | | / |

| | | $ | | $ | | $ | | / |
|---|---|---|---|---|---|---|---|---|
| / | / | $ | | $ | | $ | | / |
| / | / | $ | | $ | | $ | | / |
| / | / | $ | | $ | | $ | | / |

**4.  ENDING HOLDINGS – For each of the following,** state the total number of Fannie Mae put option contracts held as of the close of trading on September 5, 2008.  If none, write "0" or "Zero." If you wrote any put options, thereby having a short position in the options, please state the total short position(s) as a negative number.  (Must be documented.)

| Strike Price of Fannie Mae Put Option Contract | Number of Put Option Contracts Held | Expiration Date of Put Option Contract (MM/YY) | Strike Price of Fannie Mae Put Option Contract | Number of Put Option Contracts Held | Expiration Date of Put Option Contract (MM/YY) |
|---|---|---|---|---|---|
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |
| $ | | / | $ | | / |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 14 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I, (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, trustees, and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Released Class Claim (as defined in the Stipulation) against the Defendants and the other Released Defendant Parties (as defined in the Stipulation), and shall forever be enjoined from prosecuting any or all of the Released Class Claims against any of the Released Defendant Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.      that I (we) have read the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Member(s) of the Common Stock Class and/or the Preferred Stock Class, as defined in the Notice and in paragraph 2 on page 2 of this Claim Form, and is (are) not excluded by definition from the Settlement Classes as set forth in the Notice and in paragraph 3 on page 2 of this Claim Form;

3.      that the claimant(s) **has (have) not** submitted a request for exclusion in connection with the Notice;

4.      that I (we) own(ed) the Fannie Mae securities identified in the Claim Form and have not assigned the claim against the Released Defendant Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions, sales, or holdings of Fannie Mae securities and knows of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, (they,) or it is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                    Date

_____

Print your name here

_____

Signature of joint claimant, if any                                 Date

_____

Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                  Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* paragraph 13 on page 4 of this Claim Form.)

THIS CLAIM FORM MUST BE POSTMARKED OR FILED ONLINE **NO LATER THAN** _____, **2014.**  IF THE CLAIM FORM IS MAILED, IT MUST BE ADDRESSED AS FOLLOWS:

**FANNIE MAE 2008 SECURITIES LITIGATION**
**c/o A.B. DATA, LTD.**
**PO BOX 173002**
**MILWAUKEE, WI  53217**

It will take a significant amount of time to fully process all of the Claim Forms.  Please be patient.

## <u>REMINDER CHECKLIST:</u>

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. If you mail the Claim Form, please remember to attach only **copies** of supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. If you mail the Claim Form, please do not send original stock certificates or documentation.  These items cannot be returned to you.

5. Please keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at **800-949-0192**.

7. You can also check the status of your claim by using the website www.FannieMae2008Litigation.com and following the instructions on the page called, "Check Status of Your Claim."  In order to do this, you must [provide a phone number on your Claim Form].

8. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.