USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-12-14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE FANNIE MAE 2008 SECURITIES : Master File No. 08 Civ. 7831 (PAC)
LITIGATION : ECF Case
:
:
:

---

# [~~PROPOSED REVISED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS *PAC* ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

WHEREAS, as of October 24, 2014, (i) Lead Plaintiffs, the Massachusetts Pension Reserves Investment Management Board ("PRIM") and State Boston Retirement Board ("SBRB"), as co-lead plaintiffs for the Common Stock Class, and Tennessee Consolidated Retirement System ("TCRS"), as lead plaintiff for the Preferred Stock Class (collectively, the "Lead Plaintiffs"), for themselves and on behalf of all persons who are Members of the Common Stock Class and/or Preferred Stock Class, respectively, (collectively, the "Plaintiffs"), on the one hand, and (ii) Defendant Federal National Mortgage Association ("Fannie Mae" or the "Settling Defendant"); and (iii) the Federal Housing Finance Agency ("FHFA"), as Conservator for Fannie Mae, (collectively, Lead Plaintiffs, Fannie Mae, and FHFA are referred to herein as the "Settling Parties"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Second Amended Joint Consolidated Class Action Complaint, filed on March 2, 2012, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and its exhibits, and Lead Plaintiffs' application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement in accordance with the Stipulation; and

WHEREAS, the Settling Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 12th day of November, 2014 that:

1. The Court preliminarily finds the Settlement set forth in the Stipulation to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Common Stock Class consisting of: all Persons who, during the Class Period, either on the secondary market or through an original offering pursuant to a registration statement or prospectus: (a) purchased or acquired Fannie Mae common stock and/or call options and/or (b) sold Fannie Mae common stock put options, and were thereby damaged. Excluded from the Common Stock Class are (i) Defendants and Former Defendants; (ii) members of the immediate family of any Non-Settling Individual Defendant or Former Individual Defendant; (iii) any person who was an officer or member of the Board of Directors of Fannie Mae during the Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant or Former Defendant has or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-

interest, or assigns of any such excluded party. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants or Former Defendants, and include any employee benefit plan organized for the benefit of Fannie Mae's employees. Former Underwriter Defendants and their affiliates shall be excluded solely with regard to the securities held solely on behalf of, or for the benefit of, their own account(s) (*i.e.*, accounts in which they hold a proprietary interest). Any Investment Vehicle (as defined in the Stipulation and Notice) shall not be deemed an excluded person or entity by definition. Also excluded from the Common Stock Class is any Person who submits a valid and timely request for exclusion in accordance with the requirements set forth in the court-approved Notice.

3. The Court also hereby certifies for the purposes of the Settlement only, the Preferred Stock Class consisting of: all Persons who, during the Class Period, either on the secondary market or through an original offering pursuant to a registration statement or prospectus purchased or acquired Fannie Mae preferred stock, and were thereby damaged. Excluded from the Preferred Stock Class are (i) Defendants and Former Defendants; (ii) members of the immediate family of any Non-Settling Individual Defendant or Former Individual Defendant; (iii) any person who was an officer or member of the Board of Directors of Fannie Mae during the Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant or Former Defendant has or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants or Former Defendants, and include any employee benefit plan organized

for the benefit of Fannie Mae's employees. Former Underwriter Defendants and their affiliates shall be excluded solely with regard to the securities held solely on behalf of, or for the benefit of, their own account(s) (*i.e.*, accounts in which they hold a proprietary interest). Any Investment Vehicle (as defined in the Stipulation and Notice) shall not be deemed an excluded person or entity by definition. Also excluded from the Preferred Stock Class is any Person who submits a valid and timely request for exclusion in accordance with the requirements set forth in the court-approved Notice.

4. The Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Classes defined herein and for the purposes of the Settlement only, in that:

(a) the Members of the Common Stock Class are so numerous that joinder of all is impracticable;

(b) the Members of the Preferred Stock Class are so numerous that joinder of all is impracticable;

(c) there are questions of law and fact common to the Members of the Common Stock Class;

(d) there are questions of law and fact common to the Members of the Preferred Stock Class;

(e) the claims of Lead Plaintiffs SBRB and PRIM are typical of the Common Stock Class's claims;

(f) the claims of Lead Plaintiff TCRS are typical of the Preferred Stock Class's claims;

(g)  Lead Plaintiffs SBRB and PRIM and Co-Lead Counsel Labaton Sucharow LLP and Berman DeValerio have fairly and adequately represented and protected the interests of the Common Stock Class;

(h)  Lead Plaintiff TCRS and Lead Counsel Kaplan Fox & Kilsheimer LLP have fairly and adequately represented and protected the interests of the Preferred Stock Class;

(i)  the questions of law and fact common to Common Stock Class Members predominate over any individual questions;

(j)  the questions of law and fact common to Preferred Stock Class Members predominate over any individual questions;

(k)  a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Common Stock Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Common Stock Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Common Stock Class Members in individually controlling the litigation of their claims; and

(l)  a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Preferred Stock Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Preferred Stock Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant

interest among Preferred Stock Class Members in individually controlling the litigation of their claims.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs SBRB and PRIM are certified as Class Representatives for the Common Stock Class. The law firms of Labaton Sucharow LLP and Berman DeValerio are appointed Class Counsel for the Common Stock Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff TCRS is certified as Class Representative for the Preferred Stock Class. The law firm of Kaplan Fox & Kilsheimer LLP is appointed Class Counsel for the Preferred Stock Class.

7. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _March 3_, 2015, at _3: p_ .m. in Courtroom 14-C, 500 Pearl St for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Judgment as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Classes of the Released Class Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c) to determine, for purposes of the Settlement only, whether the Settlement Classes should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for their respective class; and whether the law firms of Labaton Sucharow LLP,

6

Berman DeValerio, and Kaplan Fox & Kilsheimer should be finally appointed as Class Counsel for their respective class;

    (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

    (e) to consider Lead Counsel's request(s) for awards of attorneys' fees and expenses (which may include applications for awards to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Classes, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

    (f) to rule upon such other matters as the Court may deem appropriate.

8. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Classes of any kind. The Court further reserves the right to enter the Judgment regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to Members of the Settlement Classes.

9. The Court approves the form, substance and requirements of the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 3, respectively.

10. The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before fifteen (15) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Members of the Settlement Classes who can be identified with reasonable effort. Fannie Mae, to the extent it has not already done so, shall use its best effort to provide to Lead Counsel, or the Claims

Administrator, no later than five (5) business days after entry of this Preliminary Approval Order, shareholder lists that Fannie Mae possesses containing the names and addresses of the purchasers of Fannie Mae common stock and/or preferred stock during the Class Period.

11. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons who purchased or otherwise acquired the common stock, call options, or preferred stock of Fannie Mae, or sold Fannie Mae common stock put options, during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (ii) request additional copies of the Notice and Proof of Claim from the Claims Administrator, and within seven (7) calendar days of receipt of such copies send them by first-class mail directly to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed and shall retain a record of the names and addresses used in the mailing. Additional copies of the Notice and Proof of Claim shall be made available by the Claims Administrator to any record holder requesting them for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

12. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

13. The Court approves the form of the Summary Notice substantially in the form annexed hereto as Exhibit 2, and directs that Lead Counsel cause the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

14. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Member of the Settlement Classes shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 3, must be submitted to the Claims Administrator, either online at the website indicated in the Notice or by mail at the address indicated in the Notice, and postmarked or received no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court order or by Lead Plaintiffs in their discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) provided such Proof of Claim is actually received prior to the filing of a motion for an order of the Court approving distribution of the Net Settlement

9

Fund. Any Proof of Claim submitted online or in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Member of the Settlement Classes who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 17 of this order.

(b) The Proof of Claim submitted by each Member of the Settlement Classes must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of that Person's current authority to act on behalf of the Member of the Settlement Classes must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletion or modification of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Member of the Settlement Classes shall submit to the jurisdiction of the Court with respect to the claim submitted.

16. Any Member of the Settlement Classes may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any

Member of the Settlement Classes does not enter an appearance, he, she or it will be represented by Lead Counsel for his, her, or its respective settlement class.

17. Members of the Settlement Classes shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion in a timely and proper manner, as hereinafter provided. A putative Member of the Common Stock Class and a putative Member of the Preferred Stock Class wishing to make such an exclusion request from their respective class shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than sixty (60) calendar days after the Notice Date. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Common Stock Class and/or the Preferred Stock Class in *In re Fannie Mae 2008 Sec. Litig.*, No. 08-7831 (S.D.N.Y.)" and must be signed by such Person. Such Persons requesting exclusion are also required to state the information requested in the Notice, including, but not limited to: the date(s), price(s), number(s), and type(s) of securities purchased, acquired, and sold of Fannie Mae during the Class Period, and the amount of holdings of these securities. The request for exclusion shall not be effective unless it provides all of the required information in the manner set forth above, and is made within the time stated above and in the Notice, or the exclusion is otherwise accepted by the Court. Persons who are Members of both the Common Stock Class and the Preferred Stock Class and who request exclusion from one or both classes will be excluded from both classes.

18. Putative Members of the Common Stock Class requesting exclusion shall not be eligible to receive any payment out of the portion of the Net Settlement Fund allocable to the

Common Stock Class, as described in the Stipulation and Notice. Putative Members of the Preferred Stock Class requesting exclusion shall not be eligible to receive any payment out of the portion of the Net Settlement Fund allocable to the Preferred Stock Class, as described in the Stipulation and Notice. Persons who are Members of both the Common Stock Class and the Preferred Stock Class and who request exclusion from one or both classes shall not be eligible to receive any payment out of the Net Settlement Fund.

19. The Court will consider any Member of the Settlement Classes's objection to the Settlement, the Plan of Allocation, and/or the application(s) for awards of attorneys' fees or expenses only if such Person has served by hand or by mail his, her or its written objection and supporting papers such that they are received on or before sixty (60) calendar days after the Notice Date, upon Lead Counsel: Thomas A. Dubbs and Louis Gottlieb, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, Glen DeValerio and Daniel E. Barenbaum, Berman DeValerio, One Liberty Square, Boston, MA 02109, and Frederic S. Fox and Donald Hall, Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Fl., New York, NY 10022; Fannie Mae's Counsel: Jeffrey W. Kilduff, O'Melveny & Myers, 1625 Eye Street, N.W., Washington, D.C., 20006; and FHFA's Counsel: Joseph J. Aronica, Duane Morris LLP, 505 9th Street, N.W. Suite 1000, Washington, DC 20004, and has filed said objections and supporting papers with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. Any Member of the Settlement Classes who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request(s) for awards of attorneys' fees and expenses, unless otherwise ordered by the

Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary; however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application(s) for awards of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application(s) for awards of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Members of the Settlement Classes do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Members of the Settlement Classes, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Class Claims against the Released Defendant Parties.

21. Prior to the Effective Date, Lead Counsel may pay the Claims Administrator, as set forth in the Stipulation, the reasonable fees and costs associated with giving notice to the Settlement Classes and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

22. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request(s) for awards of attorneys' fees and expenses shall be filed with the Court and served on or before forty-three (43) calendar days after the Notice Date. If reply papers are necessary, they

are to be filed with the Court and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

23. The passage of title and ownership of the Settlement Fund to the Escrow Agents in accordance with the terms and obligations of the Stipulation is approved. No Person who is not a Member of the Settlement Classes or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

25. Neither the Settling Defendant, the Non-Settling Individual Defendants, FHFA, nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

26. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action as of May 29, 2014.

27. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

New York, N.Y.
November 12, 2014

*So Ordered*

*Paul A. Crotty*
USDJ

14